# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| CHANNING HUTCHINS, <br><br> Plaintiff, <br><br> vs. <br><br> FRONTIER AIRLINES, INC., and PALM BEACH COUNTIES DEPARTMENT OF AIRPORTS, and PALM BEACH COUNTY SHERIFF OFFICE <br><br> Defendants | CIVIL ACTION NO. |

### DEFENDANT FRONTIER AIRLINES INC.'S NOTICE OF REMOVAL

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), pursuant to 28 U.S.C. §§1331, 1441, and 1446, hereby removes the above-captioned civil action in its entirety from the Circuit Court of Fifteenth Judicial Circuit in Palm Beach County, Florida to the United States District Court for the Southern District of Florida based on federal question jurisdiction. In support of its Notice of Removal, Frontier states as follows:

1. This is an action arising out of the purported wrongful removal of Plaintiff Channing Hutchins from Frontier flight #257, which was a scheduled flight from Palm Beach, Florida (PBI) to Columbus, Ohio (CMH) on or about January 14, 2019.

2. On January 6, 2023, Plaintiff filed his Complaint against Frontier, Palm Beach Counties Department of Airports, and Palm Beach County Sheriff Office in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida, asserting a myriad of claims rooted in federal law, including: (1) racial discrimination pursuant to 42 U.S.C. § 1981; (2) racial discrimination pursuant to 42 U.S.C. § 2000(d); (3) loss of freedom pursuant to 10 U.S.C. § 897; (4) first Amendment violations pursuant to 42 U.S.C. § 1988;

(5) interference with constitutional rights per 10 U.S.C. § 235; (6) violation of equal protection rights per 42 U.S.C. § 1983; (7) false accusation per 18 U.S.C. § 287; (8) violation of the Federal Tort Claims Act per 28 U.S.C. § 2672; and (9) breach of contract pursuant to 41 U.S.C. § 6503. A copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

3. Frontier was served with the Complaint on January 12, 2023. See *id.* Thus, this Notice of Removal is timely under 28 U.S.C. §1446(b), within thirty (30) days from when Defendant received a copy of "an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

4. 28 U.S.C. § 1331 grants original jurisdiction to the district court "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The 11th Circuit has repeatedly held that "removal jurisdiction based on federal question is governed by the well-pleaded complaint rule," which asserts that the face of Plaintiff's complaint must state a federal question. *Ervast v. Flexible Prods. Co.*, 346 F. 3d 1007, 1012 (11th Cir. 2003); *Escala v. Victoria's Secret Stores, LLC,* 727 F. Supp. 2d 1350, 1352 (S.D. Fla. 2009). Here, Plaintiff asserts a multitude of claims that allege violations of federal law, including racial discrimination, First Amendment safeguards, and equal protection rights as well as seeking civil penalties regarding the same. In fact, Plaintiff admits in his Complaint that the district courts have original jurisdiction in accordance with 28 U.S.C. §§ 1441 and 1331. *See* Ex. A, at p. 3.

5. Federal courts additionally maintain supplemental jurisdiction over state law claims when they are so related to the claims in the action that they form part of the same case or controversy. 28 U.S.C. § 1367(a). This standard has been interpreted by courts to confer supplemental jurisdiction over all state claims "which arise out of a common nucleus of operative fact" with the federal claim(s). *Parker v. Scrap Metal Processors, Inc.*, 468 F.

3d 733, 743 (11th Cir. 2006). The 11th Circuit has acknowledged that "under the language of section 1367, whenever a federal court has supplemental jurisdiction under section 1367(a), that jurisdiction should be exercised unless section 1367(b) or (c) applies." *Palmer v. Hospital Auth.*, 22 F. 3d 1559, 1569 (11th Cir. 1994). Factors such as judicial economy, fairness to parties, and whether all the claims would be expected to be tried together may be considered by the court. *Id.*

6. Plaintiff's state law claims for negligence; intentional and negligent infliction of emotional distress; perjury; and wrongful removal all arise out of the same set of operative facts: Plaintiff's removal from Frontier flight #257. *See* Ex. A. Thus, the Court retains supplemental jurisdiction over Plaintiff's claims based in Florida law.

7. The United States District Court of the Southern District of Florida is the federal court embracing the Circuit Court of Fifteenth Judicial Circuit, Palm Beach County, which is the place where the original action was filed. Thus, Frontier properly seeks to remove this action to this Court. See 28 U.S.C. § 1441(a).

8. To date, Frontier has not been provided proof that the other named Defendants, Palm Beach Counties Department of Airports, and Palm Beach County Sheriff Office, have been served in this action. Consequently, Co-Defendants` consent to removal is not required at this juncture. *See Johnson v. Wellborn*, 418 F. App`x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served.")

9. Pursuant to 28 U.S.C. § 1446(a), Frontier has attached copies of all process and pleadings served upon it in the State Court record. *See* **Exhibit B.**

10. Pursuant to 28 U.S.C. § 1446(d), Frontier will promptly serve a copy of this Notice of Removal on Plaintiff and will promptly file a Notice of Filing of this Notice of

Removal with the Clerk of the Fifteenth Judicial District of the State of Florida, Palm County.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. hereby removes this action from Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida.

Dated: February 8, 2023

                                            Respectfully submitted,

/s/ Juan R. Serrano

Juan Serrano, Esq.

Florida Bar No.: 319510
GRIFFIN & SERRANO, PA
707 S.E. 3rd Avenue, 6th Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 462-4002
Fax: (954) 462-4009
jserrano@griffinserrano.com

Brian T. Maye
(seeking *pro hac vice* admission)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Fax:    (312) 345-9860
Email: bmaye@amm-law.com
Firm ID: 32597

*Counsel for Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY that a true copy of the foregoing document has been electronically filed and sent to Plaintiff through Clerk of the U.S. District Court for the Southern District of Florida by using the CM/ECF system on this 8th day of February, 2023: Channing Hutchins, 6921 Breckwood Drive, Huber Heights, Ohio 45424, Telephone: (206) 504-6072, Email: channinghutchins@gmail.com.