# JOSEPH ABRUZZO
### CLERK OF THE CIRCUIT COURT & COMPTROLLER
### PALM BEACH COUNTY

**CASE NUMBER: 50-2023-CA-000107-XXXX-MB**
**CASE STYLE: HUTCHINS, CHANNING V FRONTIER AIRLINES INC**

| Search Criteria | Search Results | Case Info | Party Names | Dockets & Documents | Case Fees | Court Events |
|---|---|---|---|---|---|---|

View documents and order certified copies*. See our eCaseView FAQ for step-by-step guidance and information about what documents are available online.

*The Social Security office does not accept electronic certified documents. Any certified copy needed for a name change or benefits with the Social Security office will need to be obtained by mail or in person from one of our office locations.

**Document Icons**

Document available. Click icon to view.
Add a certified copy of the document to your shopping cart.
Document is Viewable on Request (VOR). Click to request.
VOR document is being reviewed. Click to be notified when available.

**0**

Public = 🗎          VOR = 🔒          In Process = ⏱          Page Size: 25

| | | Docket Number | Effective Date | Description | Notes |
|---|---|---|---|---|---|
| 🗎 | 🛒 | 2 | 01/06/2023 | CIVIL COVER SHEET | |
| 🗎 | 🛒 | 3 | 01/06/2023 | EMERGENCY MOTION | F/B PLT (SENT UP TO AG DIVISION 1/9) |
| 🗎 | 🛒 | 4 | 01/06/2023 | COMPLAINT | FOR DAMAGES AND INJURIES F/B PLT |
| 🗎 | 🛒 | 5 | 01/06/2023 | SUMMONS ISSUED | channinghutchins@outlook.com AS TO FRONTIER AIRLINES INCORPORATED E FILED |
| 🗎 | 🛒 | 6 | 01/06/2023 | SUMMONS ISSUED | channinghutchins@outlook.com PALM BEACH COUNTIES DEPARTMENT OF AIRPORTS E FILED |
| 🗎 | 🛒 | 7 | 01/06/2023 | SUMMONS ISSUED | channinghutchins@outlook.com AS TO PALM BEACH COUNTY SHERIFF OFFICE E FILED |
| 🗎 | 🛒 | 8 | 01/06/2023 | APPL AND AFF OF INDIGENCY | F/B PLT |
| | | 1 | 01/09/2023 | DIVISION ASSIGNMENT | AG: Circuit Civil Central - AG (Civil) |
| 🗎 | 🛒 | 9 | 01/09/2023 | APPL AND AFF OF INDIGENCY | F/B CHANNING HUTCHINS (SEE DOCKET ENTRY 8) |
| 🗎 | 🛒 | 10 | 01/09/2023 | SUMMONS ISSUED | channinghutchins@outlook.com TO FRONTIER AIRLINES INCORPORATED EFILED |
| 🗎 | 🛒 | 11 | 01/11/2023 | SERVICE RETURN- NOT SERVED | SUMMONS RETURNED NOT USED AS TO FRONTIER AIRLINES INCORPORATED F/B PLT |

| | | 12 | 01/11/2023 | APPL AND AFF OF INDIGENCY | F/B PLT |
|---|---|---|---|---|---|
| | | 13 | 01/13/2023 | SERVICE RETURNED (NUMBERED) | FRONTIER AIRLINES INC ON 1/12/2023 - SERVED |
| | | 14 | 01/13/2023 | MOTION FOR EXTENSION OF TIME | F/B PLT CHANNING HUTCHINS PRO SE |
| | | 15 | 02/02/2023 | MOTION FOR EXTENSION OF TIME | MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT F/B DFT FRONTIER AIRLINES, INC. |
| | | 16 | 02/02/2023 | NOTICE OF APPEARANCE CIVIL | AND DESIGNATION OF EMAIL F/B ATTY CECILIA TORELLO OBO DFT FRONTIER AIRLINES |
| | | 17 | 02/02/2023 | NOTICE OF APPEARANCE CIVIL | AND DESIGANTION OF EMAIL F/B ATTY CECILIA TORELLO OBO DFT FRONTIER AIRLINES INC |
| | | 18 | 02/03/2023 | NOTICE OF HEARING | NOTICE OF HEARING 02/16/2023 08:45:00 AM |
| | | 19 | 02/03/2023 | MOTION FOR DEFAULT | F/B PLT CHANNING HUTCHINS, PRO SE |
| | | 20 | 02/07/2023 | MOTION FOR DEFAULT | CLERK - AGAINST RESPONDENT F/B PLT, CHANNING HUTCHINS (PRO SE) |
| | | 21 | 02/07/2023 | NOTICE OF DEFAULT NOT ENTERED | CHANNINGHUTCHINS@OUTLOOK.COM NAME OF DEFENDANT NOT ENTERED ON MOTION FOR DEFAULT |
| | | 22 | 02/07/2023 | NOTICE OF DEFAULT NOT ENTERED | CHANNINGHUTCHINS@OUTLOOK.COM NO DEFENDANT NAMED ON MOTION FOR DEFAULT |
| | | 23 | 02/07/2023 | MOTION FOR DEFAULT | CLERK - AGAINST FRONTIER AIRLINES INCORPORATED F/B PLT (PRO SE) |

517-4d028d88-782c-45b2-91f4-15ae4982e1e6

IN THE CIRCUIT/COUNTY COURT OF THE ___Florida___ JUDICIAL CIRCUIT
IN AND FOR __Palm Beach__ COUNTY, FLORIDA

Channing Hutchins
_____     CASE NO._____
Plaintiff/Petitioner or In the Interest of
vs.

Frontier Airlines
_____
Defendant//Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable up to 1 year in jail or up to $1,000 in fines, as provided in s.775.082, F.S. or s. 775.083, F.S. **I attest that the information provided on this application is true and accurate to the best of my knowledge.**

Signed on __January 06__, 20 _23_.                    _____
                                                      Signature of Applicant for Indigent Status
__11/08/1987__     __1054__                           Print Full Legal Name: __Channing Hutchins__
Year of Birth    Last 4 digits of Driver License or ID Number
Email address: __CHANNINGHUTCHINS@OUTLOOK.COM__       Phone Number/s: __(305) 462-5146__

__6921 Breckenwood Drive, Dayton, Ohio 45424__
Address: Street, City, State, Zip Code

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. **I have** _0_ **dependents.** *(Do not include children not living at home and do not include a working spouse or yourself.)*
2. **My take home pay is $** __16128__ paid ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☑ yearly ☐ other _____.
   *Include cash payments. Include only your "net" pay. Your take home pay (net income) is your total salary and wages minus deductions required by law, including court-ordered support payments.*
3. **I have other income** paid ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other _____.
   *(Check "Yes" and fill in the amount if you have this kind of income, otherwise check "No")*

Social Security benefits ..........◯Yes $_____ ◉No   Workers compensation ....................◯Yes $_____ ◉No
Unemployment compensation ◯Yes $_____ ◉No          Regular support from
Union payments.....................◯Yes $_____ ◉No      absent family members...................◯Yes $_____ ◉No
Retirement/pensions...............◯Yes $_____ ◉No   Rental income .............................◯Yes $_____ ◉No
Trusts ...................................◯Yes $_____ ◉No   Dividends or interest .........................◯Yes $_____ ◉No
Veterans' benefits..................◯Yes $_____ ◉No   Other kinds of income not on the list .◯Yes $_____ ◉No

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. **I have other assets:** *(Check "yes" and fill in the value of the property, otherwise check "No")*
Cash ....................................◯Yes $_____ ◉No   Bank/Savings account.........................◯Yes $ 2_____ ◉No
Car/Motor Vehicle*...............◯Yes $ 1500_ ◉No         Stocks/bonds/Certificates of Deposit ..◯Yes $_____ ◉No
Money market accounts..........◯Yes $_____ ◉No   Homestead real estate .......................◯Yes $_____ ◉No
Boats/other tangible property* ◯Yes $_____ ◉No   Non-homestead real estate*...............◯Yes $_____ ◉No
*show loans on these assets in paragraph 5           Other assets*.....................................◯Yes $_____ ◉No

**Check one:** I ◯ DO/ ◉ DO NOT expect to receive more assets in the near future. The asset and value is _____.

5. **I have total liabilities and debts in the amount of $** __151000__. I have loan balances on assets in paragraph 4:
   Car/Motor Vehicle $ __1000__; Homestead $ _0_____; Non-homestead real estate $ _0____; Boat $ _0____;
   Other tangible property (identify here) _0_____ and loan balance $ __150000__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be ◉ Indigent ◯ Not Indigent, according to s. 57.082, F.S.
Dated on _____, 20 ____.          _____
                                                    Clerk of the Circuit Court
                                                    By _____, Deputy Clerk

APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.
Sign here if you want the judge to review the clerk's decision _____

NOT A CERTIFIED COPY

Updated 4/2/2021

**CIRCUIT COURTS OF FLORIDA**
IN THE FIFTEENTH JUDICIAL CIRCUIT COURT OF PALM BEACH COUNTY

MR. CHANNING HUTCHINS,

Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

PALM BEACH COUNTIES DEPARTMENT OF
AIRPORTS

PALM BEACH COUNTY SHERIFF OFFICE

Defendant

**SUMMONS IN A CIVIL ACTION**

TO: (Defendants name and address)

Frontier Airlines Incorporated
*Attn: Corporation Service Company*
*1201 Hays Street*
*Tallahassee, Florida 32301-2525*

A lawsuit has been filed against you.

You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Mr. Channing Hutchins
6921 Breckenwood Drive
Dayton, Ohio 45424
(305) 462-5146

If you fail to respond, judgement by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

**JOSEPH ABRUZZO**

Signature of Clerk or Deputy Clerk

*Lisa Spam*

Date: 01/11/2023

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____    /

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

_____

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____
Administrative Circuit Judge

This notice is provided pursuant to Administrative Order No. 2.207-9/12

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

IN THE CIRCUIT/COUNTY COURT OF THE ___Florida___ JUDICIAL CIRCUIT
IN AND FOR __Palm Beach__ COUNTY, FLORIDA

Channing Hutchins _____     CASE NO._____
Plaintiff/Petitioner or In the Interest of
                                        vs.
Frontier Airlines _____
Defendant//Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable up to 1 year in jail or up to $1,000 in fines, as provided in s.775.082, F.S. or s. 775.083, F.S. **I attest that the information provided on this application is true and accurate to the best of my knowledge.**

Signed on __January 06__, 20_23_.

