**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-80210-ROSENBERG**

CHANNING HUTCHINS,

    Plaintiff,
v.

FRONTIER AIRLINES, INC., and PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS, and PALM BEACH
COUNTY SHERIFF OFFICE,

    Defendants.
_____/

**ORDER OF INSTRUCTIONS TO *PRO SE* LITIGANTS**

Plaintiff in this case is proceeding *pro se*. It is therefore important that Plaintiff be advised of essential requirements concerning this case. It is therefore **ORDERED** as follows:

1. It is the responsibility of Plaintiff to keep the Court advised of his or her current address at all times. If Plaintiff's address changes and no change of address is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution. A change of address must be labeled "Notice of Change of Address" and must not include any motions or other information except for the new address and the effective date of the change.

2. It is the responsibility of Plaintiff to provide the full name, title, if any, and address of the Defendant(s). If service cannot be accomplished upon a Defendant due to lack of information provided by Plaintiff, the case may be dismissed as to that Defendant(s). If there is only one Defendant and service cannot be achieved, the entire case may be dismissed.

3. Plaintiff is instructed that the Court has no legal authority to appoint counsel for the Plaintiff in a civil case.  In *extraordinary* cases, the Court can *request* a lawyer to represent Plaintiff, but such cases are rare, and no appointment can be made in any civil case.

4. Plaintiff shall serve upon the Defendant(s) and the Defendant(s) upon Plaintiff, or, if appearance by counsel has been entered, upon their respective counsel, copies of all pleadings or other documents submitted for consideration by the Court. This means that before counsel has appeared for the Defendant(s), Plaintiff shall send to the Defendant(s) personally a copy of every pleading, motion, or other paper submitted to the Court. After counsel has appeared for the Defendant(s), the copy shall be sent directly to counsel for the Defendant(s), rather than to the Defendant(s) personally.  Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendant(s) or counsel for Defendant(s). If any pleading, motion, or other paper submitted to the Court does not include a certificate of service upon the Defendant(s) or counsel for the defendant(s), it will be stricken by the Court.

6. All pleadings must include the case number at the top of the first page. The parties shall send the original of every pleading or document to the Clerk of this Court.  Each submission shall include (1) a copy of the pleading or document, and (2) a certificate of service stating the date a true copy of the pleading or document was sent to the opposing party(ies) and/or counsel for such party(ies).

7. **No original pleading, document, or e-mail shall be sent directly to a Judge or Magistrate of this Court**.  All filings must be sent to the Clerk of the Court.  Any paper or e-mail submitted directly to a Judge or Magistrate rather will be disregarded by the Court.

8. **<u>Plaintiff is instructed not to send letters to the Court or to the Clerk</u>**. All documents must be filed in accordance with the Federal Rules of Civil Procedure and copies must be furnished to opposing counsel. No letter to the Court will be answered. Plaintiff must understand that letters are not motions or pleadings and are therefore not docketed in the case.

9. A *pro se* litigant and his or her family, friends, or acquaintances must not call any Judge's office. No information about the case can be obtained from the Judge's office. Brief case status information contained on the docket sheet may be available from the Clerk of Court, but no Court employee can provide legal advice to any litigant, *pro se* or otherwise. One exception exists to this rule. A *pro se* party or counsel may call a Judge's office with questions about scheduling, court dates, or courtroom protocols.

10. Plaintiff has no counsel to assist in the discovery process. Attention is therefore drawn to Federal Rule of Civil Procedure 26(a), which lists the various forms of discovery available in civil cases. Plaintiff is instructed that the Court will not grant any motion by a *pro se* plaintiff to take depositions, but will otherwise permit reasonable, relevant discovery by the methods described in the Federal Rules of Civil Procedure.

11. It is Plaintiff's responsibility to actively pursue this case, obtain any essential discovery, file all necessary pleadings and motions and otherwise comply with all scheduling orders and prepare the case for trial. Failure to do this will probably result in dismissal of the case for lack of prosecution.

12. At the conclusion of the case the Court may tax costs against the losing party or parties.

13. Plaintiff is required to review Local Rule 7.1. Plaintiff must comply with Local Rule 7.1. If Plaintiff fails to file a timely response to an opposing motion, the Court may grant the motion by default, without further notice to Plaintiff, due to Plaintiff's failure to comply with the

Local Rules.  Similarly, Plaintiff is required to comply with the conferral requirements of Local Rule 7.1.  If Plaintiff repeatedly fails to confer with opposing counsel in good faith, which the Local Rule requires, this Court may sanction Plaintiff, as appropriate, including, but not limited to, the dismissal of Plaintiff's case.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of February, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to all counsel of record.