UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CHANNING HUTCHINS  CASE NO. 23-CV-80210-ROSENBERG

    Plaintiff,

v.

FRONTIER AIRLINES, INC.; PALM BEACH COUNTIES DEPARTMENT OF AIRPORTS; and PALM BEACH COUNTY SHERIFF OFFICE

    Defendants.
_____/

**DEFENDANT FRONTIER AIRLINES INC.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support of its Motion to Dismiss, Frontier submits the following:

**I.     INTRODUCTION AND PROCEDURAL BACKGROUND**

On January 14, 2019, Plaintiff Channing Hutchins ("Plaintiff") was a scheduled passenger on Frontier flight 257, from Palm Beach, Florida to Columbus, Ohio. (See Plaintiff's Complaint ("Complaint") at p. 4, attached as **Ex. A**) Plaintiff was removed from the flight by law enforcement after complaints about foul smells emanating from his body. *Id.* at pp. 5-8.

On January 6, 2023, Plaintiff filed a complaint against Frontier, Palm Beach Counties (*sic*) Department of Airports, and Palm Beach County Sheriff Office in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida, asserting a myriad of claims rooted in federal law, including: (1) racial discrimination pursuant to 42 U.S.C. § 1981; (2) racial discrimination pursuant to 42 U.S.C. § 2000(d); (3) loss of freedom pursuant to 10 U.S.C. § 897;

1

(4) First Amendment violations pursuant to 42 U.S.C. § 1988; (5) interference with constitutional rights per 10 U.S.C. § 235; (6) violation of equal protection rights per 42 U.S.C. § 1983; (7) false accusation per 18 U.S.C. § 287; (8) violation of the Federal Tort Claims Act per 28 U.S.C. § 2672; and (9) breach of contract pursuant to 41 U.S.C. § 6503. *See id.* On February 8, 2023, Frontier removed this action to the United States District Court for the Southern District of Florida under federal question jurisdiction. See ECF No. 1.

The Court should dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## MEMORANDUM OF LAW

**II.    LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 556). Dismissal under Rule 12(b)(6) may be based on (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Although *pro se* pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a district court should dismiss a *pro se* complaint if it fails to state a claim upon which relief can be granted.

2

GRIFFIN & SERRANO, P.A.
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

### III.   ARGUMENT

**Plaintiff's claims fail to state a claim upon which relief can be granted.**

   A.  **First Cause of Action - 42 U.S.C. § 1981**

In his introductory paragraph of the Complaint, Plaintiff concedes that his removal from the aircraft is subject to the "permissive refusal" standard in the Federal Aviation Act (FAA). (See Complaint at p. 1) Under 49 U.S.C. § 44902(b), an air carrier cannot be held liable for refusal to transport to a passenger if "the carrier decides [the passenger] is, or might be, inimical to safety." *Xiaoyun Lu v. Airtran Airways, Inc.,* 631 F. App'x 657, 660-61 (11th Cir. 2015), quoting *Cerqueira v. Am. Airlines, Inc.*, 520 F.3d 1, 12 (1st Cir. 2008). The air carrier's refusal "discretion is very broad." *Id.* While § 44902(b) does not preclude a plaintiff from challenging a removal decision through a § 1981 claim, it does require that "the air carrier's decision to refuse air transport must be shown to be arbitrary or capricious." *Cerqueira*, 520 F,3d at 14; *see also Karrani v. Jet Blue Airways Corp.*, 825 F. App'x 535, 536 (9th Cir. 2020); *Xiaoyun Lucy Lu v. AirTran Airways, Inc.*, 631 F. App'x 657, 661 (11th Cir. 2015).

Generally, airlines have broad authority to decline to carry passengers for safety reasons because "Congress has, by statute, explicitly given safety the highest priority." *Cerqueira v. Am. Airlines, Inc.*, 520 F.3d at 13. There is no duty on the part of the Captain to investigate recommendations by flight attendants for removal of a passenger, and the Captain is entitled to take representations of flight attendants at face value. *Cordero v. Cia Mexicana de Aviacion, S.A.*, 681 F.2d 669, 672 (9th Cir. 1982); *Christel v. AMR Corp.*, 222 F. Supp. 2d 335 (E.D.N.Y.

