UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CHANNING HUTCHINS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FRONTIER AIRLINES, INC., AND PALMBEACH COUNTIES DEPARTMENT OFAIRPORTS, AND PALM BEACHCOUNTY SHERIFF OFFICE,<br><br>　　　　Defendant | Case No.: 23-CV-80210-ROSENBERG<br><br>TRANSFER OF CASE<br><br>FILED BY ____ D.C.<br><br>FEB 17 2023<br><br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. – W.P.B. |

February 15, 2023

**PLAINTIFFS MEMORANDUM OF POINTS FOR TRANSFER OF CASE THAT INCLUDES ACKNOWLEDGEMENT FOR THE ORDER OF INSTRUCTIONS, MOTION TO REMAND THE CASE-NOTICE OF COURT PRACTICE IN REMOVAL CASES, REBUTTAL OF OPPOSING COUNSEL STATEMENTS FOR NOTICE OF REMOVAL, REBUTTAL OF OPPOSING COUNSEL'S EXTENSION OF TIME, PROFESSIONAL JUDGEMENT, JURISDICTION, AND MOTION FOR FAXING DOCUMENTS TO COURT, DEFAULT JUDGEMENT, NOTIFYING THE COURT OF DISABILITY, REQUEST FOR APPOINTMENT OF COUNSEL.**

　　　　I, Mr. Channing Hutchins, am in complete opposition to the venue change, under the following conditions of the terms the court explicitly stated "all documents must be filed in accordance with the Federal Rules of Civil Procedure," and this complaint was originally filed in

the 15th Judicial Circuit that required the Defendant, Frontier Airlines Inc's., corresponding response before twenty (20) days, or "If you fail to respond, judgement by default **will** be entered against you for the relief demanded in the complaint;" as mandatory law of Florida Rules of Civil Procedure. As a result of prejudice, the legal guidance and rules are inadvertently being changed by the venue's guidance of 30 days response time of which has expired in conjunction February 11, 2023.  This matter has been consistently communicated with the prudent part(ies) of the Defendants', Sr. Director of Legal Counsel, Mrs. Valerie Tyler, and Senior Customer Relations Advocate, Mrs. Brittney Zemlicka, and affiliated Frontier Airlines Support, for nearly three (3) years and one (month) in too many attempts to resolve to count. It would not be appropriate to make this a de novo matter that starts at the beginning; In fact, it would be a significant prejudice placed by making this case untimely, costly, hardships in convenience of Pro Se e-filing, service to counsel, and resolutions of which wouldn't be fair or right.

## ACKNOWLEDGEMENT FOR THE ORDER OF INSTRUCTIONS

(1) In agreement. I agree to the terms expressed in the Order of Instructions.  will maintain a physical mailing address for this legal matter to deliver documents pertaining to this case, and if update is required to complete a "Notice of Change of Address," without any additional motions or information, except for new address and effective date of the change.

(2) In agreement. I will notify the court of the Defendant(s) full name, title, if any, and address, so that service can be completed, and understand the risk of the additional Defendant(s) being dismissed, due to lack of information.  (3) In agreement. "It is the policy of this Court to

