FILED BY⎯⎯⎯ D.C.

MAR 0 1 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERNDISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MR. CHANNING HUTCHINS,

        Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

        Defendant

Case No.: 23-CV-80210-ROSENBERG

OPPOSITION STATEMENT

### PLAINTIFFS OPPOSSITION TO DEFENDANTS MOTION TO DISMISS

    I, Mr. Channing Hutchins (Plaintiff), request for the court to deny the Defendant, Frontier Airlines Incorporated's, motion to dismiss for the failure timely-respond to the summons request and for the failure to provide any reasonableness for the removal of the plane. You have my permission to amend or alter the complaint, to ensure that it falls into the guidance or legal conformity of the court's jurisdiction.

### A. First Cause of Action- 42 U.S.C. 1981

    Frontier Airlines Inc. has failed to followed the established policy mandated through the Federal Aviation Act (FAA), and has engaged in other violations of the law, including but not limited to Racial Discrimination. They confirmed that it was not at the level of concern, discern, inimical, or imminent danger that permitted the discretionary basis to remove a passenger, or involve their department. Channing did not present any type of danger or harm, yet the airline harmed him by their actions, and the unapologetic words, by defending their actions and wrongdoing, of which denies any ethic and moral character that a major airline carrier should possess, in this country. The effect of personal odor is not a safety concern by any significance, and the odor accusation was not true, nor required any necessary correction, and should not qualify as a safety precaution; And, they are in complete violation of delaying and preventing, humiliating and embarrassing, intimidating and creating a hostile environment, due to the accusation being false.

    An air carriers discretion to refuse a passenger is not very broad, and may not be based on discriminatory pretenses from the protected categories, and mustn't be incorrect about the severity of the nature, or safety concern; As it is required to be categorized by the nature of severity or significance, and a odor is not a safety concern. The discretion does not appear to amount to any public interest, related to features that may warrant potential harm or injury, as the allegation ascertained doesn't declare any state of emergencies bodily harm or well-being. The Captains failure to investigate, or acceptance of the flight attendants face value, is not maintaining the duty of care owed to the passengers, and created harms to me personally. The pilot is still liable for the unwarranted conduct, if he chooses not to investigate, as he is the authorized party to remove a passenger, but if face value representation, Frontier Airlines Inc .

will need to create a policy that allows for the airline employees to understand "significant" safety concerns.

   The elements required for a Pilot to enforce the removal clause under § 1305(a)(1), requires a condition of the lack of protection or likeness to cause danger, risk, or injury for the preemption claim to be valid; This situation of odor does not and should not be considered a safety concern, and did not require any type of intervention.  Again, the Pilot, has final authority and required to be knowledgeable of the correct classifications of issues or safety concerns that may arise onboard the aircraft; The failure in using face representation or delegating the Captain's responsibilities, creates and has created intentional negligence on behalf of his duties in the position, and the overall duty of care ensured and required for each passenger. The Captain should have appropriately determined the seriousness, severity or significance of the matter to avoid any potential humiliation.

   The complaint has properly noted the targeted proxy as being derived by racial discrimination. Any expression of capricious, or personal whim, without justified pretenses, instantly reverts and returns, back to discrimination, and the prejudicial factor of profiling or singling an individual out; But, the racial animus, color, creed, or national origin, directly impacted a person required to fit the first element 42 U.S.C. § 1981, by race and Frontier Airlines Inc., enforcement of the passenger removal authority, continuously negatively directly impacts people of black or African American, and prohibited protected categories.  Regardless if the discrimination was intentionally or unintentionally, this procedure appears to jeopardize the disadvantaged Black or African American group more than white or Caucasians (Bandwagon Effect of Frontier Cases); However, the mentioned case expresses potential micro-aggressions stemmed from a commonly used racial term of "you people," but alleviated and shortened, solely by the verbal communication of you, and it seems to be a miscommunication or understanding of the baggage policy, and a cooperative-compliance issue, under the stressful conditions of flying; But, there is not any relevance in the case as mentioned by Defendant, and I remained cooperative and respectful, and followed the established polices, without any confusion or misinterpretation by Frontier Airlines Inc. employees or flight attendants.