__11/08/1987__   __1054__                        Signature of Applicant for Indigent Status
Year of Birth   Last 4 digits of Driver License or ID Number   Print Full Legal Name: __Channing Hutchins__
Email address: __CHANNINGHUTCHINS@OUTLOOK.COM__     Phone Number/s: __(305) 462-5146__

__6921 Breckenwood Drive, Dayton, Ohio 45424__
Address: Street, City, State, Zip Code

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have __0__ dependents. *(Do not include children not living at home and do not include a working spouse or yourself.)*

2. **My take home pay is $** __16128__ paid ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☑ yearly ☐ other _____.
   *Include cash payments. Include only your "net" pay. Your take home pay (net income) is your total salary and wages minus deductions required by law, including court-ordered support payments.*

3. **I have other income paid** ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☐ other _____.
   *(Check "Yes" and fill in the amount if you have this kind of income, otherwise check "No")*

| | | |
|---|---|---|
| Social Security benefits ☐Yes $_____ ⊙No | Workers compensation ☐Yes $_____ ⊙No |
| Unemployment compensation ☐Yes $_____ ⊙No | Regular support from |
| Union payments ☐Yes $_____ ⊙No | absent family members ☐Yes $_____ ⊙No |
| Retirement/pensions ☐Yes $_____ ⊙No | Rental income ☐Yes $_____ ⊙No |
| Trusts ☐Yes $_____ ⊙No | Dividends or interest ☐Yes $_____ ⊙No |
| Veterans' benefits ☐Yes $_____ ⊙No | Other kinds of income not on the list ☐Yes $_____ ⊙No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. **I have other assets:** *(Check "yes" and fill in the value of the property, otherwise check "No")*

| | | |
|---|---|---|
| Cash ☐Yes $_____ ⊙No | Bank/Savings account ☐Yes $ 2 ⊙No |
| Car/Motor Vehicle* ☐Yes $ 1500 ⊙No | Stocks/bonds/Certificates of Deposit ☐Yes $_____ ⊙No |
| Money market accounts ☐Yes $_____ ⊙No | Homestead real estate ☐Yes $_____ ⊙No |
| Boats/other tangible property* ☐Yes $_____ ⊙No | Non-homestead real estate* ☐Yes $_____ ⊙No |
| *show loans on these assets in paragraph 5 | Other assets* ☐Yes $_____ ⊙No |

**Check one:** I ☐ DO/ ⊙ DO NOT expect to receive more assets in the near future. The asset and value is _____.

5. **I have total liabilities and debts in the amount of $** __151000__. I have loan balances on assets in paragraph 4:
   Car/Motor Vehicle $ __1000__; Homestead $ __0__; Non-homestead real estate $ __0__; Boat $ __0__;
   Other tangible property (identify here) __0__ and loan balance $ __150000__

## CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be ⊙ Indigent ☐ Not Indigent, according to s. 57.082, F.S.

Dated on __Jan 09 2023__, 20 ____.

Joseph Abruzzo
Clerk of the Circuit Court
By __Maliha Ali__, Maliha Ali Deputy Clerk

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.**
Sign here if you want the judge to review the clerk's decision _____

## CIRCUIT COURTS OF FLORIDA
## IN THE FIFTEENTH JUDICIAL CIRCUIT COURT OF PALM BEACH COUNTY

**MR. CHANNING HUTCHINS**

*Plaintiff(s) / Petitioner(s)*

v.

**FRONTIER AIRLINES, INC., PALM BEACH COUNTIES
DEPARTMENT OF AIRPORTS, and PALM BEACH COUNTY
SHERIFF OFFICE**

*Defendant(s) / Respondent(s)*

Case No.: 50-2023-CA-000107-XXXX-MB

## **AFFIDAVIT OF SERVICE**

I, J Lee Vause, Jr., being duly sworn, state:

I am 18 years or older and not a party to this action.

I am a certified or appointed process server in the county in which this defendant or witness was served.

I received the following documents on January 11, 2023 at 7:16 pm. I served these documents with my initials, identification number, and the date and hour of service endorsed thereon on Frontier Airlines Inc in Leon County, FL on January 12, 2023 at 11:27 am at 1201 Hays St, Tallahassee, FL 32301 by leaving the following documents with Britany Doty who as Clerk at Corporation Service Company is authorized by appointment or by law to receive service of process for Frontier Airlines Inc.

Case Information
Summons in a Civil Action
Complaint for Damages and Injuries

Additional Description:
CORPORATE SERVICE: I served and explained the contents to an employee of the registered agent company pursuant to F.S. 48.081(3)(a)

I delivered the documents to Britany Doty, Clerk for Registered Agent Corporation Service Company.

White Female, est. age 25, glasses: N, Brown hair, 120 lbs to 140 lbs, 5' 6" to 5' 9".
Geolocation of Serve: http://maps.google.com/maps?q=30.4424552,-84.262791
Photograph: See Exhibit 1

I DECLARE UNDER PENALTY OF PERJURY THAT I HAVE READ THE FOREGOING AFFIDAVIT OF SERVICE, AND THE FACTS HEREIN ARE TRUE AND CORRECT. Notary not required pursuant to Florida Statute 92.525.

/s/ J Lee Vause, Jr.

Executed in ___Wakulla County___,

___FL___ on ___1/12/2023___.

Signature
J Lee Vause, Jr.
081
(850) 510-2797
221 W Park Ave, Tallahassee, FL 32302

NOT A CERTIFIED COPY

# Exhibit 1



Exhibit 1a)

**CIRCUIT COURTS OF FLORIDA**
IN THE FIFTEENTH JUDICIAL CIRCUIT COURT OF PALM BEACH COUNTY

MR. CHANNING HUTCHINS,

Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

PALM BEACH COUNTIES DEPARTMENT OF
AIRPORTS

PALM BEACH COUNTY SHERIFF OFFICE

Defendant

**SUMMONS IN A CIVIL ACTION**

TO: (Defendants name and address)

Frontier Airlines Incorporated
*Attn: Corporation Service Company*
*1201 Hays Street*
*Tallahassee, Florida 32301-2525*

A lawsuit has been filed against you.

You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Mr. Channing Hutchins
6921 Breckenwood Drive
Dayton, Ohio 45424
(305) 462-5146

If you fail to respond, judgement by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

**JOSEPH ABRUZZO**

Signature of Clerk or Deputy Clerk

*Lisa Spam*

Date:  01/11/2023

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____ /

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____
**Administrative Circuit Judge**

This notice is provided pursuant to Administrative Order No. 2.207-9/12

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oido o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

July 05, 2005

THE CONTACT INFORMATION
FOR THE LEGAL CASE WILL
REMAIN THE PLAINTIFF, UNTIL
AND IF, AN APPOINTED COUNSEL
RESUMES

UNITED STATES MIDDLE DISTRICT COURT

FIFTEENTH JUDICIAL CIRCUIT COURT

MR. CHANNING HUTCHINS,                          Case No.:

          Plaintiff,

vs.                                             **COMPLAINT FOR DAMAGES AND INJURIES**
                                                **pursuit to 49 U.S.C. § 40127(a), 28 U.S.C. 2672, 18 U.S.**
                                                **Code § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, Title**
FRONTIER AIRLINES, INC.,                        **XLIV: Chapter 760, Title VI, 42 U.S.C. § 200, Title VI,**
                                                **42 U.S.C. § 2000d, F.S § 836.012.**
PALM BEACH COUNTIES DEPARTMENT OF
AIRPORTS

PALM BEACH COUNTY SHERIFF OFFICE



          Defendant

IN THE SUPERIOR COURT OF THE STATE OF FLORIDA

FIFTEENTH JUDICIAL CIRCUIT COURT-UNLIMITED JURISDICTION

## **INTRODUCTION**

Federal law allows U.S. and foreign airlines to refuse to transport a passenger if the airline determines that the

passenger is, or might be, a threat to safety or security.  The determination may be made by the pilot in command of

the flight (or other airline personnel such as a Ground Security Coordinator). Decisions cannot be arbitrary,

according to the Department of Transportation (hereinafter DOT), Office of the General Counsel, Office of Aviation

Enforcement and Proceedings, Washington, D.C.

Passengers' Right to Fly Free from Discrimination. (49 U.S.C. § 40127(a).

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 1

1   We should be able to agree that an unpleasant smell does not have a significant level of risk that would permit nearly

2   twenty (20), sheriff officers for a cooperative passenger.  You can only imagine the mental anguish, anxiety and

3   induced fears by this non-discrete disturbance that was caused because of the false allegation by the airline

4   employee(s).  The DOT has a policy and procedure that only permits for the removal of a passenger to be solely

5   based on one of two grounds, (1) safety and (2) security reasons; But the airline has the responsibility to conduct a

6   reasonable inquiry into the facts supporting a safety issue, as the Transportation Security Administration, solely and

7   only, handles security issues.  A passenger's race, color, national origin, religion, sex (including gender identity and

8   sexual orientation), or ancestry may not be the determinative factor in a commercial airline's decision to deny

9   boarding or remove a passenger from a flight.

10

11   The Civil Rights Act of 1964 has been readily available, accessible, and permits the common theory of

12   acknowledgment, by the legality of conducting business in the United States of America, and Frontier Airlines has

13   been travelling domestically in the U.S. for 27 years. It has been reserved by the people of this country to adhere to

14   the civil liberties, and the accompanying equal protection mandated with the Power of the Congress, as noted in the

15   Civil Rights Act.  This article has exemplified equal rights through a group of protected classes, distinguished by

16   personal characteristics, and identity dynamics that are enforced through enumerated writings that are legally

17   binding; But, Constitutionally, Frontier Airlines disregarded because of the "right to travel being violated;" And

18   furthermore, the legal act mandates that prejudicial treatment is forbidden on the basis of race or color.   The law

19   enforcement confirmed that they did not smell the alleged odor; However, the plaintiff was still denied the right to

20   fly on his flight; And, further scrutiny, persisted.

21

22   Dated on February 27, 2001, President Bush, declared before a joint session of Congress that racial profiling "is

23   wrong and we will end it in America." (End Racial Profiling Act of 2001-ERPA) and (S. 989/H.R. 2074).

24

25                                            PARTIES

26   Mr. Channing Hutchins is a native from a suburb that is less than 70 miles from the John Glenn Columbus

27   International airport, and a psychology undergraduate education from Florida Memorial University, certified in

28   COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
     CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
     TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 2

1    Diversity, Equality and Inclusion from the University of Virginia, Darden School of Business, certified Anger

2    Management Facilitator, and enrolled into a jurisprudence program at Taft Law School, and has been the victim to

3    discrimination.

4

5    Frontier Airlines, Inc., facilitates business operations domestically, on or about 100 U.S. locations, and

     internationally; Thus, generating income and revenue streams in excess of $2.06 billion, in the year of 2021, and

6    reaffirms the liquidity of the company acumen to afford the compensatory request.

7

8    Palm Beach Counties Department of Airports, has the authority to manage and operate the premises of the airport,

9    and assisted the airline employees, Sheriff Department in the removal, detainment, and trespassing from the WPI

10   airport.

11

12   Palm Beach County Sheriff Office has an airport personnel department that is stationed at the West Palm Beach

13   International Airport, 24 hours of the day, 365 days a year, and the law enforcement serves as the subject matter

14   expert for legal laws and enforcer of constitutional rights.

15                                              JURISDICTION AND VENUE

16
     Florida Statute § 47.011 requires for an individual to file a civil procedure in (a) the county the Defendant resides,
17
     (b) the county cause if action accrued or (c) the county the property is located.
18

19   The Fifteenth Judicial Circuit Court has jurisdiction for the case and is the nearest location, by way of Palm Beach

20   County, Florida.

21
     In accordance with 28 U.S.C. § 1441. 28 , U.S.C. § 1331, the districts courts shall have original jurisdiction over the
22
     Constitution, laws and treaties of the United States.
23

24

25

26                                              FACTUAL ALLEGATIONS

27

28   COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
     CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
     TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 3

On approximately, January 14, 2019 at 7:30am, Mr. Channing Hutchins (Hereinafter Plaintiff,) received his flight confirmation from Frontier Airlines via email correspondence listed in Exhibit A.

Channing was very happy to have booked the flight as he had been anticipating returning home, since he had to reschedule his original flight, and the confirmation provided receipt for the contractual agreement to transport him to his destination. The flight booking provided enough cushion for him to timely arrive at the gateway for boarding, etc.

Channing passed the security clearance with the Transportation Security Administration, but did have to undergo additional security, and because of a lost identification card. The screening process was conducted in the pre-security area and he successfully passed the identification check, and was allowed to proceed through the post-security phase and was granted permission to proceed into the terminal.

Channing was very attentive to be early for the flight as directed by the booking agent and respected the aviation industries standards.

However, he noticed weird eye gazes and chatter by the employees at Frontier Airlines boarding counter, and felt singled, or profiled because of being a black male. He noticed that there was a black female employee at the counter that did not pay too much attention to the comments or non-verbal actions. Additionally, there have been multiple accounts of Frontier's mistreatment to African Americans, as a mother and her child, were denied sanitary conditions by sitting in soiled vomit, and being removed from the plane.