3

2002) (decision to eject a passenger from the plane for, among other things, repeated failure to shut down a portable electronic device not arbitrary or capricious "[e]ven if the battle of the egos escalated to [the flight attendant] making exaggerated or even false representations to the Captain").

Here, Plaintiff fails to plausibly allege that racial animus was the but-for cause of the Captain's decision to remove him from the flight as required to state a § 1981 claim. *See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1014, 206 L. Ed. 2d 356 (2020) (requiring § 1981 plaintiffs to plead but-for causation between animus and injury); *see also Mercer v. Southwest Airlines Co.*, Civ. No. MEJ-13-5057, 2014 U.S. Dist. LEXIS 132069, 2014 WL 4681788 at *7 (ND. Cal. Sept. 19, 2014) ("[A]lthough Plaintiff has alleged that he was treated unfairly by Southwest flight crew, he does not allege any facts that link the mistreatment to intentional radial discrimination."). Although Plaintiff's Complaint makes a number of allegations that third parties he later encountered were not offended by his body odor, such allegations do not establish that Frontier's decision to remove him was motivated by racial animus. *See Mercer*, 2014 U.S. Dist. LEXIS 132069, 2014 WL 4681788, at *7 (granting Motion to Dismiss where "Plaintiff does not allege that he was treated differently than similarly situated Caucasian passengers on the flight, or that there was any reference to his race at all.").

In applying the but-for causation test under § 1981, courts have held that a claim is rendered implausible if the complaint identifies an **"independent, non-discriminatory reason"** for the alleged contractual impairment. (Emphasis added) *Banner Health*, 515 F. Supp. 3d 1026, 1035 (D. Ariz. 2021) (quoting *Astre v. McQuaid*, 804 F. App'x 665, 667 (9th Cir. 2020)). (Emphasis added). In *Banner Health*, a doctor of Arabian descent brought a suit under various

4

theories, including § 1981. He claimed his Physicians Services Agreement (PSA) with a network of hospitals was revoked on the basis of his race. The district court dismissed the § 1981 claim after determining that the complaint identified multiple independent, non-discriminatory reasons for the alleged impairment. For instance, the plaintiff alleged the defendant doctors wanted to "make him an example" after he testified against them in a wrongful death case, and they were upset that he was the only doctor who "directly competed with them." The court ruled that these allegations gave rise to inferences that the plaintiff's alleged contractual impairments were caused by his adverse testimony and the jealousy of the other doctors – not just by his race. *Banner Health*, 515 F. Supp. 3d at 1036.

In support of its ruling, the *Banner Health* court looked to *Domino v. Kentucky Fried Chicken*, No. 19-CV-08449-HSG, 2020 U.S. Dist. LEXIS 182265, 2020 WL 5847306 (N.D. Cal. Oct. 1, 2020). There, the plaintiff alleged that a restaurant's employees used racial slurs and gave favorable treatment to a patron of a different race. The restaurant's manager allegedly said the plaintiff had complained about the chicken not being warm enough during a previous encounter. The manager added, "that's that N**** who walks in here looking at the food and leaves without making a purchase." Citing *Comcast*, the district court held:

> "Plaintiff must plead that racial discrimination was the but-for cause of being denied service at the restaurant. Because Plaintiff alleges the employees were also *motivated by previous, personal interactions* with Plaintiff (complaints and refusal to purchase food), he fails to state a § 1981 claim." (Emphasis added). *Id.* at *6 (N.D. Cal. Oct. 1, 2020).

Here, Plaintiff alleges in his Complaint that "[w]e should be able to agree that an unpleasant smell does not have a significant level of risk that would permit nearly twenty (20), sheriff officers for a cooperative passenger." (Complaint at p. 2). He also claims that he was "denied the right to expression of an individual characteristic or freedom to convey scent."