provide reasonable accommodations to persons with communication disabilities," but if the court is not willing to consider the request; Respectfully, I have incorporated an argument that requests to modify the terms or legal details of litigating this matter with appointed counsel *(Notifying the Court of Disability & Request for Appointment of Counsel)*. (4) In agreement. The monetary expenditure for this request will be significantly harsher, and undue, as the opposing counsel has be granted the privilege of e-filing the documents. Again, in respect, I am requesting an alternative for certificate delivery of service for the pleadings, motions, or other papers submitted to the court, in a manner that will be less financially impacting. We have previously communicated via email, and if opposing counsel agrees, ability to transmit the documents in this fashion A certificate of Service will be attached for any document submitted that is in review by the court, and it will include every pleading, motion, or other paper submitted to the Court with a service delivery confirmation attached in the email with party, date and time. If the Court disagrees than I agree to the manner required and prescribed in the text. (6) In agreement. The case number will be attached to the top of the first page, and sending of the original of every pleading or document to the Clerk of this Court, including one copy of the pleading or document, and two copies of the certificate of service stating the date a "true" copy of the pleading or document was sent to the opposing part(ies) and/or counsel for such party(ies). (7) In agreement. We are all not permitted to send any "original" pleading, document, or email shall be sent directly to a Judge or Magistrate of this Court and all filings must be submitted to the Clerk of the Court. (8) In agreement. All documents must be filed in accordance with the Federal Rules of Civil Procedure and copies must be furnished to opposing counsel. (9) In agreement. As long as opposing counsel is not communicating with the Judge about the case without the Pro Se party able to defend themselves then it is fair game; But it appears by the underlining and etiquette

guidance about these formats not being docketed, but it may be a false pretense about courtroom protocols; it appears that opposing counsel has been granted a privilege of communicating about the case. (10) In agreement. The discovery process will be in accordance with Federal Rule of Civil Procedure 26(a), and court will not grant any motion by Pro Se Plaintiff to take depositions. (11) In agreement. It is the Plaintiffs responsibility to actively pursue this case. (12) In agreement. The Court may tax costs against the losing part(ies); But boy, it is unfair to place that type of liability on a person when you are not mandating the same standards of the profession in competency, even if disposed by Plaintiff. (13) If the part(ies) fail to file a timely response to an opposing motion, the Court may grant the motion by default, without further notice to Plaintiff for failure to comply with Local Rules. I agree to the rules of this court and hopefully they will truly consider my requests, and responses, wholly and in its fullness, compared to the law.

## MOTION TO REMAND THE CASE- NOTICE OF COURT PRACTICE

Rule 3.240. Change of Venue, indicates that "the state or the Defendant may move for a change of venue on the ground that a fair and impartial trail cannot be had in the county where the case is pending for any reason other than the interest and prejudice of the trial judge. This is all the information that I currently have to provide the court with at this time, but I will be continuing to research the matter, for a more concrete information about the potential conflicts within 30 days from the receipt of delivery of the notification on February 13, 2023.

## REBUTTAL OF OPPOSING COUNSEL STATEMENTS FOR NOTICE OF REMOVAL

In disagreement. The Fifteenth Judicial Circuit is a General Jurisdiction Court with 35 Circuit Judges presiding; And, trial jurisdiction of Circuit Courts, among other matters, *original*

*jurisdiction over civil disputes* involving more than $30,000 (Florida Office of State Courts Administrator). (14) In agreement, unlawful activities and conduct occurred; right to sue, and I have the right to sue (29 U.S.C. 187). (2) In disagreement. Counsel is not correct about the number of claims of actions, or counts; However, they have violated more federal and State laws than have been submitted in the complaint (discrimination against handicapped, 49 U.S.C 41705) ;, and there are clearly fifteen (15) direct counts, although if the court removes the additional Defendants', it still needs to be contributory. (16) In disagreement. Counsel did not follow the established policy in the Florida Rules of Civil Procedure for changing venue. (17) In disagreement. The Circuit Court has been given original jurisdiction from the Supreme Court and it is not removable. (18) In disagreement, the Supreme Court created elements for deciding, if federal jurisdiction was appropriate in state law actions, if the federal issue is " (a) necessarily raised, (b) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress". (19) In disagreement, in a racial case it is always necessary for the case to provide as many infractions of injustice, and wrongdoing to these individuals, as history has proven mistreatment in racial discrimination on flights, segregated seating, removals from aircraft (Fitzgerald v. Pan American World Airways, 1956); Not to mention the 400 years of slavery, prejudice, rejection, denial, dismay, segregation, regression, and killings; evil, degrading and dehumanizing, ideas and strategies of devaluing is still present; Implicit discrimination or unconscious bias is still wrongdoing that deserves correcting and remedy. But it would be quite unfair to safe guard similar qualities and when the properties belonging to the situation are merely the same, as related to fairness to part(ies), it wouldn't be fair. Counsel mentioned in their extension of time, "the claims are valid and true;" but there hasn't been anything from Frontier Airlines Incorporated that should be subjected to