   The Sheriff Department, at the Palm Beach Counties Airport, confirmed that this issue, should not and would not, create any type of safety issue; Although, the Sheriff was a African American law enforcement, and the national origin character by regions, and alternatively races, may have familiar moisture that's exuded through the pores of the skin, and caused by the type of foods they eat, as Latin's and Arab's, use more fenugreek seasoning in their foods, and the strong smell is emulated; But, it is preference, familiarity, but a unique smell or odor is tolerable, and not a safety issue.  The law requires for equal treatment, and although we wish that any whim of profiling, could be considered just or random, it was perpetuated by a false accusation that did not provide any validity; And, the white passengers did not receive the same scrutiny, and Frontier Airlines Inc followed through with their agreement to transport the other passengers; And, this black man became the culprit of embarrassment, bullying and ridicule, not any of the other white passengers

   Frontier Airlines Inc. has failed to refund the ticket as required, and failed to allow immediate reboarding after the interrogation by law enforcement, and attempted to place unbearable constraints on the Plaintiff to get back home. The *Banner Health* case does not have any relevancy to the matter, unless Frontier Airlines Inc., is admitting to retaliating against the Plaintiff, as the options were unreasonable in rebooking a flight; However, the employees on-board the flight failed to engage in any personal interactions with the Plaintiff, and for validity or

confirmation of the allegation.  An odor is not a safety concern, unless it is a toxic chemical that may cause potential health concerns, but the two officers had the ability to confirm, and allow immediate reboarding without any further prejudice, or the flight attendant should have "discretely" interacted for validity; However, the amount of officers were in abundance through excess personal for the level of safety conveyed, but I do not accurately recall the amount of officers, as I have flashbacks of seeing guns, and I feel like non-verbal communicators placed emphasis on potentially drawing their weapons, as if I was not cooperative the entire time.  I do not believe that it required that amount of Sheriffs, and only a single law enforcement personnel was necessary, and I do believe their facilitation in urging the rebooking with another airline carrier, conveyed that they were disappointed that this happened to me, and now it keeps happening.

Legal modifiers are allowed to be administered in the finding of illegal actions, and the hypothetical aspect, if the odor would have been truthful, than olfactory communication expression would have been violated; And, among other things, violations of other protected categories related to disability through the American with Disabilities Act. *(First Amendment, Right to Expression.)*

*I have never mentioned that a odor or smell was present, and it was confirmed to not be true by the Sheriff department.*

I firmly believe that it was racial implied, and relied upon for failing to follow through with their contractual agreement.  The right to be free of unfair treatment and racial oppression, and its accompanying discrimination is regulated through the federal law of the Civil Right Act; And, the failure to correctly identify and classify the issue, as a safety concern or unique inconvenience, and failure for the Captain to verify, does not permit any "reasonable" decision to be protected.

### B. Second Cause of Action - 42 U.S.C. § 2000d

Frontier Airlines may not discriminate, in any way that directly impacts a individual in a protected category, directly or indirectly.  The airport is federally owned building, and is regulated by the federal law, and any private business, is considered public, and must adhere to public transportation guidelines, and confirmation by affiliation of the federal aviation standards.  Frontier Airlines Inc., has been operating in the United States for a great number of years, and the discovery process will allow for us to determine their tax entity designations, of which will determine public funds used for private commercialized carrier; If, the government has provided this company with tax deductions for employment levels, and diverse hiring deductions, or loans, regardless, if backed by the federal government.  The U.S. Department of the Treasury, announced on July 2, 2020, that Frontier Airlines agreed on loan terms for the Economic Security Act; But, we will be able to identify additional government affiliated programs and funding, during the discovery process. (228 F. Supp. 2d 531 (D.N.J. 2002).

### C. Third Cause of Action - 10 USCS § 897

In disagreement. A breach of liberty, or the right to be free from unreasonable, searches and seizures, is a constitutional right; And, any time that a person is denied the right to freely

move, it qualifies as a being confined or detained, it doesn't have to be an extended period of hours or even minutes, and is valid and true.

The Human Rights Act, Article 5, reveals that a person may not be detained without good cause (Florida v. J.L., 529 U.S. 266 (2000), and a false accusation automatically implies the invalidity of the rightfulness, and a wrongful act shouldn't be construed, as right or good. Conjunctionally, the question still remains if the government entity, acting under color, should be penalized for investigating, and clarifying the significance of the alleged safety concern, or the initiating party and accomplice that created the injustice and unfair treatment (Accomplices, Aiding & Abetting, 18 U.S.C. § 2). It further declares that everyone who is deprived of his liberty by detention, shall be entitled to take proceedings (paragraph 1(c)), Section 242 of Title 18), by which the lawfulness of his detention, shall be decided speedily by a court, and everyone who has been the victim of arrest or detention in contravention of the provisions of this Article shall have an enforceable right to compensation.

The Fourth Amendment declares that a person has the right to be secure in their own persons, and the conduct violated the rights. The inability to move freely, and being confined, without choice, in the airway jetway, or loading bridges for interrogation, further scrutiny in the terminal, yet with significantly heightened security that created defamation of a infamous crime, criminal or even threat escalated up to a terrorist attack.