Channing boarded the plane without any issues or concerns. However, the weird eye gazes and chatter between the flight attendants with the flight being delayed, and two officers approaching him, requiring for Channing to exit the aircraft.

Channing found this approach to be very demeaning and unbearably offensive, life threatening, and rude.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLVI: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 4

Channing was never approached by a flight attendant while sitting in his assigned seat, but he was very scared by the two (2) law enforcement Sheriff's, requesting for him to leave. His appearance displayed paranoid anxiety with gushing red face, sweaty hands, watery eyes, shaky tone in his speech and inquired to the reasoning for the contact, and officers replied that they will explain more after we exit the plane.

Channing cooperated with the officers by removing his safety belt and exiting the plane, calmly, respectfully, while trying to remain his dignity, but he was very scared by the action of being the culprit to illegal activity, because of the temporary detainment by the Sheriff's Department. Upon entering the breezeway and immediately off of the plane, the gate closed behind him, and he was accompanied by four additional officers for a total of six law enforcement Sheriff's; He complained that he did not do anything wrong.

Added fears and angry, he complained again that he has not engaged in any illegal activity and the female Sheriff responded that they would be willing to provide details after exiting the ramp or breezeway; The Operations Manager, from the Palm Beach Counties Department of Aviation, will assist them with the explanation at the boarding gate; where all of the weird eye gazes and chatter happened at.

Upon reaching the boarding counter the volume of officers increased dramatically by at least 10-15 more Sheriff Deputies, and the Operations Manager approached Channing, and said that he was being removed from the plane because there was an odor, and that he would not be allowed to fly. "He responded that he did not have any type of odor and did not do anything wrong," and "He has to get back home."

Channing was very scared, angry, offended and embarrassed as there were a lot of other travelers in the airport and it created a very big disturbance by the volume of law enforcement; Seemingly, the engagement of illegal activity that he was not involved, but he displayed paranoia by the fear of being arrested and receiving criminal charges because of a false accusation.

The officers required for him to be temporarily detained by escorting him to the front entrance, and they advised that further communication about the incident would continue at the booking counter; we would have the opportunity to speak with the Frontier Airlines manager.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 5

1   After exiting the Transportation Security Administration post-security area and exiting the terminal, the amount of

2   Sheriff Deputies decreased to only one female Sheriff Deputy and the Operations Manager; However, Channing was

3   still escorted and temporarily detained until receiving a verbal trespassing.

4

5   Immediately, the Manager from Frontier Airlines came out of the office and spoke with Channing, Sheriff Deputy

6   and the Operations Manager.

7   The Sheriff replied that she did not smell any odor on Channing and the Operations Manager replied with the same

8   comment of not smelling any malodor; and the Frontier Airlines manager immediately began looking for a

9   alternative trip.

10

11   Channing never received an apology for the false accusation and it was very difficult accommodating the alternative

12   flight; They wanted to send him to another airport to fly out or wait nearly a week for another flight with the airline,

13   but they would not accommodate a hotel or transportation to another airport. He finally received another flight with

14   Delta Airlines that was paid for by Frontier Airlines.

15   He flew on Delta Airlines flight No. HHS2J3 on January 14, 2019, at 6:15pm without any issues or complaints of

16   odor. In fact, it was a dual segment trip that required the changing of an aircraft in Atlanta, Georgia; But it was

17   undoubtedly a false accusation and both segments of the trips did not have any alarming malodorous smell.

18

19   Channing believe that he was racially profiled because of being a black man in the airport. And, although he did not

20   do anything wrong he was verbally trespassed from the West Palm Beach Airport.

21

22   Channing believed that the removal from the airplane and verbal trespassed warning were pretextual. Channing

23   believed that the removal from the airplane was due to being racially harassed and profiled and the officers violated

24   his constitutional right to access the facilities.

25

26

27

28   COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
     CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLVI: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
     TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 6

As a direct and proximate result of the acts, and false accusations by the Defendants, Channing has suffered, and continued to suffer emotional distress and psychological damage.  This includes, but is not limited to: humiliation, mental anguish, stress, fear, depression and anxiety.

As a result of the prejudice, Channing is entitled to recover attorney's fees for the prosecution of these claims.

The Defendants engaged into the conduct, maliciously, and intended to vex, injure, annoy, humiliate, and embarrass Channing, and with conscious disregard of the rights and safety of Channing, and they have done so to other African American customers. Channing is informed and believes, and based Thereof alleges, that Frontier Airlines justified the false accusation, because they were aware of the discriminatory conduct, and did not care about the black guys feelings, and failed to take immediate remedial action after confirming the alleged odor to be completely false and untrue.

Channing has experienced long withstanding medical conditions related to the incident with induced fear and uncomfortable around law enforcement, anxiety and other fears, continued mental anguish, and he truly believes that it caused a lot of negative depictions, and is very sad and upset about this happening to him.

FIRST CAUSE OF ACTION

RACIAL DISCRIMINATION, RACIAL HARASSMENT, BREACH OF CONTRACT, FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION AND HARASSMENT.

42 U.S.C. § 1981

(As to All Plaintiffs; Against All Defendants)

Plaintiff incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

Plaintiff are members of a protected class, African American male.

At all relevant times herein, Channing was in a contractual Agreement with Defendant Frontier Airlines.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 7

Defendant, Frontier Airlines, breached the actual contract by refusing to allow Plaintiff to fly on scheduled flight.

Defendant, Frontier Airlines, has failed to reimburse the amount paid as promised in the agreement.

The airline has treated the passenger different than other passengers by discrimination or racially profiling him for the incident; The plaintiff has a disability that does produce additional human odor because of his anxiety. However, it does not appear that the protection from the American Disability Act would be required to defend any issue of odor; As the Sheriff Department and Airport personally confirmed that they did not detect any malodors; And, the Delta Airlines flight did not present any of the same public safety concern.

Environmental disturbances and fresh human odor will be present everywhere and cannot be the causation of a black male being singled out of a plane with about forty (40) other passengers.

Defendants, Frontier Airlines, Palm Beach County Sheriff's Department and Palm Beach Counties Airport, violated Plaintiffs' rights by depriving Plaintiffs of their right to the enjoyment of all benefits, privileges, terms, and conditions of Plaintiffs' contract of carriage "as is enjoyed by white citizens," in direct violation of 42 U.S.C. § 1981(b).

SECOND CAUSE OF ACTION

Racial Discrimination in Violation of the Civil Rights Act of 1964

Title VI, 42 U.S.C. § 2000d

(As to All Plaintiffs; Against Defendant Frontier Airlines)

Plaintiff incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

Plaintiff has a racial background of African American, and residents of Florida, at the time of the incident Ohio.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLVI: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 8

1  Defendant Frontier Airlines operates domestic flights in Florida as a business establishment for the purpose of the

2  Civil Rights Act of 1964 of which was enacted to prohibit discrimination on the basis of race, color, and national

3  origin in programs and activities receiving federal financial assistance.

4

5  Frontier Airlines acted intentionally to discriminate in its business establishment against Plaintiff. Frontier's

   supervisory employees and agents, used racial profiling and law enforcement to intimidate Plaintiff, ignored the

6

7  discretionary recommendation by the Department of Transportation, and prevented Plaintiff from accessing the

   facilities in prejudice of being treated like the other white passengers.

8

9  Defendant's violations of the Civil Rights Act caused Plaintiffs to suffer Harm as set forth above.

10

11 As a result of the Defendants' unlawful acts, Plaintiff has become entitled to recover statutory damages.

12

13 By reason of the conduct of the Defendants as alleged here in, Plaintiff intends to retain counsel appointed by the

   court to prosecute the present action. Plaintiff will therefore be entitled to reasonable attorney fees and litigation

14

   expenses, including expert witness fees and costs, incurred in bringing this action.

15

16 Defendants engaged in the acts alleged here in maliciously, fraudulently, and oppressively; with the wrong intention

17 of injuring the Plaintiff; with the conscious disregard of the rights and safety of the Plaintiff; and with an improper

18 adherence to policy and procedure, and the intent to engage in offensive and disrespectful behavior but the

19 intentionally committing malice.

20

21

22                                THIRD CAUSE OF ACTION

23

24                                    Loss of Freedom

25

26                                10 U.S. Code § 897 – Art. 97

27 Plaintiff incorporate the foregoing paragraphs by reference, as though fully reproduced herein.
   COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
28 CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
   TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 9

NOT A CERTIFIED COPY

1  Any person subject to this chapter who, except as provided by law, apprehends, arrests, or confines any person shall

2  be punished as a court-martial may direct.

3

4  Plaintiff reasonably believed the unlawful detainment and racial profiling they experienced at West Palm Beach

   Airport, aboard Frontier Airlines aircraft to be a violation of their rights under Florida Law.

5

6  Plaintiff complained against the harassment, and the Defendant retaliated against the Plaintiff by the increased

7  volume of law enforcement personnel, and refusing to allow the Defendant to return to his seat on the plane.

8  Defendants further subjected him to retaliation, defamation, very seriously induced fears of threat, and further

9  harassment because of being restricted from moving freely, and being escorted with a high quantity of law

10 enforcement. Whitman v. Atchison, T. & S. F. R. Co., 85 Kan. 150 (Kan. 1911).

11

12 Defendants' violation of the Fourth Amendment; Search and Seizure; And, without justification, caused the Plaintiff

13 to suffer Harm as set forth above.

14

15 As a result of Defendants'' unlawful acts, Plaintiff are entitled to recover statutory damages of the Pitts v. State, 51

   Ill. Ct. Cl. 29 (Ill. Ct. Cl. 1999).

16

17 By reason of the conduct of the Defendants as alleged here in, Plaintiff intend on retaining attorneys to prosecute the

18 present action. Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert

19 witness fees and costs, incurred in bringing this action.

20

21 Defendants engaged in the acts alleged here in maliciously, fraudulently, and oppressively; with the wrongful

22 intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper

23 and evil motive amounting to malice. Plaintiff are this entitled to recover punitive damages from Defendants in an

24 amount according to proof.

25                                    FOURTH CAUSE OF ACTION

26                    Discrimination in the Treatment of Persons; Minority Representation

27
   COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
28 CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLVI: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
   TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 10

Title XLIV: Chapter 760

Plaintiff complained to the officers that he was not the culprit to the alleged odor that was sighted as the causation of the issue.

The defendants denied the Constitutional Rights that protect against a person in receiving unreasonable searches through the Eighth (8) Amendment, as Odor alone cannot be the sole basis for a probable cause search. State v. Nord, 28 Fla. L. Weekly Supp. 511 (Fla. 20th Cir. Ct. Aug. 8, 2020) or (Johnson v. United States (1948).

Whenever any person, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any other person of rights secured by the State Constitution or laws of this state,

The Attorney General may bring a civil or administrative action for damages, and for injunctive or other appropriate relief for violations of rights secured.

Any damages recovered under this section shall accrue to the injured person. The civil action shall be brought in the name of the state and may be brought on behalf of the injured person.

<u>FIFTH CAUSE OF ACTION</u>

FIRST AMENDMENT

RIGHT TO EXPRESSION

42 U.S.C. § 1988

The First Amendment has protections that prohibited the Plaintiff from being restricted of his freedoms and expressions. A right to expression may be an individual characteristic that are focused on identity dynamics, and protects the integrity of individualism through communication, religion and traits.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 11

If, malodourous, the Plaintiff would have been denied the right to expression of an individual characteristic or freedom to convey scent, such as the choosing of a cologne fragrance.

Models of human behavior are commonly made assumptions of (1) that people process stable preferences and goals, and (2) that these preferences are general individualistic nature. It is prejudicial to agree and permit to the approval of one passenger's scent, and not the other because you do not find it favorable, as the next person may enjoy the scent.

Regardless the Plaintiff was denied the right to express this individual trait or characteristic, and is a violation of the First Amendment, and consequences should not have resulted because of favorable or unfavorable smells.