5

(Complaint at p. 12) In other words, Plaintiff admits that a reason for his removal was a smell emanating from his body. While he disagrees that "an unpleasant smell" justified the involvement of "nearly twenty (20) sheriff officers for a cooperative passenger," his allegations establish that there was an "independent, non-discriminatory reason" for the removal. *Banner Health*, 515 F. Supp. 3d at 1035.

Accordingly, the facially reasonable decision to remove Plaintiff from the flight is protected by § 44902(b).

### B. Second Cause of Action - 42 U.S.C. § 2000d

Plaintiff contends that Frontier's removal from his flight violated Title VI of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race "under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. However, Plaintiff fails to identify the federal financial assistance Frontier allegedly received from the federal government. Further, Plaintiff fails to plead facts connecting any alleged receipt of federal financial assistance to the alleged discrimination. See *MCO Airport Concessions, LLC v. Greater Orlando Aviation Auth.,* No. 6:11-cv-742-Orl-22GJK, 2012 U.S. Dist. LEXIS 208103, at *25 (M.D. Fla. Feb. 14, 2012) (Courts have interpreted Title VI as requiring "a logical nexus" between the use of federal funds and the alleged discrimination). Therefore, Plaintiff's Second Cause of Action fails to state a claim and should be dismissed.

### C. Third Cause of Action - 10 USCS § 897

Plaintiff seeks relief under 10 USCS § 897. The statute provides: "Any person subject to this chapter who, except as provided by law, apprehends, arrests, or confines any person shall be

6

**GRIFFIN & SERRANO, P.A.**
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

punished *as a court-martial may direct*." 10 U.S.C. § 897 (emphasis added). This statute is clearly inapplicable and does not provide the basis for a cognizable claim.

### D. Fourth Cause of Action - Title XLIV: Chapter 760 (Discrimination in the Treatment of Persons; Minority Representation)

Plaintiff vaguely refers to Title XLIV: Chapter 760 as the basis for his Fourth Cause of Action. This claim fails on its face because Plaintiff has failed to exhaust his administrative remedies prior to filing his complaint in state court. See § 760.11 Fla. Stat. Ann. (2019). He also failed to file his claim prior to the expiration of the statute of limitations. *Id.*

### E. Fifth Cause of Action - First Amendment, Right to Expression

Plaintiff's Fifth Cause of Action fails because Frontier is not a government actor. "That Congress shall make no law . . . abridging the freedom of speech . . . is a restraint on government action, not that of private persons." *Columbia Broad. Sys., Inc. v. Democratic Nat'l Comm.*, 412 U.S. 94, 114, 93 S. Ct. 2080, 36 L. Ed. 2d 772 (1973) (quotation marks omitted). There can be no First Amendment violation absent governmental action. *United Egg Producers v. Standard Brands, Inc.*, 44 F.3d 940, 942 (11th Cir. 1995). "[I]f, for constitutional purposes, every private right were transformed into governmental action by the mere fact of court enforcement of it, the distinction between private and governmental action would be obliterated." *Id.* at 943 (quotation marks omitted).

### F. Sixth Cause of Action – Interference with Constitutional Rights – 10 U.S.C. § 253

10 USC § 253 are powers granted to the President of the United States. This statute has no applicability here.

### G. Seventh Cause of Action – Equal Protection – 42 USC § 1983

7

**GRIFFIN & SERRANO, P.A.**
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

To state a claim under section 1983, a defendant must act under color of state law. 42 U.S.C. § 1983 ("under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia"). *Siu Man Wu v. United Food & Commer. Workers Union, Local 367*, No. C13-748RAJ, 2014 U.S. Dist. LEXIS 81262, at *14 (W.D. Wash. June 13, 2014). Frontier is not a government entity. Therefore, this claim fails as a matter of law.

### H.   Eighth Cause of Action – False Accusation – 18 USC § 287

The False Claims Act sets criminal and civil penalties for falsely billing the government, over-representing the amount of a delivered product, or understating an obligation to the government.  This statute has no applicability here.