any amnesty, or change of paths. (20) In disagreement. The Circuit Court truly has original jurisdiction with civil matters over $30k. (21) In disagreement. This is the highest trial court in the State of Florida, but their website says they have original jurisdiction. (22) In agreement. It is a little misleading because you are aware of the extension filed to serve the other Defendants, but they have not been served yet. (23) N/A (24)N/A

## REBUTTAL OF OPPOSING COUNSEL'S EXTENSION OF TIME

(25) The court must take note of the procedural rule that is governed and regulated through the application of law. (26) The Judicial Action request will be for the purpose and intent of determining the protected rights of the party's. (27) This request should document the failure to legally comply with the *Florida Civil Rules of Procedures, Section 1.500,* as the Defendant was required to respond before February 01, 2023. (28) Any filing submitted to the court from the Defendant should be null and void as the Defendant was not in compliance with the court rules. (29) Plaintiff qualifies for Default by Clerk and Default Judgement should be entered.

> *120.68-Judicial Review*
> *(1)(a) A party who is adversely affected by final agency action is entitled to judicial review.*

(30) The deadline has already expired for any motions or requests to be considered by the court from the Defendant. (31) If, Frontier Airlines Inc., made a request prior to the mandatory 20 day period that was approved by congress, regulated by Florida Rules of Civil Procedure for summons, and enforced by the court, of which would have avoided unlawful production of documents or motions submitted to the court.

> *The Associate Rescue Project made clear how to correctly calculate deadlines, "so you wouldn't miss deadlines, simply because the rules for figuring them out were too complicated, or unclear", (Why Civil Procedure is the Most Important Class Any of You Will Take in Law School, Honorable Lee H. Rosenthal, Syracuse University School of Law, Law School Lecture.)*

(32)" The law can be tedious, technical and petty," but it is to prevent unfair treatment and to ensure equal protection for everyone with substantive rights, including American Citizens, attorneys and even at the beginning of a legal matter, with non-compliance of Civil Procedure. (33) "Normally the court will consider an extension, if the request is made before the original time," *Fed. R. Civ. P. 6(b)(1)(A);*

> *6(b)." Fed. R. Civ. P. Rule 6(b)(1) provides that:*
> *When an act may or must be done within a specified time, the court*
> *may, for good cause, extend the time:*
> *(A) with or without motion or notice if the court acts, or if a*
> *request is made, before the original time or its extension*
> *expires;*

(34) Federal Law does permit an extension of time outside of the normal or standard procedures, in the event of *surprise, inadvertency, mistake or excusable neglect,*

> *Fed. R. Civ. P. 6(b)(1)(B).*
> *(B) on motion made after the time has expired if the party*
> Failed to act because of excusable neglect.

(35) Counsel does not qualify under the exceptional circumstance based on their motion submitted to the 15th Judicial Circuit Court, and specified the extension of time, due to the newly appointed counsel of which the meaning of excusable neglect, does not have any exceptions for prudency eulogy or response, on the grounds of lack of counsel or recent attainment of counsel; Regardless, Frontier Airlines Inc., did in fact have a prudent party that should have taken action to request before the deadline expired.

## Rebuttal of Opposing Counsels Request for Dismissal

It appears to me that Frontier Airlines has engaged in additional violations of the law that interfer with the Constitutional Rights, for discriminating against an individual with a disability (State of Florida, Disabilities Act of 1990 and equal protection violation of the Fourteenth Amendment (equal protection Clause).