However, if the allegation would have been made towards a Caucasian, or White American, this situation would not have escalated to the degree with the amount of law enforcement, or deplaning from the aircraft, instead and alternatively, may have handed out a face mask or recommended using the oxygen, perhaps complimentary deodorant or courtesy of freshening up in the bathroom.

But, and because I was Black.

### D. Fourth Cause of Action - Title XLIV: Chapter 760 (Discrimination in Public Accommodation)

In disagreement. The case was filed with the Court prior to the expiration of the Statute of Limitations, and even delivered before the expiration; However, Frontier Airlines Inc., has still failed to properly respond to the complaint as required by law; And, due diligence to resolve the issue has been reasonable exhausted through the filing of a complaint through the Department of Transportation, and trying to resolve the matter through structured negotiation, but Frontier Airlines Inc., did not cooperate.

As mentioned earlier in the wrongful detainment, due to my race, color or national origin of being black caused the atrocious event, as if I was inferior, not human with feeling, and because I was black didn't want to sit with me (Nevaeh Love v. Ketoshia Young, No. 1D18-2844). "All persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, handicap." (Section 760.08)

### E. Fifth Cause of Action - First Amendment, Right to Expression/Speech

In disagreement. Frontier Airlines Inc., is an accomplice to the Sheriff Department, and the law states that any affiliation shall be treated equal in consequence. Olfactory Scent is a form of communication or speech. (Non-compliance in accommodation for hearing disability, EEOC v. Conduent Business Services, LLC, Case No. 2:19-cv-18541). The way that people smell and dress are the rights to their personal identities and beliefs, even

considered religion or culture; It's a violation of their right to expression.(Cohen v California, 1971, 403 US 15 (1971)). And, Frontier Airlines Inc. acts as a government action or public entity for the public, regardless of their designation for tax purposes, and government action was present, law enforcement was involved.

### F. Sixth Cause of Action – Interference with Constitutional Rights – 10 U.S.C. § 253

In disagreement. Section 242 of Title 18, Makes it a crime for any person acting under the color to willfully deprived that person of his rights or privilege within the Constitution. The federal law has been imposed by the President, yet under deregulated circumstances, law enforcement carries out the law imposed by congress, and interference with and on our land, opposes or obstructs the execution of the laws of the Unites States, qualifies for applicability of the violation with 10 U.S.C § 253.

### G. Seventh Cause of Action – Equal Protection – 42 USC § 1983

In disagreement. The Civil Rights Act of 1866, guarantees equal protection by the Constitution and the Fourteenth Amendment. Law enforcement had the ability to deny and reject the claim of safety, and Frontier Airlines Inc., is equally responsible through accomplice affiliation and operating on the premises of governmental territory. (Brown v. Board of Education Reenactment).

### H. Eighth Cause of Action – False Accusation – 18 USC § 287

In disagreement. Frontier Airlines Inc. is liable for falsely alleging a safety issue that was not present, and the word "claim" can be used in a broad judicial sense to the government or the entities that enforce government laws and standards. Florida statutes, false reporting, Section 817.49, as the allegation was not true.

### I. Ninth Cause of Action – Federal Tort Claim Act – 28 U.S.C. 2672 (*sic*)

In disagreement. Fronter Airlines Inc. is an accomplice to the wrongdoing, and equally responsible for the damages, and injuries incurred. The government entity is the Palm Beach Sheriff Department and Palm Beach Counties , Department of Airports. (Monroe v. Pape, 365 U.S. 167 (1961), 42 U.S.C. 1983)

### J. Tenth Cause of Action – Negligent Infliction of Emotional Distress

In disagreement. (Losee v. Buchanun) Frontier Airlines Inc. owed the Plaintiff a reasonable duty of care, and the defendant breached that duty of care by failing to keep safe and free of harm, and I suffered severe emotional distress as a result of the negligence.

### K. Eleventh Cause of Action – Intentional Infliction of Emotional Distress

The engagement was deliberate, and racially provoked, reckless by the failure to correctly categorize the significance of the safety issue or the Captain authorizing removal with investigation, and the detainment, defamation, and hostile environment of the large amount of officers caused suffering, and the suffering was severe.  We have the ability to determine based off of common sense, especially if conduct was normal or abnormal, usual or unusual, insulting or unoffending, degrading or ennobling, humiliating or aggrandize, wrong or right; It shouldn't require the court for a person or entity to recognize its wrongs.  It is discriminatory to believe that certain races, or because you are black, you are expected to have thick skin, or more tolerable to certain circumstances, its abnormal. "Severe emotional distress consists of highly unpleasant mental reactions, such as (nervous shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, or worry)," (New York Times Co. v. Sullivan, 376 U.S. 254 (1964)), "Such outrageous conduct occurs when knowledge of all the facts by a reasonable member of the community would arouse that person's resentment against the defendant, and lead that person to conclude that the conduct was extreme and outrageous".  A reasonable member of the community would regard the conduct as atrocious.  The allegation of an odor is indecent and tolerable, and the level of mental anguish, was so severe and significant, by the act alone of being deplaned, but continuously intensified with fears of potential physical harm, arrest, and more law enforcement.  It did not qualify as a safety issue and it was a false accusation.  These are harms that were experienced, and are specified to the emotional aspect of injuries, and it is valid.