### SIXTH CAUSE OF ACTION

### INTERFERENCE WITH CONSTITUTIONAL RIGHTS

### 10 U.S.C. § 253

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

Defendants interfered with Plaintiffs' constitutional right entitling them to equal.

Defendants adopted the conduct, through their officers, directors, managing, agents, or supervisory employees. They further ratified the conduct by failing to take appropriate prompt remedial action.

A substantial motivating reason for Defendants' conduct was Plaintiffs' race.

Defendants interfered with Plaintiff right to be free from discrimination on the basis of race as set forth above, and permitted traveling conditions that denied Plaintiff their Constitutional right entitling them to equal protection.

Defendants' conduct caused Plaintiff to suffer, and continue to suffer and continue to suffer damages as set forth above.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLVI: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 12

By reason of the conduct of Defendants as alleged herein, Plaintiff have necessarily retained attorneys to prosecute the present action. Plaintiff are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper and evil motive amounting to malice.

Plaintiffs are thus entitled to recover punitive damages from Defendants in an amount according to proof.

SEVENTH CAAUSE OF ACTION

EQUAL PROTECTION

42 U.S.C. § 1983

The End Racial Profiling bill has been introduced but has not become effective law to provide further guidance on racial profile; In addition, to the general context of the Civil Rights Act of discrimination based on the protected status of race and color; But this enacted into policy and procedure would significantly reduce prejudice treatment based on singlism, and profiling minorities.  The purpose of the bill is to eliminate racial, religious and other discriminatory profiling by law enforcement, and for other purposes.

Racial profiling harm's individuals subjected to it because they experience fear, anxiety, humiliation, anger, resentment, and cynicism when they are unjustifiably treated as criminal suspects. By discouraging individuals from traveling freely, racial profiling impairs both interstate and intrastate commerce.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 13

Racial profiling violates the Equal Protection Clause of the Constitution and due process. Using race, ethnicity, or national origin as a proxy for criminal suspicion violates the constitutional requirement that police and other government officials determined belongs to all citizens through the equal protection of the law.

"The constitutional basis for objecting to intentionally discriminatory application of the laws is the Equal Protection

-*Whren v. United States*, 517 U.S. 806, 813 (1996).

-Arlington Heights v. Metropolitan Housing Development Corporation, 429 U.S. 252 (1977).

<u>EIGHTH CAUSE OF ACTION</u>

FALSE ACCUSATION

18 U.S.C. § 287

Plaintiff was discriminated against by the false accusation of presenting an odor.

Upon removal of the aircraft, law enforcement confirmed that he was not the culprit to an odor. It normally would not result to a safety concern of unfavorable smells, except in the case of possessing illegal contraband, but airline employees do not have the authority to engage in implicit bias because of individual racist theories, based on race, color, or attitudes or feelings about a person's particular outward appearance; But, the non-existence of the alleged odor alone does not permit any additional racial profiling.

The Defendant, Frontier Airlines, based their assumptions, derived and formulated, on personal identity dynamics and racial pretenses prohibited in the Civil Rights Act of 1964 and Equal Protection laws, of race and color, and used an implicit attitude theory by the personal view, attitude or feeling about the Plaintiff. These types of assumptions are racially driven and formulated by experiences, and an outward opinion about a protected group that should not be used in a corporate setting that prohibits discrimination and negative treatment because of a personal view.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 14

Plaintiff is an African American male but does not recreationally or medically, use any type of illicit drugs or marijuana usage. These types of hostile situations with the large volume of law enforcement, removal from aircraft and airline policy for odor is "normally based" on illegal activity motives, and Frontier Airlines did not have the right to violate the Plaintiffs' Constitutional rights.

NINTH CAUSE OF ACTION

FEDERAL TORT CLAIM ACT

28 U.S.C. 2672

The Plaintiff suffered personal injury damages caused by the negligent or wrongful act or commission of an employee of the federal government.

Plaintiff does not believe that there was an alleged odor as it was confirmed to be a false accusation and the law enforcement officers may have engaged in omission of the actual fact, but due to the wrongful act of being victimized by false accusation injury has been the result.

The Federal Tort Claims Act provides a legal means for compensating individuals who have suffered in exception to government agency immunity.

Plaintiff request for compensatory recovery for the personal injuries suffered of emotional distress: anxiety, humiliation, anger, resentment, and cynicism.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 15

1

2          <u>TENTH CAUSE OF ACTION</u>

3       NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

4          (As to Plaintiff; Against All Defendants)

5

6

7   Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

8

9   As a consumer and passenger of Defendant, Plaintiff we're owed a duty of care by the Defendant, to ensure that

10  Plaintiff did not receive preventable personal injuries.

11

12  Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial

13  harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that

14  they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment,

15  discrimination, and its accompanying harm.

16

17

18  As statistics have proven that these type of false accusations and prejudices, create a public disturbance, but inflicts

19  injuries through serious emotional distress.

20

21  Defendants, each of them, failed to exercise their duty of care by immediately providing remedy by returning to the

22  seat on the plane, and after confirmation of the false accusation of malodor. They subjected the Plaintiff to

23  additional ridicule and induced fears instead of preventing added distress, and more racial harassment,

24  discrimination, retaliation, breach of liberty.

25

26  As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional

27  COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.

28  CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
    TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 16

distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety,

defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and

more.

Defendants have endangered Plaintiff by falsely persecuting him in false allegations that are not illegal in anyway,

shape or form, and has chosen to racially profile, even with the possibilities of creating significant personal injuries

and damaging integrity of the Plaintiff; Defendants' engagements have been predisposed as malicious, intentional in

nature, and without valid justification, to cause violation to the legal rights and safety of the Plaintiff, and not in

compliance with standard (DOT) rules or procedures and sinfully amounting to malice and morality.

Plaintiff are entitled to recover punitive damages in the amount of burden to proof.

ELEVENTH CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

As a consumer of Defendants', Plaintiff was owed a duty care to protect and safeguard the integrity, and well-being

of the passenger in the airport and on the flight, and ensure that Plaintiff was not subjected to preventable personal

injury harms.

Plaintiff complained that he did not engage in any illegal activity, and did not have any odor that was unbearable. If,

omitted by employees of the airline, Aviation Authority or law enforcement; Plaintiff did not smell like any illicit or

marijuana drugs, and does not engage in any illicit drugs.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 17

Defendants failed to take the appropriate remedial action, and knowingly, created a significant public disturbance that increased beyond the passengers that had boarded plane with the Plaintiff, by including the entire West Palm Beach Airport, and the Defendants knew that he would continue to be scrutinized by the negative views associated with detainment and law enforcement personnel, and would suffer extreme emotional and mental distress.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harms.

As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety, defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and more.

## TWELFTH CAUSE OF ACTION

### BREACH OF CONTRACT-REQUIRED TERMS

41 U.S. Code § 6503

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

As a consumer of Defendants', Plaintiff was owed a duty care to protect and safeguard the integrity, and well-being of the passenger in the airport and on the flight, and ensure that Plaintiff was not subjected to preventable personal injury harms.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 18

Defendants failed to provide the designated trip.

Defendants failed to refund the ticket.

Defendants failed to take the appropriate remedial action, and knowingly, created a significant public disturbance that increased beyond the passengers that had boarded plane with the Plaintiff, by including the entire West Palm Beach Airport, and the Defendants' knew that he would continue to be scrutinized by the negative views associated with detainment and law enforcement personnel, and would suffer extreme emotional and mental distress.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by failing to conduct a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harm's.

As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety, defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and more.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harms.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 19

THIRTEENTH CAUSE OF ACTION

NEGLIGENCE

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

Upon receiving any complaint about an alleged odor, employees of Frontier Airlines have an obligation to evaluate the circumstances to make sure that the issue permits any type of intervention, in order to protect the rights and duty of care of the passenger, and through an investigation of facts, the airline should have known or would have concluded that the issue did not rise to the level of safety for a passenger removal, and the airline employees would have been able to safeguard the integrity of the Plaintiff by preventing the illegal racial harassment and physically aggressive behaviors, by validating the claim and the level of seriousness.

Defendants had a duty not to engage in these wrongful acts, and the supervisor and pilots, maintained the operational responsibility to prevent this type of activity of wrongful treatment, threatening and implicitly racially driven by assertion.

Defendants failed to supervisor their staff correctly in their decision making to remove the passengers and involve the Sheriff's Department and Palm Beach Department of Airports. Defendant's actions were intentional with disregard to company standards, and enforcement of an odor policy was very offensive and demeaning.

As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety, defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and more.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 20

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harms.

### FOURTEENTH CAUSE OF ACTION

WRONGFUL REMOVAL IN VIOLATION OF PUBLIC POLICY

Defendant, Frontier Airlines, failed to follow the standard policy and procedure required from the regulating Department of Transportation agency.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harms.

### FIFTEENTH CAUSE OF ACTION

PERGURY

FLORIDA STATUTE § 836.012

When perjury does not occur in an official proceeding, it can be charged under the Florida statute, as a third-degree felony and punishable for up to five (5) years.

Plaintiff was falsely accused of a random odor that was not at the level of safety and security.

Defendants cannot place prejudice and independent discrimination on human body odor, due to the discretionary appeasement of scents, and because of the potential infringement of the American Disabilities Act, prohibiting

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 21

discrimination of people with medical conditions.

The Plaintiff did not engage in any illegal activity, and normally, an odor alert promulgated in the airport or airline has concerns of illicit drugs, and commonly marijuana.

The Plaintiff believes that Defendant, Frontier Airlines untruthfully, told law enforcement and airport security that they had suspicion of illegal activity that was drug affiliated, and alleged that they smelled an odor of an illegal substance.

The plaintiff does not recreationally or medically use any types of illicit drugs.

The allegation was untrue and invalid as reported to the Sheriff Department.

REQUEST FOR RELIEF

Plaintiff request judgement, SIXTY MILLION DOLLARS ($60,000,000), against the Defendant for the information supplied above and says:

General damages according to proof and no less than jurisdictional limit in this court.

Special Damages in an amount according to proof, including prejudgment.

Civil penalties pursuit to 49 U.S.C. § 40127(a), 28 U.S.C. 2672, 18 U.S. Code § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, Title XLIV: Chapter 760, Title VI, 42 U.S.C. § 200, Title VI, 42 U.S.C. § 2000d. F.S § 836.012

If, and with legal modifiers, an attorney retained for the case fees and cost, as related.

Exemplary and punitive damages in an amount according to proof.

Interest is provided by law.

Cost of suit accrued herein.

Injunctive relief for the Defendants to better train their staff on racial discrimination, and the effects of not protecting the Plaintiff by the owed duty of care, and develop better policies and procedures to ensure that wrongful

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 22

1  acts are not committed because of false accusations, resulting in any type of prejudice by racial harassment or racial

2  profiling, and remedial action is taken so further harm is not caused including their integrity.

3  The court may include additional relief, to wit is only right and fair.

4

5

6

7

8

9  July 08, 2022

10

11

12  Channing Hutchins

13  Pro Se Litigant

14

15

16  Demand for Jury Trial

17  Plaintiff hereby demand a jury trial for all issues.

18

19

20  July 08, 2022

21  Channing Hutchins

22  Pro Se Litigant

23

24

25

26

27

28  COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 23

Case 9:23-cv-80210-RLR   Document 1-2   Entered on FLSD Docket 02/08/2023   Page 39 of 87

**CIRCUIT COURTS OF FLORIDA**
IN THE FIFTEENTH JUDICIAL CIRCUIT COURT OF PALM BEACH COUNTY

MR. CHANNING HUTCHINS,

Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

PALM BEACH COUNTIES DEPARTMENT OF
AIRPORTS

PALM BEACH COUNTY SHERIFF OFFICE

Defendant

50-2023-CA-000107-XXXX-MB

Extension

MOTION

I, Mr. Channing Hutchins, am requesting for the court to grant permission for an extended delivery of the summons to (a) Department of Palm Beach Airports and (b) Palm Beach Sheriff's Office.