### I.   Ninth Cause of Action – Federal Tort Claim Act – 28 U.S.C. 2672 (*sic*)

Under the Federal Tort Claims Act, individuals who are injured or whose property is damaged by the wrongful or negligent act of a federal employee acting in the scope of his or her official duties may file a claim with the government for reimbursement for that injury or damage. See 28 USC 2671, *et seq*. Frontier is not a government entity. Therefore, this statute has no applicability here.

### J.   Tenth Cause of Action – Negligent Infliction of Emotional Distress

In his Tenth Cause of Action, Plaintiff alleges he is entitled to relief under a negligence theory because he was subjected to racial harassment and discrimination. However, a cause of action for negligent racial discrimination does not exist. *See Cummings v. Vill. of Port Chester*, No. 08 Civ. 6940 (LMS), 2013 U.S. Dist. LEXIS 202987, at *31 n. 17 (S.D.N.Y. July 3, 2013) (stating that "[t]o the extent that Plaintiff's allegation implies a state law claim for negligent discrimination, the Court knows of no legal support for such a claim")). Rather, it is a discrimination claim, which Plaintiff has asserted in his § 1981 cause of action.

8

GRIFFIN & SERRANO, P.A.
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

### K.   Eleventh Cause of Action – Intentional Infliction of Emotional Distress

To succeed on a claim for intentional infliction of emotional distress under Florida law, a plaintiff must prove: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985)). The second element — the requirement of "outrageous" conduct – is measured by an objective test. *Hamon v. Casa Casuarina, LLC*, No. 10-20457, 2010 WL 11442754, at *2 (S.D. Fla. June 18, 2010) (citing *Vernon v. Med. Mgmt. Assoc. of Margate, Inc.*, 912 F. Supp. 1549, 1557 (S.D. Fla. 1996)). Additionally, "the question of what constitutes outrageous conduct is a question of law to be resolved by the court, not a question of fact for a jury." *Id.*

To constitute as "outrageous" conduct, it is not "enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice[.]" *Metro. Life Ins.*, 467 So. 2d at 278. To meet the objective outrageousness standard, the conduct in question must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 278-79 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). "While there is no exhaustive or concrete list of what constitutes outrageous conduct, Florida common law has evolved an extremely high standard." *Garcia v. Carnival Corp.,* 838 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012) (internal quotation marks omitted).

Here, Plaintiff fails to identify any conduct allegedly committed by Frontier that could be construed as "outrageous" under Florida law.   Instead, Plaintiff takes issue with Frontier's

9

request for the assistance of law enforcement, suggesting that such request was unjustified. Requesting law enforcement's assistance to address a safety issue, however, is not "atrocious" or "utterly intolerable in a civilized community." To the extent the claimed "outrageous" conduct is alleged discrimination, that would be redundant with Plaintiff's Section 1981 claim. Accordingly, Plaintiff's Eleventh Cause of Action fails to state a viable claim.

      L.    **Twelfth Cause of Action – Breach of Contract under 41 U.S. Code § 6503**

41 U.S. Code § 6503 pertains to a contract made by an agency of the United States. See 41 U.S. Code §§ 6502, 6503. Plaintiff cannot assert a claim against Frontier under this statute given that Frontier is not an agency of the United States.

To the extent Plaintiff is attempting to bring a claim under Frontier's contract of carriage, such claim would fail because Plaintiff fails to identify a specific contractual undertaking that was breached. This omission alone is fatal to Plaintiff's breach of contract claim. Plaintiff cannot pursue a claim for breach of contract without identifying specific contractual language which Plaintiff contends Frontier violated.

Additionally, Plaintiff's breach of contract claim is preempted by the Airline Deregulation Act. Congress enacted the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b) ("ADA"), to deregulate the operation of domestic airlines. *Morales v. TWA*, 504 U.S. 374, 378 (1992). Specifically, Congress's goal in enacting the ADA was to ensure that transportation rates, routes, and services reflect maximum reliance on competitive market forces, thereby stimulating efficiency, innovation, and low prices, as well as variety, and quality. *Id.* To ensure that the States would not undo federal deregulation, the ADA includes an express preemption clause which, in relevant part, states: "[A] State … may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air