There have been fifteen Causes of Actions listed on the complaint and they are the following, and the requested remedy is the payment of Sixty Million Dollars (60,000,000.00):

(1) Equal Rights under the Law, 42 U.S.C. § 1981, (2) Violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, (3) Unlawful Detention, 10 U.S. Code § 897- Art. 97), (4) Violation of Discrimination in the Treatment of Persons; Minority Representation, Fla. Stat. Title XLIV. Chapter 760, (5) Violation of the First Amendment Right to Expression, 42 U.S.C. § 1988, (6) Violation with State and Federal Law, (7) Violation of Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, (8) False Accusation, 18 U.S.C. § 287, (9) Violation of Federal Tort Claim Act, 28 U.S.C. 2672, (10) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, NEID, (11) Violation with Intentional Infliction of Emotional Distress, IIED, (12) Breach of Contract, 41 U.S. Code § 6503, (13) Negligence, (14) Violations for Wrongful Removal in Violation of Public Policy, (15) Perjury, Fla. Stat. § 836.012.

**FRCP Rule 12**
**(b)(1) a lack of subject-matter jurisdiction**
    The Southern District Of Florida has general jurisdiction, but the 15th Judicial Circuit is an original general jurisdictional Court; Both of Courts are qualified to handle the matters.
**(b)(2) a lack of personal jurisdiction**
    Frontier Airlines Incorporated has confirmed that they have been served as of January 12, 2023, and this was completed in the State of Florida.
**(b)(3) improper venue**

The Fifteenth Judicial Circuit has the power of the Court to adjudicate the matter and provide remedy and The Southern District of Florida has the power of general jurisdiction that covers a broad range of matters to adjudicate and provide remedy.

**(b)(4) insufficient process**

There has not been insufficient process as Frontier Airlines Inc., was correctly served the complaint, and the additional part(ies) are still within the allowed time period to be served.

**(b)(5) insufficient service of process**

There has not been insufficient process on the case.

**(b)(6) failure to state a claim upon which relief can be granted**

This is not true or accurate, and the motions submitted on behalf of Frontier Airlines Inc., suggests their acknowledgement of the claims, "being valid and true through their extension of time," and the claims are listed on the initial complaint.

**(b)(7) failure to join a party under Rule 19**

There has not been any failure to join a party, under Rule 19, and Rules of Civil Procedure 1.070.

**Professional Judgement**

(36) Mr. Juan Serrano and Mrs. Cecilia Torello, Esq., engaged in unethical behavior by submitting documents after the mandatory summons deadline *(unlawfully obstruct, Rule 3.4: Fairness to Opposing Party & Counsel, (a)*. (37) The purpose of filing the documents was to prevent and evade the entry of Default by Clerk, and with malicious intent to deceive the unrepresented Plaintiff and court. (*Tactics hindering, not expedited litigation, Rule 3.2 and DR 7-102(A) (1)*. (38) Mr. Serrano and Mrs. Torello are admitted to practice law in the State of Florida, and are required to adhere to professional standards that conform and abide by civil procedure rules and policies. (39) This conduct is intentional with the motives that did not allow the consequences to be effectuated because of ambiguity of the law, intentional and proper.

(40) The paralegal at Griffin and Serrano contacted me on behalf of Frontier Airlines Inc., attorneys and requested to schedule a hearing date for the motion to extend time; However, counsel at this law firm scheduled a uncoordinated hearing and without my permission, as civil procedure compliance was not followed. (41) In nature of legal proceedings and respect, the

response was rather quick and straight-forward. (42) The Defendants have already missed their deadline and is no longer in compliance with the standards of the court or regulating civil procedure law, and respectfully declined. (43) Their counsel failed to cooperative or interpret law for consideration, or attempt any resolution to the legal matter, and inadvertently filed a request to the Circuit Court. (44) It appears to me that they are attempting to be very aggressive and bullying, in this Matter as they lacked collaboration, and scheduled a uncoordinated hearing date, that was not in compliance with the court polices, procedures and standards, extended to everyone in the AG division.