There is suppose to be less stringency for unrepresented part(ies), and the claim appears redundant because you are not connecting the particular acts that have contributed to meet the elements required for the cause of action. (1) deliberate and/or reckless by racial profiling, (2) Not normal and hostile environment, (3) Severe emotional distress of anxiety, fear, paranoia, humiliation, and feeling insecure and unsafe, (4) It was very severe.

### L. Twelfth Cause of Action – Breach of Contract under 41 U.S. Code § 6503

In disagreement. Frontier Airlines Inc. facilities its business operations on grounds that are owned and operated by public entities.  The Deregulation Act was replaced by the FAA and is the governing regulation that surrounds the defense that Frontier Airlines Inc. mentioned in regards to preemptive motive, but without the recognition of the lack of safety concern or significance, hereinafter; The correlation was made with the failure to maintain the contractual agreement as promised.

In disagreement. "(holding that ADA preemption applied when the plaintiff was denied check in for lack of a travel document to enter India); *Onoh v. Nw. Airlines, Inc.,* 613 F.3d 596, 600 (5th Cir. 2010) (applying *Morales* to find ADA preemption of passenger's state law IIED claim for repeated denials on separate days of right to board aircraft)".

### M. Thirteenth Cause of Action – Negligence

In disagreement. The claim is asserting both negligent conduct and intentional conduct, and it is necessary to reiterate the claims to ensure punctuality of the elements that permits the cause of actions. Showing belittlement and devaluing of Blacks or African Americans disproportionately to Caucasians or White Americans, non-compassionately and vexed. (Coca-Cola v. Black Workers, $192 mil).

### N. Fourteenth Cause of Action – Wrongful Removal in Violation of Public

"Wrongful Removal in Violation of Public Policy" is not a claim recognized under Florida law. To the extent this claim asserts discrimination, negligent infliction of emotional distress or intentional infliction of emotional distress, this claim is redundant with previously alleged claims." In agreement. The purpose is for the court to recognize federal law for a basis of state law claim, in regards to wrongful removal of a passenger, while utilizing the Civil Rights Act as the public policy in lieu of the prejudicial association with arbitrary and capricious

### O. Fifteenth Cause of Action – Perjury (*sic*) - FLORIDA STATUTE § 836.012 (sic)

In disagreement. The claims have been presented with honesty, but the false accusation that reasoned a minuscule issue of convenience and personal tolerance, deserves the response of the complaint for determination.

## IV. CONCLUSION

In disagreement. The Plaintiff should have already received, Default by Clerk, for the failure to respond within the 20 day time period, and Default Judgment should still be entered for the expiration period, already exceeded before any documents filed with the court, and Frontier Airlines Incorporated has still failed to respond to the complaint, properly and timely; The claims that have been raised are valid claims and a trial appears to be needed to resolve, along with a jury, of which is only fair and right.

MARCH 1, 25

Respectfully,

Channing Hutchins

See

**Transaction Summary**

The U.S. Department of the Treasury agreed to make a loan of up to $574 million to Frontier Airlines, Inc. (the Company), a wholly owned subsidiary of Frontier Airlines Holdings, Inc., and one of the largest domestic airlines in the United States. The Company had approximately 5,000 U.S. employees in March 2020 and carried more than 21 million passengers in 2019.

Treasury made the loan pursuant to section 4003(b)(1) of the Coronavirus Air, Relief, and Economic Security (CARES) Act. The loan is secured by the Company's Frontier Miles loyalty program. The loan has an interest rate equal to LIBOR plus 2.5% and matures on September 26, 2025. The Company elected to draw $150 million at close and may draw the remaining loan funds in multiple draws through May 28, 2021. The loan proceeds will be used to provide liquidity to continue the Company's operations. The transaction agreement includes covenants by the Company to comply with certain restrictions on employee compensation, stock repurchases, dividends, and reductions in employment levels, as required by the CARES Act. Treasury will receive warrants to purchase common stock equal to 10% of the total loan amount drawn.