I require the financial assistance of the court services and have mailed the documents to the Court Services Division at P.O. Box 2468, West Palm Beach, FL 33416-4681.

I request an extension outside of the normal notification time period.

Thank you.

_____

January 13, 2023

Date:

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

MR. CHANNING HUTCHINS                    GENERAL JURISDICTION DIVISION

      Plaintiff,                              CASE NO. 50-2023-CA-000107-XXXX

v.

FRONTIER AIRLINES, INC.; PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS; PALM BEACH COUNTY
SHERIFF OFFICE

      Defendants.

_____/

## **NOTICE OF APPEARANCE OF COUNSEL & DESIGNATION OF EMAIL**

Notice is given that Cecilia Torello, Esq. of Griffin & Serrano, P.A., hereby enters her appearance as counsel for Defendant, FRONTIER AIRLINES, INC., in the above-captioned matter. The undersigned request that copies of all motions, pleadings, orders, and other documents filed in the instant case be served upon him at the address as set forth below.

Primary email: Ctorello@griffinserran.com
                   nmarin@griffinserrano.com

Secondary:    Jserrano@griffinserrano.com
                service@griffinserrano.com

1

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via electronic mail pursuant to Fla. R. Jud Admin 2.516, and U.S. Mail to Mr. Channing Hutchins at 6921 Breakenwood Drive, Dayton, Ohio 45424 on February 2, 2023, to all parties on the attached service list.

**GRIFFIN & SERRANO, P.A.**
Attorneys for Frontier Airlines
Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Phone: (954) 462-4002
Fax: (954) 462-4009

/s/ Cecilia Torello

_____

Juan R. Serrano
Florida Bar No. 319510
Cecilia Torello
Florida Bar No. 1018230

2

Case 9:23-cv-80210-RLR   Document 1-2   Entered on FLSD Docket 02/08/2023   Page 42 of 87

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

MR. CHANNING HUTCHINS

      Plaintiff,

v.

FRONTIER AIRLINES, INC.; PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS; PALM BEACH COUNTY
SHERIFF OFFICE

      Defendants.

_____/

GENERAL JURISDICTION DIVISION

CASE NO. 50-2023-CA-000107-XXXX

## **NOTICE OF APPEARANCE OF COUNSEL & DESIGNATION OF EMAIL**

Notice is given that Juan R. Serrano, Esq. of Griffin & Serrano, P.A., hereby enters his appearance as counsel for Defendant, FRONTIER AIRLINES, INC, in the above-captioned matter. The undersigned request that copies of all motions, pleadings, orders, and other documents filed in the instant case be served upon him at the address as set forth below.

Primary email: jserrano@griffinserran.com
                    nmarin@griffinserrano.com

Secondary:   Ctorello@griffinserrano.com
               service@griffinserrano.com

1

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via electronic mail pursuant to Fla. R. Jud Admin 2.516, and U.S. Mail to Mr. Channing Hutchins at 6921 Breakenwood Drive, Dayton, Ohio 45424 on February 2, 2023, to all parties on the attached service list.

**GRIFFIN & SERRANO, P.A.**
Attorneys for Frontier Airlines
Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Phone: (954) 462-4002
Fax: (954) 462-4009

/s/ Cecilia Torello
_____
Juan R. Serrano
Florida Bar No. 319510
Cecilia Torello
Florida Bar No. 1018230

2

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

MR. CHANNING HUTCHINS

       Plaintiff,

v.

FRONTIER AIRLINES, INC.; PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS; PALM BEACH COUNTY
SHERIFF OFFICE

       Defendants.

_____/

GENERAL JURISDICTION DIVISION

CASE NO. 50-2023-CA-000107-XXXX

## **MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant, Frontier Airlines, Inc. (hereinafter "Defendant"), by and through undersigned counsel, pursuant to applicable Florida Rules of Civil Procedures and Florida law, hereby files its Motion for Enlargement of Time to Respond to the Complaint filed by Plaintiff, Mr. Channing Hutchins (hereinafter "Plaintiff"), and as grounds sates as follows:

1.      Plaintiff served the Complaint upon Defendant on January 12, 2023.

2.      Counsel for Defendant was only recently retained.

3.      The Complaint asserts fifteen causes of actions with underlying factual allegations. Undersigned counsel needs a short enlargement of time to further confer with Defendant, to gather and adequately review Plaintiff's Complaint, and to file an appropriate response to the underlying action.

4.      Undersigned counsel respectfully requests that the court grant an additional thirty (30) days to file a response as requested below.

1

5.      This motion is made in good faith and not as a dilatory tactic. No prejudice will be sustained by the Plaintiff in extending the time within which Defendant responds to the Complaint.

## MEMORANDUM OF LAW

Fla. R. Civ. P. 1.090 (b) allows for the period set forth in Fla. R. Civ. P. 1.140 to be enlarged for cause shown at the discretion of the court.  If an enlargement of time is requested, the trial court may consider and rule on it according to the requirements of rule 1.090(b).  *DOT v. SouthTrust Bank, 886 So. 2d 393, 394* (Fla. 1st DCA 2004). Accordingly, Defendant respectfully requests an enlargement of time of thirty (30) days to serve a response to the Plaintiff's Complaint.

**WHEREFORE**, Defendant, Frontier Airlines, Inc., and the undersigned, respectfully moves this Honorable Court for an extension of thirty (30) days within which to file a response to the Complaint filed by the Plaintiff in this action, and to grant such further relief as this Court deems just and proper.

GRIFFIN & SERRANO, P.A.
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via electronic mail pursuant to Fla. R. Jud Admin 2.516, and U.S. Mail to Mr. Channing Hutchins at 6921 Breakenwood Drive, Dayton, Ohio 45424 on February 2, 2023, to all parties on the attached service list.

**GRIFFIN & SERRANO, P.A.**
Attorneys for Frontier Airlines
Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Phone: (954) 462-4002
Fax: (954) 462-4009

/s/ Cecilia Torello

_____
Juan R. Serrano
Florida Bar No. 319510
Cecilia Torello
Florida Bar No. 1018230

3

**CIRCUIT COURTS OF FLORIDA**
IN THE FIFTEENTH JUDICIAL CIRCUIT COURT OF PALM BEACH COUNTY

MR. CHANNING HUTCHINS,

Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

PALM BEACH COUNTIES DEPARTMENT OF AIRPORTS

PALM BEACH COUNTY SHERIFF OFFICE

Defendant

Case No.: 50-2023-CA-000107-XXXX

**Motion for Default Judgement**

Now comes, Mr. Channing Hutchins, Plaintiff in this case, and moves this Court to enter a judgment by default against the Defendant, and for its Motion states:

1.  The Defendant has failed to file a written answer, or otherwise file their appearance, within 20 days after service of summons.

THEREFORE, the Plaintiff moves that the Court enter a judgement by default for the Plaintiff and against the Defendant in the amount of Sixty Million Dollars ($60,000,000), plus costs of the suit.

Under penalties as provided by law pursuant to Rule 1.500- DEFAULTS AND FINAL JUDGEMENTS THEREON (A) by the Clerk, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein states to be on information and belief and as such matters the undersigned certifies that he verily believes the same to be true.

_____

**February 01, 2023**

Date:

**CIRCUIT COURTS OF FLORIDA**
IN THE FIFTEENTH JUDICIAL CIRCUIT COURT OF PALM BEACH COUNTY

MR. CHANNING HUTCHINS,

Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

PALM BEACH COUNTIES DEPARTMENT OF
AIRPORTS

PALM BEACH COUNTY SHERIFF OFFICE

Defendant

Case No.: 50-2023-CA-000107-XXXX

**CERTIFICATE IN SUPPORT FOR MOTION OF DEFAULT JUDGEMENT**

I, Mr. Channing Hutchins, Plaintiff for the cause do hereby certify that on February 01, 2023, I have reviewed the court

file for this case, and on February 01, 2023. I have reviewed the register for this case.

I further certify that the proof of summons shows that the Defendant Frontier Airlines were officially served on January

12, 2023.

I further certify that I have been the only appearances filed of record.

February 01, 2023

Date:

CIRCUIT COURTS OF FLORIDA
IN THE FIFTEENTH JUDICIAL CIRCUIT COURT OF PALM BEACH COUNTY

**MR. CHANNING HUTCHINS**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: 50-2023-CA-000107-XXXX-MB

**FRONTIER AIRLINES, INC., PALM BEACH COUNTIES**
**DEPARTMENT OF AIRPORTS, and PALM BEACH COUNTY**
**SHERIFF OFFICE**

*Defendant(s) / Respondent(s)*

## **AFFIDAVIT OF SERVICE**

I, J Lee Vause, Jr., being duly sworn, state:

I am 18 years or older and not a party to this action.

I am a certified or appointed process server in the county in which this defendant or witness was served.

I received the following documents on January 11, 2023 at 7:16 pm. I served these documents with my initials, identification number, and the date and hour of service endorsed thereon on Frontier Airlines Inc in Leon County, FL on January 12, 2023 at 11:27 am at 1201 Hays St, Tallahassee, FL 32301 by leaving the following documents with Britany Doty who as Clerk at Corporation Service Company is authorized by appointment or by law to receive service of process for Frontier Airlines Inc.

Case Information
Summons in a Civil Action
Complaint for Damages and Injuries

Additional Description:
CORPORATE SERVICE: I served and explained the contents to an employee of the registered agent company pursuant to F.S. 48.081(3)(a)

I delivered the documents to Britany Doty, Clerk for Registered Agent Corporation Service Company.

White Female, est. age 25, glasses: N, Brown hair, 120 lbs to 140 lbs, 5' 6" to 5' 9".
Geolocation of Serve: http://maps.google.com/maps?q=30.4424552,-84.262791
Photograph: See Exhibit 1

I DECLARE UNDER PENALTY OF PERJURY THAT I HAVE READ THE FOREGOING AFFIDAVIT OF SERVICE, AND THE FACTS HEREIN ARE TRUE AND CORRECT. Notary not required pursuant to Florida Statute 92.525.

/s/ J Lee Vause, Jr.

Executed in    Wakulla County                ,

  FL      on    1/12/2023           .

Signature
J Lee Vause, Jr.
081
(850) 510-2797
221 W Park Ave, Tallahassee, FL 32302

# Exhibit 1



Exhibit 1a)

**CIRCUIT COURTS OF FLORIDA**
IN THE FIFTEENTH JUDICIAL CIRCUIT COURT OF PALM BEACH COUNTY

MR. CHANNING HUTCHINS,

Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

PALM BEACH COUNTIES DEPARTMENT OF
AIRPORTS

PALM BEACH COUNTY SHERIFF OFFICE

Defendant

**SUMMONS IN A CIVIL ACTION**

TO: (Defendants name and address)

Frontier Airlines Incorporated
*Attn: Corporation Service Company*
*1201 Hays Street*
*Tallahassee, Florida 32301-2525*

A lawsuit has been filed against you.