10

**GRIFFIN & SERRANO, P.A.**
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

carrier …". *Id*. (citing 49 U.S.C. § 41713(b)(1)). The key phrase "relating to" expresses a broad preemptive purpose. See *Jagannatharao v. Etihad Airways*, Case No. 16-CV-00510-KAW, 2016 WL 9086963, at *6 (N.D. Cal. Dec. 13, 2016) (holding that ADA preemption applied when the plaintiff was denied check in for lack of a travel document to enter India); *Onoh v. Nw. Airlines, Inc.,* 613 F.3d 596, 600 (5th Cir. 2010) (applying *Morales* to find ADA preemption of passenger's state law IIED claim for repeated denials on separate days of right to board aircraft).

Clearly, allowing a breach of contract claim based on Frontier's refusal to permit Plaintiff to board would improperly interfere with the federal regulation of air service. *See e.g.*, *Smith v. Comair, Inc*., 134 F.3d 254 (4th Cir. 1998) (rejecting a breach of contract claim arising from an alleged denied boarding of a passenger who had lacked identification because "it directly implicates the airline's discretion and/or duty under federal law." *Id.* at 258–59; see also *O'Carroll v. Am. Airlines, Inc*., 863 F.2d 11, 12–13 (5th Cir. 1989) (ADA preempted claim arising out of airline refusal to board passenger). The narrow exception to ADA preemption for routine breach of contract claims is inapplicable here. The exception is solely for claims where the airline breached its own contract of carriage ("COC"). See *American Airlines v. Wolens*, 513 U.S. 219, 228, 232 (1995). But it does not apply where, as here, Plaintiff has failed to identify the specific COC provisions that were allegedly breached.

### M. Thirteenth Cause of Action – Negligence

This claim alleges both negligent conduct and intentional conduct. Thus, it is unclear what theory of liability Plaintiff asserts. To the extent this claim asserts discrimination, negligent infliction of emotional distress or intentional infliction of emotional distress, this claim is redundant with previously alleged claims.

11

N.  **Fourteenth Cause of Action – Wrongful Removal in Violation of Public Policy.**

"Wrongful Removal in Violation of Public Policy" is not a claim recognized under Florida law. To the extent this claim asserts discrimination, negligent infliction of emotional distress or intentional infliction of emotional distress, this claim is redundant with previously alleged claims.

O.  **Fifteenth Cause of Action – Pergury (*sic*) - FLORIDA STATUTE § 836.012 (*sic*)**

It appears that Plaintiff has attempted to bring a perjury claim against Frontier. See § 837.012, Fla. Stat. However, perjury is a criminal charge which has no application in this civil case.

IV.  **CONCLUSION**

Due to the foregoing, Plaintiff's claims against Frontier should be dismissed with prejudice.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. prays that this Honorable Court enter an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and for such further relief as this Court deems necessary and proper.

12

**GRIFFIN & SERRANO, P.A.**
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

Dated: February 16, 2023

                    Respectfully submitted,

                    */s/* Cecilia Torello

Juan Serrano, Esq.
Florida Bar No.: 319510
Cecilia Torello, Esq.
Florida Bar No.: 1018230
GRIFFIN & SERRANO, PA
707 S.E. 3rd Avenue, 6th Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 462-4002
Fax: (954) 462-4009
jserrano@griffinserrano.com
Ctorello@griffinserrano.com

Brian T. Maye
(seeking *pro hac vice* admission)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Fax:     (312) 345-9860
Email: bmaye@amm-law.com
Firm ID: 32597

*Counsel for Frontier Airlines, Inc.*

13

**GRIFFIN & SERRANO, P.A.**
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via electronic mail pursuant to Fla. R. Jud Admin 2.516, and U.S. Mail to Mr. Channing Hutchins at 6921 Breakenwood Drive, Dayton, Ohio 45424 on February 16, 2023, to all parties on the attached service list.

**GRIFFIN & SERRANO, P.A.**
Attorneys for Frontier Airlines
Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Phone: (954) 462-4002
Fax: (954) 462-4009

/s/ Cecilia Torello

Juan R. Serrano
Florida Bar No. 319510
Cecilia Torello
Florida Bar No. 1018230