> *ABA, Respect for Rights of Third Party -Rule 4.4*
> *(a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.*

(45) Seemingly, and mistakenly, I sent a email to Honorable Luis Delgado, instead of the hearing division, but counsel was included for a group intervention conversation about the validity of the scheduled hearing. (46) This was equal, fair and completely inclusive communication. (47) "The Court division does not allow for hearings to be scheduled, if the case is not in compliance", and failure to respond to the summons is not in compliance, with Civil Procedure rules and of the Court at the 15th Judicial Circuit Court.

> *120.68-Judicial Review*
> *(B) A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable, if review of the final agency decision would not provide an adequate remedy.*

(48) Griffin and Serrano law firm filed the transfer of case to the District Court. (49) It is very important that I inquire about the court receiving the information, as I do not notice the information including in their counsel reports, but the District Court Judge made multiple

renditions about activities, and there is a clear inference that suggests that they may have conducted private conversations, with Judge Rosenberg about Federal & Private Law, without taking the same steps of fairness, of which would be grounds for unethical and unfair activities. (50) Furthermore, incorrect statements were iterated with strife that became compulsory about court contact, and untrue, and inaccurate information related to the physical address being correct. It is a valid mailing address.

## Non-Moving Party Transfer of Case Prejudice

(51) It appears to me that the State Court has the ability to provide a diverse jury, but may not be able to be time contentious in resolutions efforts. (52) The Defendant failed to respond, and it is only right and fair for Default to be entered, along with its accompanying Default Judgement. (53) The cost will significantly increase for a Pro Se litigant to file documents with the courts, and (54) Prejudice is reduced by the amount of time that may be used to research, prepare, draft and timely submit documents to the court for docketing with the 15th Judicial Circuit.

## Removal of Other Defendants

(55) The primary party at-fault for the harm created is and should be documented as Frontier Airlines Incorporated. (56) The other Defendants merely were cited for the conjunction and collaboration of the conduct, and for informational context for advisement of wrongdoing. (57) An extension for serving the additional Defendants has been filed with the circuit court, and the monetary threshold for harms created are limited to $10k for government agencies, of which is my understanding. (58) You may remove them from this filing, and I will continue to research and determine the best course of action for them.

## Jurisdiction

(59) In agreement. (60) This court has the ability to ensure that available law to prove beyond a reasonable doubt that the engagement was unfair, unequal, discriminatory, and based on implicit biases, subjecting to the wrongdoing. (61) However, the 15th Circuit Court has the authorization to enforce constitutional rights within its scope of power of local, state and federal laws. (62)

Regardless, the experience in complexity of cases that the District Court facilitates, proves to be a more viable direction. (63) If, and with legal modifiers, this court has the ability to concurrently intervene and correct the uncompliant filing for extension of time that prevented default from being entered. (64) The process should be for the acknowledgement of the Clerk of Court to document Frontier Airlines Inc., failure to timely respond to the matter by entering a Default by Clerk, and allowing for the scheduling of Default Judgement, with or without hearing. (65) If, the Defendant objects, at that time they may file a motion for the order to be set aside, but privilege of attorney knowledge and familiarity with flaws in the court, and supplementation of any document or request does not and should not be allowed to loophole, and impede through preventing and stopping the Default from being entered, especially without the mandatory pleading respond. (66) Regardless, if the case was set aside it would not qualify under the categories of mistake, inadvertence, surprise or excusable neglect, and based on newly appointed counsel.

### Filing Documents to the Court

(67) Request for permission to fax documents for filing in the event that U.S. Mail will not ensure delivery within the expected period of time. (68) We just received the court documents for the non-moving party rebuttal of transferring the case on February 13, 2022, (69) and it would be very harsh to remove eight business days, related to postal business hours, from reviewing, preparing, formatting, drafting and mailing the documents; (70) Especially, the potential erroneous delay or missing documents that's associated with the agency.