You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Mr. Channing Hutchins
6921 Breckenwood Drive
Dayton, Ohio 45424
(305) 462-5146

If you fail to respond, judgement by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



CLERK OF COURT

**JOSEPH ABRUZZO**

Signature of Clerk or Deputy Clerk

Date:  01/11/2023

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____ /

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties.  No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

       3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).**  ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

       **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

 

                                                             **Administrative Circuit Judge**

This notice is provided pursuant to Administrative Order No. 2.207-9/12

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

July 05, 2005

1

2   THE CONTACT INFORMATION
    FOR THE LEGAL CASE WILL
3   REMAIN THE PLAINTIFF, UNTIL
    AND IF, AN APPOINTED COUNSEL
    RESUMES

4

5                   UNITED STATES MIDDLE DISTRICT COURT

6                   FIFTEENTH JUDICIAL CIRCUIT COURT

7   MR. CHANNING HUTCHINS,                    Case No.:

8                   Plaintiff,

9   vs.                                       **COMPLAINT FOR DAMAGES AND INJURIES
                                              pursuit to 49 U.S.C. § 40127(a), 28 U.S.C. 2672, 18 U.S.
10  FRONTIER AIRLINES, INC.,                  Code § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, Title
                                              XLIV: Chapter 760, Title VI, 42 U.S.C. § 200, Title VI,
11  PALM BEACH COUNTIES DEPARTMENT OF         42 U.S.C. § 2000d, F.S § 836.012.**
    AIRPORTS

12  PALM BEACH COUNTY SHERIFF OFFICE

13

14                  Defendant

15                  IN THE SUPERIOR COURT OF THE STATE OF FLORIDA

16                  FIFTEENTH JUDICIAL CIRCUIT COURT-UNLIMITED JURISDICTION

17

18                          **INTRODUCTION**

19  Federal law allows U.S. and foreign airlines to refuse to transport a passenger if the airline determines that the

20  passenger is, or might be, a threat to safety or security.  The determination may be made by the pilot in command of

21  the flight (or other airline personnel such as a Ground Security Coordinator). Decisions cannot be arbitrary,

22  according to the Department of Transportation (hereinafter DOT), Office of the General Counsel, Office of Aviation

23  Enforcement and Proceedings, Washington, D.C.

24

25  Passengers' Right to Fly Free from Discrimination. (49 U.S.C. § 40127(a).

26

27

28  COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
    CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
    TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 1

We should be able to agree that an unpleasant smell does not have a significant level of risk that would permit nearly twenty (20), sheriff officers for a cooperative passenger.  You can only imagine the mental anguish, anxiety and induced fears by this non-discrete disturbance that was caused because of the false allegation by the airline employee(s).  The DOT has a policy and procedure that only permits for the removal of a passenger to be solely based on one of two grounds, (1) safety and (2) security reasons; But the airline has the responsibility to conduct a reasonable inquiry into the facts supporting a safety issue, as the Transportation Security Administration, solely and only, handles security issues.  A passenger's race, color, national origin, religion, sex (including gender identity and sexual orientation), or ancestry may not be the determinative factor in a commercial airline's decision to deny boarding or remove a passenger from a flight.

The Civil Rights Act of 1964 has been readily available, accessible, and permits the common theory of acknowledgment, by the legality of conducting business in the United States of America, and Frontier Airlines has been travelling domestically in the U.S. for 27 years. It has been reserved by the people of this country to adhere to the civil liberties, and the accompanying equal protection mandated with the Power of the Congress, as noted in the Civil Rights Act.  This article has exemplified equal rights through a group of protected classes, distinguished by personal characteristics, and identity dynamics that are enforced through enumerated writings that are legally binding; But, Constitutionally, Frontier Airlines disregarded because of the "right to travel being violated;" And furthermore, the legal act mandates that prejudicial treatment is forbidden on the basis of race or color.  The law enforcement confirmed that they did not smell the alleged odor; However, the plaintiff was still denied the right to fly on his flight; And, further scrutiny, persisted.

Dated on February 27, 2001, President Bush, declared before a joint session of Congress that racial profiling "is wrong and we will end it in America." (End Racial Profiling Act of 2001-ERPA) and (S. 989/H.R. 2074).

<u>PARTIES</u>

Mr. Channing Hutchins is a native from a suburb that is less than 70 miles from the John Glenn Columbus International airport, and a psychology undergraduate education from Florida Memorial University, certified in

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 2

Diversity, Equality and Inclusion from the University of Virginia, Darden School of Business, certified Anger Management Facilitator, and enrolled into a jurisprudence program at Taft Law School, and has been the victim to discrimination.

Frontier Airlines, Inc., facilitates business operations domestically, on or about 100 U.S. locations, and internationally; Thus, generating income and revenue streams in excess of $2.06 billion, in the year of 2021, and reaffirms the liquidity of the company acumen to afford the compensatory request.

Palm Beach Counties Department of Airports, has the authority to manage and operate the premises of the airport, and assisted the airline employees, Sheriff Department in the removal, detainment, and trespassing from the WPI airport.

Palm Beach County Sheriff Office has an airport personnel department that is stationed at the West Palm Beach International Airport, 24 hours of the day, 365 days a year, and the law enforcement serves as the subject matter expert for legal laws and enforcer of constitutional rights.

## JURISDICTION AND VENUE

Florida Statute § 47.011 requires for an individual to file a civil procedure in (a) the county the Defendant resides, (b) the county cause if action accrued or (c) the county the property is located.

The Fifteenth Judicial Circuit Court has jurisdiction for the case and is the nearest location, by way of Palm Beach County, Florida.

In accordance with 28 U.S.C. § 1441. 28 , U.S.C. § 1331, the districts courts shall have original jurisdiction over the Constitution, laws and treaties of the United States.

## FACTUAL ALLEGATIONS

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 3

On approximately, January 14, 2019 at 7:30am, Mr. Channing Hutchins (Hereinafter Plaintiff,) received his flight confirmation from Frontier Airlines via email correspondence listed in Exhibit A.

Channing was very happy to have booked the flight as he had been anticipating returning home, since he had to reschedule his original flight, and the confirmation provided receipt for the contractual agreement to transport him to his destination. The flight booking provided enough cushion for him to timely arrive at the gateway for boarding, etc.

Channing passed the security clearance with the Transportation Security Administration, but did have to undergo additional security, and because of a lost identification card. The screening process was conducted in the pre-security area and he successfully passed the identification check, and was allowed to proceed through the post-security phase and was granted permission to proceed into the terminal.

Channing was very attentive to be early for the flight as directed by the booking agent and respected the aviation industries standards.

However, he noticed weird eye gazes and chatter by the employees at Frontier Airlines boarding counter, and felt singled, or profiled because of being a black male. He noticed that there was a black female employee at the counter that did not pay too much attention to the comments or non-verbal actions. Additionally, there have been multiple accounts of Frontier's mistreatment to African Americans, as a mother and her child, were denied sanitary conditions by sitting in soiled vomit, and being removed from the plane.

Channing boarded the plane without any issues or concerns. However, the weird eye gazes and chatter between the flight attendants with the flight being delayed, and two officers approaching him, requiring for Channing to exit the aircraft.

Channing found this approach to be very demeaning and unbearably offensive, life threatening, and rude.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 4

Channing was never approached by a flight attendant while sitting in his assigned seat, but he was very scared by the two (2) law enforcement Sheriff's, requesting for him to leave. His appearance displayed paranoid anxiety with gushing red face, sweaty hands, watery eyes, shaky tone in his speech and inquired to the reasoning for the contact, and officers replied that they will explain more after we exit the plane.

Channing cooperated with the officers by removing his safety belt and exiting the plane, calmly, respectfully, while trying to remain his dignity, but he was very scared by the action of being the culprit to illegal activity, because of the temporary detainment by the Sheriff's Department. Upon entering the breezeway and immediately off of the plane, the gate closed behind him, and he was accompanied by four additional officers for a total of six law enforcement Sheriff's; He complained that he did not do anything wrong.

Added fears and angry, he complained again that he has not engaged in any illegal activity and the female Sheriff responded that they would be willing to provide details after exiting the ramp or breezeway; The Operations Manager, from the Palm Beach Counties Department of Aviation, will assist them with the explanation at the boarding gate; where all of the weird eye gazes and chatter happened at.

Upon reaching the boarding counter the volume of officers increased dramatically by at least 10-15 more Sheriff Deputies, and the Operations Manager approached Channing, and said that he was being removed from the plane because there was an odor, and that he would not be allowed to fly. "He responded that he did not have any type of odor and did not do anything wrong," and "He has to get back home."

Channing was very scared, angry, offended and embarrassed as there were a lot of other travelers in the airport and it created a very big disturbance by the volume of law enforcement; Seemingly, the engagement of illegal activity that he was not involved, but he displayed paranoia by the fear of being arrested and receiving criminal charges because of a false accusation.

The officers required for him to be temporarily detained by escorting him to the front entrance, and they advised that further communication about the incident would continue at the booking counter; we would have the opportunity to speak with the Frontier Airlines manager.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLVI: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 5

After exiting the Transportation Security Administration post-security area and exiting the terminal, the amount of Sheriff Deputies decreased to only one female Sheriff Deputy and the Operations Manager; However, Channing was still escorted and temporarily detained until receiving a verbal trespassing.

Immediately, the Manager from Frontier Airlines came out of the office and spoke with Channing, Sheriff Deputy and the Operations Manager.

The Sheriff replied that she did not smell any odor on Channing and the Operations Manager replied with the same comment of not smelling any malodor; and the Frontier Airlines manager immediately began looking for a alternative trip.

Channing never received an apology for the false accusation and it was very difficult accommodating the alternative flight; They wanted to send him to another airport to fly out or wait nearly a week for another flight with the airline, but they would not accommodate a hotel or transportation to another airport. He finally received another flight with Delta Airlines that was paid for by Frontier Airlines.

He flew on Delta Airlines flight No. HHS2J3 on January 14, 2019, at 6:15pm without any issues or complaints of odor. In fact, it was a dual segment trip that required the changing of an aircraft in Atlanta, Georgia; But it was undoubtedly a false accusation and both segments of the trips did not have any alarming malodorous smell.

Channing believe that he was racially profiled because of being a black man in the airport. And, although he did not do anything wrong he was verbally trespassed from the West Palm Beach Airport.

Channing believed that the removal from the airplane and verbal trespassed warning were pretextual. Channing believed that the removal from the airplane was due to being racially harassed and profiled and the officers violated his constitutional right to access the facilities.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLVI: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 6

As a direct and proximate result of the acts, and false accusations by the Defendants, Channing has suffered, and continued to suffer emotional distress and psychological damage.  This includes, but is not limited to: humiliation, mental anguish, stress, fear, depression and anxiety.

As a result of the prejudice, Channing is entitled to recover attorney's fees for the prosecution of these claims.

The Defendants engaged into the conduct, maliciously, and intended to vex, injure, annoy, humiliate, and embarrass Channing, and with conscious disregard of the rights and safety of Channing, and they have done so to other African American customers. Channing is informed and believes, and based Thereof alleges, that Frontier Airlines justified the false accusation, because they were aware of the discriminatory conduct, and did not care about the black guys feelings, and failed to take immediate remedial action after confirming the alleged odor to be completely false and untrue.

Channing has experienced long withstanding medical conditions related to the incident with induced fear and uncomfortable around law enforcement, anxiety and other fears, continued mental anguish, and he truly believes that it caused a lot of negative depictions, and is very sad and upset about this happening to him.


<u>FIRST CAUSE OF ACTION</u>


RACIAL DISCRIMINATION, RACIAL HARASSMENT, BREACH OF CONTRACT, FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION AND HARASSMENT.


42 U.S.C. § 1981

(As to All Plaintiffs; Against All Defendants)

Plaintiff incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

Plaintiff are members of a protected class, African American male.

At all relevant times herein, Channing was in a contractual Agreement with Defendant Frontier Airlines.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 7

Defendant, Frontier Airlines, breached the actual contract by refusing to allow Plaintiff to fly on scheduled flight.

Defendant, Frontier Airlines, has failed to reimburse the amount paid as promised in the agreement.

The airline has treated the passenger different than other passengers by discrimination or racially profiling him for the incident; The plaintiff has a disability that does produce additional human odor because of his anxiety. However, it does not appear that the protection from the American Disability Act would be required to defend any issue of odor; As the Sheriff Department and Airport personally confirmed that they did not detect any malodors; And, the Delta Airlines flight did not present any of the same public safety concern.

Environmental disturbances and fresh human odor will be present everywhere and cannot be the causation of a black male being singled out of a plane with about forty (40) other passengers.