### Default Judgement

(71) The Defendant has failed to plead or make any claim of defense to the complaint, aside from acknowledging that the cause and actions are valid, as mentioned in the motion for extension of time. (72) Regardless, and with prejudice, the Clerk of Courts at the 15th Judicial Circuit, received and reviewed the filing of documents to be categorized, under Fla. R. CIV. P. 1.500 ©, preventing Default by Clerk from being entered. (73) In reaffirmation, a request for additional time does not constitute a ground of defense, and the counsel stated that they required it to prepare a defense.

> *Fla. R. Civ. P. 1.500 ©*
>
> *(C)Right to Plead. A party may plead or otherwise defend at any time before default is entered. If a party in default files any document after the default is entered, the clerk must notify the party of the entry of the default. The clerk must make an entry on the progress docket showing the notification.*

(74) If the Southern District of Florida Court, will issue the default based on the failure to timely respond in accordance with the 15th Judicial Circuit Courts, Florida Rules of Civil Procedure, of which will reposition and return the case into a policy compliant and fair matter. (75) *The Defendant's choice not to retain counsel until after the expiration of the time to respond to the Motion has already had the effect of delaying action on the motion. (Forant v. Forant, Vermont, USB, Honorable Judge Colleen Brown.)*

### Notifying the Court of Disability

(76) A disability of anxiety is prevalent, and relevant to this matter. (*Accommodations ensure equal treatment, Blackhouse v. Doe, Maine SJC (2011)*. (77) I have been diagnosed with anxiety for over 10 years and since the year of 2010. (78) This disability directly effects the ability to prosecute this matter because of physical and mental ailments associated with the condition. (79) It contributes to memory loss, loss of speech, sweating, blushing, watery eyes, coordination issues, and subdues consciousness. (80) The policy of thus Court is to provide reasonable accommodations to persons with communications disabilities, and a legal advocate should be granted. (*Mental Health Condition, Marriage of James & Christine C., California (2008)*.

### Request for Appointment of Counsel

(81) In reiteration of the disability, (82) it is necessary that the court appoint a competent attorney or (83) at least co-counsel in the event episodic ailments prevent litigation in the matter. (*Responsibility of Judge or Judicial staff, McDonough, Massachusetts (2010)*. (84) Counsel shall be appointed to represent any individual in a criminal or civil proceeding entitled to court-appointed counsel under the Federal or State Constitution or as authorized by general law; *The court shall appoint a public defender to represent indigent persons as authorized in ( s. 27.51)*. *(85)* The Sixth Amendment mentions material access for individuals that are Pro Se in criminal

matters, but the guidance has been absent in reference to civil matters, except for the foundational expose' of legal counsel being a fundamental right and necessity.

### Counsel

(86) Lets schedule something to try to resolve this matter, if you require a mediator I am open to allowing for them to facilitate the conversation, but we have not had the opportunity to try and resolve the matter without the court. (87) On or about, February 01, 2023, Mr. Maye queried if I would be willing to accept fifteen million ($15,000,000.00), but it was made in interest of negotiation, and I never received anything in writing. (88) A very short conversation and we have only spoken once and it was just the introduction to the beginning of the case. (89)We have not had the opportunity to link up, and speak on the phone with each other, but we should arrange a time, and try to resolve it outside of court.

### In Conclusion

(90) The Plaintiff request for the court to deny any extension of time that may contribute to prolonging, and delaying reparation payment for the wrongdoing; (91) As the transfer of venue has already extended the time that default, when default should have been entered and default judgement, may have been ordered. (92) They did not qualify for an extension of time, (93) but they used procedural defects to prevent Default from being entered, (94) and have already received an additional thirteen (13) days, (95) and that's not fair or right.

Sincerely,

*[signature]* 2/15/23

Channing Hutchins
6921 Breckenwood Drive
Dayton, Ohio 45424
(206) 504-6072