Defendants, Frontier Airlines, Palm Beach County Sheriff's Department and Palm Beach Counties Airport, violated Plaintiffs' rights by depriving Plaintiffs of their right to the enjoyment of all benefits, privileges, terms, and conditions of Plaintiffs' contract of carriage "as is enjoyed by white citizens," in direct violation of 42 U.S.C. § 1981(b).

SECOND CAUSE OF ACTION

Racial Discrimination in Violation of the Civil Rights Act of 1964

Title VI, 42 U.S.C. § 2000d

(As to All Plaintiffs; Against Defendant Frontier Airlines)

Plaintiff incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

Plaintiff has a racial background of African American, and residents of Florida, at the time of the incident Ohio.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLVI: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 8

Defendant Frontier Airlines operates domestic flights in Florida as a business establishment for the purpose of the Civil Rights Act of 1964 of which was enacted to prohibit discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance.

Frontier Airlines acted intentionally to discriminate in its business establishment against Plaintiff. Frontier's supervisory employees and agents, used racial profiling and law enforcement to intimidate Plaintiff, ignored the discretionary recommendation by the Department of Transportation, and prevented Plaintiff from accessing the facilities in prejudice of being treated like the other white passengers.

Defendant's violations of the Civil Rights Act caused Plaintiffs to suffer Harm as set forth above.

As a result of the Defendants' unlawful acts, Plaintiff has become entitled to recover statutory damages.

By reason of the conduct of the Defendants as alleged here in, Plaintiff intends to retain counsel appointed by the court to prosecute the present action. Plaintiff will therefore be entitled to reasonable attorney fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

Defendants engaged in the acts alleged here in maliciously, fraudulently, and oppressively; with the wrong intention of injuring the Plaintiff; with the conscious disregard of the rights and safety of the Plaintiff; and with an improper adherence to policy and procedure, and the intent to engage in offensive and disrespectful behavior but the intentionally committing malice.


### THIRD CAUSE OF ACTION

Loss of Freedom

10 U.S. Code § 897 – Art. 97

Plaintiff incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 9

Any person subject to this chapter who, except as provided by law, apprehends, arrests, or confines any person shall be punished as a court-martial may direct.

Plaintiff reasonably believed the unlawful detainment and racial profiling they experienced at West Palm Beach Airport, aboard Frontier Airlines aircraft to be a violation of their rights under Florida Law.

Plaintiff complained against the harassment, and the Defendant retaliated against the Plaintiff by the increased volume of law enforcement personnel, and refusing to allow the Defendant to return to his seat on the plane. Defendants further subjected him to retaliation, defamation, very seriously induced fears of threat, and further harassment because of being restricted from moving freely, and being escorted with a high quantity of law enforcement. Whitman v. Atchison, T. & S. F. R. Co., 85 Kan. 150 (Kan. 1911).

Defendants' violation of the Fourth Amendment; Search and Seizure; And, without justification, caused the Plaintiff to suffer Harm as set forth above.

As a result of Defendants'' unlawful acts, Plaintiff are entitled to recover statutory damages of the Pitts v. State, 51 Ill. Ct. Cl. 29 (Ill. Ct. Cl. 1999).

By reason of the conduct of the Defendants as alleged here in, Plaintiff intend on retaining attorneys to prosecute the present action. Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

Defendants engaged in the acts alleged here in maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper and evil motive amounting to malice. Plaintiff are this entitled to recover punitive damages from Defendants in an amount according to proof.

FOURTH CAUSE OF ACTION

Discrimination in the Treatment of Persons; Minority Representation

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLVI: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 10

Title XLIV: Chapter 760

Plaintiff complained to the officers that he was not the culprit to the alleged odor that was sighted as the causation of the issue.

The defendants denied the Constitutional Rights that protect against a person in receiving unreasonable searches through the Eighth (8) Amendment, as Odor alone cannot be the sole basis for a probable cause search. State v. Nord, 28 Fla. L. Weekly Supp. 511 (Fla. 20th Cir. Ct. Aug. 8, 2020) or (Johnson v. United States (1948).

Whenever any person, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any other person of rights secured by the State Constitution or laws of this state,

The Attorney General may bring a civil or administrative action for damages, and for injunctive or other appropriate relief for violations of rights secured.

Any damages recovered under this section shall accrue to the injured person. The civil action shall be brought in the name of the state and may be brought on behalf of the injured person.

FIFTH CAUSE OF ACTION

FIRST AMENDMENT

RIGHT TO EXPRESSION

42 U.S.C. § 1988

The First Amendment has protections that prohibited the Plaintiff from being restricted of his freedoms and expressions. A right to expression may be an individual characteristic that are focused on identity dynamics, and protects the integrity of individualism through communication, religion and traits.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 11

If, malodourous, the Plaintiff would have been denied the right to expression of an individual characteristic or freedom to convey scent, such as the choosing of a cologne fragrance.

Models of human behavior are commonly made assumptions of (1) that people process stable preferences and goals, and (2) that these preferences are general individualistic nature. It is prejudicial to agree and permit to the approval of one passenger's scent, and not the other because you do not find it favorable, as the next person may enjoy the scent.

Regardless the Plaintiff was denied the right to express this individual trait or characteristic, and is a violation of the First Amendment, and consequences should not have resulted because of favorable or unfavorable smells.

SIXTH CAUSE OF ACTION

INTERFERENCE WITH CONSTITUTIONAL RIGHTS

10 U.S.C. § 253

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

Defendants interfered with Plaintiffs' constitutional right entitling them to equal.

Defendants adopted the conduct, through their officers, directors, managing, agents, or supervisory employees. They further ratified the conduct by failing to take appropriate prompt remedial action.

A substantial motivating reason for Defendants' conduct was Plaintiffs' race.

Defendants interfered with Plaintiff right to be free from discrimination on the basis of race as set forth above, and permitted traveling conditions that denied Plaintiff their Constitutional right entitling them to equal protection.

Defendants' conduct caused Plaintiff to suffer, and continue to suffer and continue to suffer damages as set forth above.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 12

By reason of the conduct of Defendants as alleged herein, Plaintiff have necessarily retained attorneys to prosecute the present action. Plaintiff are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper and evil motive amounting to malice.

Plaintiffs are thus entitled to recover punitive damages from Defendants in an amount according to proof.

<u>SEVENTH CAUASE OF ACTION</u>

EQUAL PROTECTION

42 U.S.C. § 1983

The End Racial Profiling bill has been introduced but has not become effective law to provide further guidance on racial profile; In addition, to the general context of the Civil Rights Act of discrimination based on the protected status of race and color; But this enacted into policy and procedure would significantly reduce prejudice treatment based on singlism, and profiling minorities.  The purpose of the bill is to eliminate racial, religious and other discriminatory profiling by law enforcement, and for other purposes.

Racial profiling harm's individuals subjected to it because they experience fear, anxiety, humiliation, anger, resentment, and cynicism when they are unjustifiably treated as criminal suspects. By discouraging individuals from traveling freely, racial profiling impairs both interstate and intrastate commerce.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 13

Racial profiling violates the Equal Protection Clause of the Constitution and due process. Using race, ethnicity, or national origin as a proxy for criminal suspicion violates the constitutional requirement that police and other government officials determined belongs to all citizens through the equal protection of the law.

"The constitutional basis for objecting to intentionally discriminatory application of the laws is the Equal Protection

-*Whren v. United States*, 517 U.S. 806, 813 (1996).

-Arlington Heights v. Metropolitan Housing Development Corporation, 429 U.S. 252 (1977).

<u>EIGHTH CAUSE OF ACTION</u>

FALSE ACCUSATION

18 U.S.C. § 287

Plaintiff was discriminated against by the false accusation of presenting an odor.

Upon removal of the aircraft, law enforcement confirmed that he was not the culprit to an odor. It normally would not result to a safety concern of unfavorable smells, except in the case of possessing illegal contraband, but airline employees do not have the authority to engage in implicit bias because of individual racist theories, based on race, color, or attitudes or feelings about a person's particular outward appearance; But, the non-existence of the alleged odor alone does not permit any additional racial profiling.

The Defendant, Frontier Airlines, based their assumptions, derived and formulated, on personal identity dynamics and racial pretenses prohibited in the Civil Rights Act of 1964 and Equal Protection laws, of race and color, and used an implicit attitude theory by the personal view, attitude or feeling about the Plaintiff. These types of assumptions are racially driven and formulated by experiences, and an outward opinion about a protected group that should not be used in a corporate setting that prohibits discrimination and negative treatment because of a personal view.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 14

1

2   Plaintiff is an African American male but does not recreationally or medically, use any type of illicit drugs or

3   marijuana usage. These types of hostile situations with the large volume of law enforcement, removal from aircraft

4   and airline policy for odor is "normally based" on illegal activity motives, and Frontier Airlines did not have the

5   right to violate the Plaintiffs' Constitutional rights.

6

7

8

9                                    NINTH CAUSE OF ACTION

10

11                                    FEDERAL TORT CLAIM ACT

12                                        28 U.S.C. 2672

13

14   The Plaintiff suffered personal injury damages caused by the negligent or wrongful act or commission of an

15   employee of the federal government.

16

17   Plaintiff does not believe that there was an alleged odor as it was confirmed to be a false accusation and the law

18   enforcement officers may have engaged in omission of the actual fact, but due to the wrongful act of being

19   victimized by false accusation injury has been the result.

20

21

22   The Federal Tort Claims Act provides a legal means for compensating individuals who have suffered in exception to

23   government agency immunity.

24

25   Plaintiff request for compensatory recovery for the personal injuries suffered of emotional distress: anxiety,

26   humiliation, anger, resentment, and cynicism.

27

28   COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
     CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
     TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>TENTH CAUSE OF ACTION</u>

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(As to Plaintiff; Against All Defendants)

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

As a consumer and passenger of Defendant, Plaintiff we're owed a duty of care by the Defendant, to ensure that Plaintiff did not receive preventable personal injuries.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harm.

As statistics have proven that these type of false accusations and prejudices, create a public disturbance, but inflicts injuries through serious emotional distress.

Defendants, each of them, failed to exercise their duty of care by immediately providing remedy by returning to the seat on the plane, and after confirmation of the false accusation of malodor. They subjected the Plaintiff to additional ridicule and induced fears instead of preventing added distress, and more racial harassment, discrimination, retaliation, breach of liberty.

As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 16

distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety,

defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and

more.

Defendants have endangered Plaintiff by falsely persecuting him in false allegations that are not illegal in anyway,

shape or form, and has chosen to racially profile, even with the possibilities of creating significant personal injuries

and damaging integrity of the Plaintiff; Defendants' engagements have been predisposed as malicious, intentional in

nature, and without valid justification, to cause violation to the legal rights and safety of the Plaintiff, and not in

compliance with standard (DOT) rules or procedures and sinfully amounting to malice and morality.

Plaintiff are entitled to recover punitive damages in the amount of burden to proof.


ELEVENTH CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS


Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.


As a consumer of Defendants', Plaintiff was owed a duty care to protect and safeguard the integrity, and well-being

of the passenger in the airport and on the flight, and ensure that Plaintiff was not subjected to preventable personal

injury harms.


Plaintiff complained that he did not engage in any illegal activity, and did not have any odor that was unbearable. If,

omitted by employees of the airline, Aviation Authority or law enforcement; Plaintiff did not smell like any illicit or

marijuana drugs, and does not engage in any illicit drugs.


COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 17

Defendants failed to take the appropriate remedial action, and knowingly, created a significant public disturbance that increased beyond the passengers that had boarded plane with the Plaintiff, by including the entire West Palm Beach Airport, and the Defendants knew that he would continue to be scrutinized by the negative views associated with detainment and law enforcement personnel, and would suffer extreme emotional and mental distress.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harms.

As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety, defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and more.

<u>TWELFTH CAUSE OF ACTION</u>

BREACH OF CONTRACT-REQUIRED TERMS

41 U.S. Code § 6503

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

As a consumer of Defendants', Plaintiff was owed a duty care to protect and safeguard the integrity, and well-being of the passenger in the airport and on the flight, and ensure that Plaintiff was not subjected to preventable personal injury harms.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 18

1

2
Defendants failed to provide the designated trip.

3

4
Defendants failed to refund the ticket.

5

6
Defendants failed to take the appropriate remedial action, and knowingly, created a significant public disturbance

7
that increased beyond the passengers that had boarded plane with the Plaintiff, by including the entire West Palm

8
Beach Airport, and the Defendants' knew that he would continue to be scrutinized by the negative views associated

9
with detainment and law enforcement personnel, and would suffer extreme emotional and mental distress.

10

11

12
Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial

13
harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that

14
they exercise due care, by failing to conduct a thorough investigation of the concern, to prevent racial harassment,

15
discrimination, and its accompanying harm's.

16

17

18
As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional

19
distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety,

20
defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and

21
more.

22

23
Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial

24
harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that

25
they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment,

26
discrimination, and its accompanying harms.

27
COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.

28
CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 19

1

2

3

THIRTEENTH CAUSE OF ACTION

NEGLIGENCE

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

Upon receiving any complaint about an alleged odor, employees of Frontier Airlines have an obligation to evaluate the circumstances to make sure that the issue permits any type of intervention, in order to protect the rights and duty of care of the passenger, and through an investigation of facts, the airline should have known or would have concluded that the issue did not rise to the level of safety for a passenger removal, and the airline employees would have been able to safeguard the integrity of the Plaintiff by preventing the illegal racial harassment and physically aggressive behaviors, by validating the claim and the level of seriousness.

Defendants had a duty not to engage in these wrongful acts, and the supervisor and pilots, maintained the operational responsibility to prevent this type of activity of wrongful treatment, threatening and implicitly racially driven by assertion.

Defendants failed to supervisor their staff correctly in their decision making to remove the passengers and involve the Sheriff's Department and Palm Beach Department of Airports. Defendant's actions were intentional with disregard to company standards, and enforcement of an odor policy was very offensive and demeaning.

As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety, defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and more.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 20

1   Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial

2   harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that

3   they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment,

4   discrimination, and its accompanying harms.

5

6                      FOURTEENTH CAUSE OF ACTION

7

8          WRONGFUL REMOVAL IN VIOLATION OF PUBLIC POLICY

9   Defendant, Frontier Airlines, failed to follow the standard policy and procedure required from the regulating

10  Department of Transportation agency.

11

12  Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial

13  harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that

14  they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment,

15  discrimination, and its accompanying harms.

16

17

18

19                    FIFTEENTH CAUSE OF ACTION

20                        PERGURY

21                FLORIDA STATUTE § 836.012

22  When perjury does not occur in an official proceeding, it can be charged under the Florida statute, as a third-degree

23  felony and punishable for up to five (5) years.

24  Plaintiff was falsely accused of a random odor that was not at the level of safety and security.

25  Defendants cannot place prejudice and independent discrimination on human body odor, due to the discretionary

26  appeasement of scents, and because of the potential infringement of the American Disabilities Act, prohibiting

27  COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.

28  CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 21

1  discrimination of people with medical conditions.

2

3  The Plaintiff did not engage in any illegal activity, and normally, an odor alert promulgated in the airport or airline

4  has concerns of illicit drugs, and commonly marijuana.

5

6  The Plaintiff believes that Defendant, Frontier Airlines untruthfully, told law enforcement and airport security that

7  they had suspicion of illegal activity that was drug affiliated, and alleged that they smelled an odor of an illegal

8  substance.

9

10

11  The plaintiff does not recreationally or medically use any types of illicit drugs.

12  The allegation was untrue and invalid as reported to the Sheriff Department.

13

14                                      REQUEST FOR RELIEF

15  Plaintiff request judgement, SIXTY MILLION DOLLARS ($60,000,000), against the Defendant for the

16  information supplied above and says:

17  General damages according to proof and no less than jurisdictional limit in this court.

18

19  Special Damages in an amount according to proof, including prejudgment.

20  Civil penalties pursuit to 49 U.S.C. § 40127(a), 28 U.S.C. 2672, 18 U.S. Code § 287, 10 U.S.C. § 253, 42 U.S.C. §
    1988, Title XLIV: Chapter 760, Title VI, 42 U.S.C. § 200, Title VI, 42 U.S.C. § 2000d. F.S § 836.012

21
22  If, and with legal modifiers, an attorney retained for the case fees and cost, as related.

23  Exemplary and punitive damages in an amount according to proof.

24  Interest is provided by law.

25  Cost of suit accrued herein.

26  Injunctive relief for the Defendants to better train their staff on racial discrimination, and the effects of not

27  protecting the Plaintiff by the owed duty of care, and develop better policies and procedures to ensure that wrongful

28  COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
    CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
    TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 22

acts are not committed because of false accusations, resulting in any type of prejudice by racial harassment or racial profiling, and remedial action is taken so further harm is not caused including their integrity.

The court may include additional relief, to wit is only right and fair.

July 08, 2022

Channing Hutchins

Pro Se Litigant

Demand for Jury Trial

Plaintiff hereby demand a jury trial for all issues.

July 08, 2022

Channing Hutchins

Pro Se Litigant

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 23

**Notification of Service**

CH  **Channing Hutchins**
    To: Zemlicka, Brittney
    Thu 1/12/2023 9:10 PM

···

Frontier Airlines Inc Affida...
PDF - 2 MB

Dear Ms. Brittney Zemlicka,

Frontier Airlines has been officially served. This copy is for your company to be proactive in responding.

Sincerely,

Channing Hutchins
Mobile: (206) 504-6072
Email: channinghutchins@outlook.com

↩ ⌄  Reply

**Hutchins v. Frontier Airlines, et al.**

---

BM   **Brian T. Maye**
To: channinghutchins@outlook.com  + 1

Wed 2/1/2023 4:33 PM    View more

> Channing Hutchins vs Frontie...
> PDF - 1 MB

---

Mr. Hutchins,

I represent Frontier Airlines in your recently filed lawsuit (see attached). Can you please give me a call to discuss the case?

Thank you.

Brian

Brian T. Maye
**ADLER MURPHY & McQUILLEN LLP**
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Main: (312) 345-0700
Direct: (312) 422-5713
Mobile: (312) 286-5117
Facsimile: (312) 345-9860
www.amm-law.com

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us and delete the original message.

---

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us and delete the original message.

↩ ∨   Reply all



**CIRCUIT COURTS OF FLORIDA**
IN THE FIFTEENTH JUDICIAL CIRCUIT COURT OF PALM BEACH COUNTY

| | |
|---|---|
| MR. CHANNING HUTCHINS, | Case No.: 50-2023-CA-000107-XXXX |
| Plaintiff, | |
| vs. | |
| FRONTIER AIRLINES INCORPORATED, | |
| PALM BEACH COUNTIES DEPARTMENT OF AIRPORTS | |
| PALM BEACH COUNTY SHERIFF OFFICE | |
| Defendant | |

**DEFAULT**

A default is entered in this action against Respondent for failure to serve or file a response or any paper as is required by law.

I certify that a copy of this document was faxed and mail delivered to the person(s) listed below upon issuance:

Other party or his/her attorney:

Name: Juan R. Serrano/ Cecelia Torello

Address: 707 Southeast 3rd Avenue

City, State, Zip: (949) 462-4009

Clerk of Courts

Date:

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

MR. CHANNING HUTCHINS                           GENERAL JURISDICTION DIVISION

      Plaintiff,                                    CASE NO. 50-2023-CA-000107-XXXX

v.

FRONTIER AIRLINES, INC.; PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS; PALM BEACH COUNTY
SHERIFF OFFICE

      Defendants.

_____/

## NOTICE OF HEARING

    PLEASE TAKE NOTICE that the undersigned will call up for hearing on **Defendant's Motion for Extension of Time to Respond to Complaint** before the **Honorable Luis Delgado** on **Thursday, February 16, 2023, at 8:45 am, via Zoom**: https://us02web.zoom.us/j/85056337361, **Meeting ID: 85056337361**, as agreed to by counsel.

PLEASE GOVERN YOURSELF ACCORDINGLY.

    "If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

1

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via electronic mail pursuant to Fla. R. Jud Admin 2.516, and U.S. Mail to Mr. Channing Hutchins at 6921 Breakenwood Drive, Dayton, Ohio 45424 on February 3, 2023, to all parties on the attached service list.

> **GRIFFIN & SERRANO, P.A.**
> Attorneys for Frontier Airlines
> Blackstone Building, Sixth Floor
> 707 Southeast 3rd Avenue
> Fort Lauderdale, Florida 33316
> Phone: (954) 462-4002
> Fax: (954) 462-4009
>
> /s/ Cecilia Torello
>
> _____
> Juan R. Serrano
> Florida Bar No. 319510
> Cecilia Torello
> Florida Bar No. 1018230

2



# Division AG

# Scheduling Complete

**Your UMC hearings have been successfully scheduled. Please print this page for your records.**

**Date:** 02/16/2023 (Thursday)                    **Time:** 08:45 AM

**Click here to submit a proposed order for this hearing.** (../proposed_order_upload.php?case=50-2023-CA-000107-XXXX-MB&event_cases_id=449356833&div=AG)

**Click here to submit a Notice of Hearing for this hearing.** (../courtesy_copy_upload.php?case=50-2023-CA-000107-XXXX-MB&event_cases_id=449356833&div=AG)

| Confirmation | Division | Case Number | Case Style | Zoom ID |
|---|---|---|---|---|
| 50-2023-CA-000107-XXXX-MB-4ba647fc | AG | 50-2023-CA-000107-XXXX-MB | HUTCHINS, CHANNING V FRONTIER AIRLINES INC | 85056337361 |
| **Motion:** Frontier Airlines, Inc's Motion for Extension of Time to Respond to Complaint (../supporting_docs/50-2023-CA-000107-XXXX-MB_2023-02-02MotionForExtensionOfTimetoRespondtoComplaint.pdf) | | | | |

| Confirmation | Division | Case Number | Case Style | Zoom ID |
|---|---|---|---|---|

# Zoom Meeting Information:

Division AG is inviting you to a scheduled Zoom meeting.

Topic: Division AG Zoom Meeting

Join Zoom Meeting
https://us02web.zoom.us/j/85056337361 (https://us02web.zoom.us/j/85056337361)

Meeting ID: 85056337361

Dial-in Information

    +1 8884754499 US Toll-Free

    +1 8778535257 US Toll-Free



Schedule UMC Hearings



My Firm's UMC Hearings for AG

**Law Firm Portal    OLS Home    Help    Log Out**

**CIRCUIT COURTS OF FLORIDA**
IN THE FIFTEENTH JUDICIAL CIRCUIT COURT OF PALM BEACH COUNTY

MR. CHANNING HUTCHINS,

Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

PALM BEACH COUNTIES DEPARTMENT OF
AIRPORTS

PALM BEACH COUNTY SHERIFF OFFICE

Defendant

Case No.: 50-2023-CA-000107-XXXX

**DEFAULT**

I, Mr. Channing Hutchins (Plaintiff), request for the Clerk of Courts to enter default in this action against

respondent, and for failure to serve, or file a response or any paper within the 20 day deadline, mandated

through the summons as is required by law. (Florida Rules of Civil Procedure 1.500- DEFAULTS AND FINAL

JUDGEMENTS THEREON (A) by the Clerk.)

*I certify that a copy of this document was e-served through the courts e-filing portal for delivery to the person(s)*

*listed below upon issuance: Juan R. Serrano/ Cecelia, 707 Southeast 3rd Avenue,  Fort Lauderdale, Florida,*

*33316, (949) 462-4009.*

_____

Channing Hutchins

February 06, 2023

_____

Date: