UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MR. CHANNING HUTCHINS,

              Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

              Defendant

Case No.: 23-CV-80210-ROSENBERG

JURY TRIAL

FILED BY_____ D.C.

APR 10 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**MOTION TO DEMAND TRIAL BY JURY**

Under the Seventh Amendment, the Constitution governs the reinforcement of the "right to a jury trial".

Plaintiff, Mr. Channing Hutchins, request for the court to grant the jury request as it was previously demanded

at the Fifteenth Judicial Circuit Court, but opposing Counsel failed to properly indicate it with the transfer of

venue request. (Exhibit A: Cover Sheet & Exhibit B: Page 23 of Complaint, Request Jury for All Issues.)

April 06, 2023

Respectfully,

Channing Hutchins

EXHIBIT A

**FORM 1.997.**      **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing  and service of pleadings or other documents as required by law. This form must be filed by the  plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant  to section 25.075, Florida Statutes. (See instructions for completion.)

IN THE          COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY, FLORIDA

Plaintiff CHANNING HUTCHINS

vs.

Defendant FRONTIER AIRLINES

Case # _____

Judge _____

I.      AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- [ ] $8,000 or less
- [ ] $8,001 - $30,000
- [ ] $30,001 - $50,000
- [ ] $50,001 - $75,000
- [ ] $75,001 - $100,000
- [✓] over $100,000

II.      TYPE OF CASE      (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

CIRCUIT CIVIL

- [ ] Condominium
- [ ] Contracts and indebtedness
- [ ] Eminent domain
- [ ] Auto negligence
- [ ] Negligence - other
  - [ ] Business governance
  - [ ] Business torts

- [ ] Environmental/Toxic tort
- [ ] Third party indemnification
- [ ] Construction defect
- [ ] Class tort
- [ ] Negligent security
- [ ] Nursing home negligence
- [ ] Premises liability – commercial
- [ ] Premises liability – residential

- [ ] Product liability
- [ ] Real property/Mortgage foreclosure
  - [ ] Commercial foreclosure
  - [ ] Homestead residential foreclosure
  - [ ] Non-homestead residential foreclosure
  - [ ] Other real property actions

- [ ] Professional malpractice
  - [ ] Malpractice – business
  - [ ] Malpractice – medical
  - [ ] Malpractice – other professional
- [x] Other
  - [ ] Antitrust/Trade regulation
  - [ ] Business transactions
  - [ ] Constitutional challenge –statute or ordinance
  - [ ] Constitutional challenge—proposed amendment
  - [ ] Corporate trusts
  - [x] Discrimination – employment or other
  - [ ] Insurance claims
  - [ ] Intellectual property
  - [ ] Libel/Slander
  - [ ] Shareholder derivative action
  - [ ] Securities litigation
  - [ ] Trade secrets
  - [ ] Trust litigation

**COUNTY CIVIL**
- [ ] Civil
- [ ] Real Property/Mortgage foreclosure
- [ ] Evictions
  - [ ] Residential Evictions
  - [ ] Non-residential Evictions
- [ ] Other civil (non monetary)

III.    REMEDIES SOUGHT (check all that apply):

[✓]    Monetary;

[✓]    Nonmonetary declaratory or injunctive relief;

[✓]    Punitive

IV.    NUMBER OF CAUSES OF ACTION: [  ]

(specify)   35

V.    IS THIS CASE A CLASS ACTION LAWSUIT?

○    yes

●    no

VI.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

○    no

● yes If "yes," list all related cases by name, case number, and court. _____

CASE NO. 50 2022 63F ........   15TH CIRCUIT

ACTIVE CASE S     PALM ....

VII.    IS JURY TRIAL DEMANDED IN COMPLAINT?

●    yes

○    no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _____          Fla. Bar # _____
                Attorney or party                                      (Bar # if attorney)

CANNING FULL                                     01/05/23
(type or print name)                                        Date

1   acts are not committed because of false accusations, resulting in any type of prejudice by racial harassment or racial

2   profiling, and remedial action is taken so further harm is not caused including their integrity.

3   The court may include additional relief, to wit is only right and fair.

4

5

6

7

8

9   July 08, 2022

10

11

12                                                                                                      Channing Hutchins

13                                                                                                      Pro Se Litigant

14

15

16   Demand for Jury Trial

17   Plaintiff hereby demand a jury trial for all issues.

18

19

20   July 08, 2022

21                                                                                                      Channing Hutchins

22                                                                                                      Pro Se Litigant

23

24

25

26

27

28   COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
     CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
     TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 23

Filing # 164237374 E-Filed 01/06/2023 01:06:33 PM

THE CONTACT INFORMATION
FOR THE LEGAL CASE WILL
REMAIN THE PLAINTIFF, UNTIL
AND IF, AN APPOINTED COUNSEL
RESUMES

April 7, 2023- Revision for
Transfer of Venue for
Southern District Of
Florida Entitlement.

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

MR. CHANNING HUTCHINS,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC.,

PALM BEACH COUNTIES DEPARTMENT OF
AIRPORTS

PALM BEACH COUNTY SHERIFF OFFICE


        Defendant

Case No.: 23-CV-80210-ROSENBERG

**COMPLAINT FOR DAMAGES AND INJURIES**
pursuit to 49 U.S.C. § 40127(a), 28 U.S.C. 2672, 18 U.S.
Code § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, Title
XLIV: Chapter 760, Title VI, 42 U.S.C. § 200, Title VI,
42 U.S.C. § 2000d, F.S § 836.012.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

## INTRODUCTION

Federal law allows U.S. and foreign airlines to refuse to transport a passenger if the airline determines that the

passenger is, or might be, a threat to safety or security. The determination may be made by the pilot in command of

the flight (or other airline personnel such as a Ground Security Coordinator). Decisions cannot be arbitrary,

according to the Department of Transportation (hereinafter DOT), Office of the General Counsel, Office of Aviation

Enforcement and Proceedings, Washington, D.C.


Passengers' Right to Fly Free from Discrimination. (49 U.S.C. § 40127(a).


COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 1

We should be able to agree that an unpleasant smell does not have a significant level of risk that would permit nearly twenty (20), sheriff officers for a cooperative passenger.  You can only imagine the mental anguish, anxiety and induced fears by this non-discrete disturbance that was caused because of the false allegation by the airline employee(s).  The DOT has a policy and procedure that only permits for the removal of a passenger to be solely based on one of two grounds, (1) safety and (2) security reasons; But the airline has the responsibility to conduct a reasonable inquiry into the facts supporting a safety issue, as the Transportation Security Administration, solely and only, handles security issues.  A passenger's race, color, national origin, religion, sex (including gender identity and sexual orientation), or ancestry may not be the determinative factor in a commercial airline's decision to deny boarding or remove a passenger from a flight.

The Civil Rights Act of 1964 has been readily available, accessible, and permits the common theory of acknowledgment, by the legality of conducting business in the United States of America, and Frontier Airlines has been travelling domestically in the U.S. for 27 years. It has been reserved by the people of this country to adhere to the civil liberties, and the accompanying equal protection mandated with the Power of the Congress, as noted in the Civil Rights Act.  This article has exemplified equal rights through a group of protected classes, distinguished by personal characteristics, and identity dynamics that are enforced through enumerated writings that are legally binding; But, Constitutionally, Frontier Airlines disregarded because of the "right to travel being violated;" And furthermore, the legal act mandates that prejudicial treatment is forbidden on the basis of race or color.  The law enforcement confirmed that they did not smell the alleged odor; However, the plaintiff was still denied the right to fly on his flight; And, further scrutiny, persisted.

Dated on February 27, 2001, President Bush, declared before a joint session of Congress that racial profiling "is wrong and we will end it in America." (End Racial Profiling Act of 2001-ERPA) and (S. 989/H.R. 2074).

## PARTIES

Mr. Channing Hutchins is a native from a suburb that is less than 70 miles from the John Glenn Columbus International airport, and a psychology undergraduate education from Florida Memorial University, certified in

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D. F.S § 836.012. - 2

Diversity, Equality and Inclusion from the University of Virginia, Darden School of Business, certified Anger Management Facilitator, and enrolled into a jurisprudence program at Taft Law School, and has been the victim to discrimination.

Frontier Airlines, Inc., facilitates business operations domestically, on or about 100 U.S. locations, and internationally; Thus, generating income and revenue streams in excess of $2.06 billion, in the year of 2021, and reaffirms the liquidity of the company acumen to afford the compensatory request.

Palm Beach Counties Department of Airports, has the authority to manage and operate the premises of the airport, and assisted the airline employees, Sheriff Department in the removal, detainment, and trespassing from the WPI airport.

Palm Beach County Sheriff Office has an airport personnel department that is stationed at the West Palm Beach International Airport, 24 hours of the day, 365 days a year, and the law enforcement serves as the subject matter expert for legal laws and enforcer of constitutional rights.

## JURISDICTION AND VENUE

Florida Statute § 47.011 requires for an individual to file a civil procedure in (a) the county the Defendant resides, (b) the county cause if action accrued or (c) the county the property is located.

The Fifteenth Judicial Circuit Court has jurisdiction for the case and is the nearest location, by way of Palm Beach County, Florida.

In accordance with 28 U.S.C. § 1441. 28 . U.S.C. § 1331, the districts courts shall have original jurisdiction over the Constitution, laws and treaties of the United States.

## FACTUAL ALLEGATIONS

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988. TITLE XLIV: CHAPTER 760, TITLE VI, 42U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 3

On approximately, January 14, 2019 at 7:30am, Mr. Channing Hutchins (Hereinafter Plaintiff,) received his flight confirmation from Frontier Airlines via email correspondence listed in Exhibit A.

Channing was very happy to have booked the flight as he had been anticipating returning home, since he had to reschedule his original flight, and the confirmation provided receipt for the contractual agreement to transport him to his destination. The flight booking provided enough cushion for him to timely arrive at the gateway for boarding, etc.

Channing passed the security clearance with the Transportation Security Administration, but did have to undergo additional security, and because of a lost identification card. The screening process was conducted in the pre-security area and he successfully passed the identification check, and was allowed to proceed through the post-security phase and was granted permission to proceed into the terminal.

Channing was very attentive to be early for the flight as directed by the booking agent and respected the aviation industries standards.

However, he noticed weird eye gazes and chatter by the employees at Frontier Airlines boarding counter, and felt singled, or profiled because of being a black male. He noticed that there was a black female employee at the counter that did not pay too much attention to the comments or non-verbal actions. Additionally, there have been multiple accounts of Frontier's mistreatment to African Americans, as a mother and her child, were denied sanitary conditions by sitting in soiled vomit, and being removed from the plane.

Channing boarded the plane without any issues or concerns. However, the weird eye gazes and chatter between the flight attendants with the flight being delayed, and two officers approaching him, requiring for Channing to exit the aircraft.

Channing found this approach to be very demeaning and unbearably offensive, life threatening, and rude.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 4

Channing was never approached by a flight attendant while sitting in his assigned seat, but he was very scared by the two (2) law enforcement Sheriff's, requesting for him to leave. His appearance displayed paranoid anxiety with gushing red face, sweaty hands, watery eyes, shaky tone in his speech and inquired to the reasoning for the contact, and officers replied that they will explain more after we exit the plane.

Channing cooperated with the officers by removing his safety belt and exiting the plane, calmly, respectfully, while trying to remain his dignity, but he was very scared by the action of being the culprit to illegal activity, because of the temporary detainment by the Sheriff's Department. Upon entering the breezeway and immediately off of the plane, the gate closed behind him, and he was accompanied by four additional officers for a total of six law enforcement Sheriff's; He complained that he did not do anything wrong.

Added fears and angry, he complained again that he has not engaged in any illegal activity and the female Sheriff responded that they would be willing to provide details after exiting the ramp or breezeway; The Operations Manager, from the Palm Beach Counties Department of Aviation, will assist them with the explanation at the boarding gate; where all of the weird eye gazes and chatter happened at.

Upon reaching the boarding counter the volume of officers increased dramatically by at least 10-15 more Sheriff Deputies, and the Operations Manager approached Channing, and said that he was being removed from the plane because there was an odor, and that he would not be allowed to fly. "He responded that he did not have any type of odor and did not do anything wrong," and "He has to get back home."

Channing was very scared, angry, offended and embarrassed as there were a lot of other travelers in the airport and it created a very big disturbance by the volume of law enforcement; Seemingly, the engagement of illegal activity that he was not involved, but he displayed paranoia by the fear of being arrested and receiving criminal charges because of a false accusation.

The officers required for him to be temporarily detained by escorting him to the front entrance, and they advised that further communication about the incident would continue at the booking counter; we would have the opportunity to speak with the Frontier Airlines manager.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 5

1  After exiting the Transportation Security Administration post-security area and exiting the terminal, the amount of

2  Sheriff Deputies decreased to only one female Sheriff Deputy and the Operations Manager; However, Channing was

3  still escorted and temporarily detained until receiving a verbal trespassing.

4

5  Immediately, the Manager from Frontier Airlines came out of the office and spoke with Channing, Sheriff Deputy

6  and the Operations Manager.

7  The Sheriff replied that she did not smell any odor on Channing and the Operations Manager replied with the same

8  comment of not smelling any malodor; and the Frontier Airlines manager immediately began looking for a

9  alternative trip.

10

11  Channing never received an apology for the false accusation and it was very difficult accommodating the alternative

12  flight; They wanted to send him to another airport to fly out or wait nearly a week for another flight with the airline,

13  but they would not accommodate a hotel or transportation to another airport. He finally received another flight with

14  Delta Airlines that was paid for by Frontier Airlines.

15

16  He flew on Delta Airlines flight No. HHS2J3 on January 14, 2019, at 6:15pm without any issues or complaints of

17  odor. In fact, it was a dual segment trip that required the changing of an aircraft in Atlanta, Georgia; But it was

18  undoubtedly a false accusation and both segments of the trips did not have any alarming malodorous smell.

19  Channing believe that he was racially profiled because of being a black man in the airport. And, although he did not

20  do anything wrong he was verbally trespassed from the West Palm Beach Airport.

21

22  Channing believed that the removal from the airplane and verbal trespassed warning were pretextual. Channing

23  believed that the removal from the airplane was due to being racially harassed and profiled and the officers violated

24  his constitutional right to access the facilities.

25

26

27

28  COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 6

As a direct and proximate result of the acts, and false accusations by the Defendants, Channing has suffered, and continued to suffer emotional distress and psychological damage.  This includes, but is not limited to: humiliation, mental anguish, stress, fear, depression and anxiety.

As a result of the prejudice, Channing is entitled to recover attorney's fees for the prosecution of these claims.

The Defendants engaged into the conduct, maliciously, and intended to vex, injure, annoy, humiliate, and embarrass Channing, and with conscious disregard of the rights and safety of Channing, and they have done so to other African American customers. Channing is informed and believes, and based Thereof alleges, that Frontier Airlines justified the false accusation, because they were aware of the discriminatory conduct, and did not care about the black guys feelings, and failed to take immediate remedial action after confirming the alleged odor to be completely false and untrue.

Channing has experienced long withstanding medical conditions related to the incident with induced fear and uncomfortable around law enforcement, anxiety and other fears, continued mental anguish, and he truly believes that it caused a lot of negative depictions, and is very sad and upset about this happening to him.

FIRST CAUSE OF ACTION

RACIAL DISCRIMINATION, RACIAL HARASSMENT, BREACH OF CONTRACT, FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION AND HARASSMENT.

42 U.S.C. § 1981

(As to All Plaintiffs; Against All Defendants)

Plaintiff incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

Plaintiff are members of a protected class, African American male.

At all relevant times herein, Channing was in a contractual Agreement with Defendant Frontier Airlines.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 7

Defendant, Frontier Airlines, breached the actual contract by refusing to allow Plaintiff to fly on scheduled flight.

Defendant, Frontier Airlines, has failed to reimburse the amount paid as promised in the agreement.

The airline has treated the passenger different than other passengers by discrimination or racially profiling him for the incident; The plaintiff has a disability that does produce additional human odor because of his anxiety. However, it does not appear that the protection from the American Disability Act would be required to defend any issue of odor; As the Sheriff Department and Airport personally confirmed that they did not detect any malodors; And, the Delta Airlines flight did not present any of the same public safety concern.

Environmental disturbances and fresh human odor will be present everywhere and cannot be the causation of a black male being singled out of a plane with about forty (40) other passengers.

Defendants, Frontier Airlines, Palm Beach County Sheriff's Department and Palm Beach Counties Airport, violated Plaintiffs' rights by depriving Plaintiffs of their right to the enjoyment of all benefits, privileges, terms, and conditions of Plaintiffs' contract of carriage "as is enjoyed by white citizens," in direct violation of 42 U.S.C. § 1981(b).

SECOND CAUSE OF ACTION

Racial Discrimination in Violation of the Civil Rights Act of 1964

Title VI, 42 U.S.C. § 2000d

(As to All Plaintiffs; Against Defendant Frontier Airlines)

Plaintiff incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

Plaintiff has a racial background of African American, and residents of Florida, at the time of the incident Ohio.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 8

Defendant Frontier Airlines operates domestic flights in Florida as a business establishment for the purpose of the Civil Rights Act of 1964 of which was enacted to prohibit discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance.

Frontier Airlines acted intentionally to discriminate in its business establishment against Plaintiff. Frontier's supervisory employees and agents, used racial profiling and law enforcement to intimidate Plaintiff, ignored the discretionary recommendation by the Department of Transportation, and prevented Plaintiff from accessing the facilities in prejudice of being treated like the other white passengers.

Defendant's violations of the Civil Rights Act caused Plaintiffs to suffer Harm as set forth above.

As a result of the Defendants' unlawful acts, Plaintiff has become entitled to recover statutory damages.

By reason of the conduct of the Defendants as alleged here in, Plaintiff intends to retain counsel appointed by the court to prosecute the present action. Plaintiff will therefore be entitled to reasonable attorney fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

Defendants engaged in the acts alleged here in maliciously, fraudulently, and oppressively; with the wrong intention of injuring the Plaintiff; with the conscious disregard of the rights and safety of the Plaintiff; and with an improper adherence to policy and procedure, and the intent to engage in offensive and disrespectful behavior but the intentionally committing malice.

<u>THIRD CAUSE OF ACTION</u>

Loss of Freedom

10 U.S. Code § 897 – Art. 97

Plaintiff incorporate the foregoing paragraphs by reference, as though fully reproduced herein.
COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 9

Any person subject to this chapter who, except as provided by law, apprehends, arrests, or confines any person shall be punished as a court-martial may direct.

Plaintiff reasonably believed the unlawful detainment and racial profiling they experienced at West Palm Beach Airport, aboard Frontier Airlines aircraft to be a violation of their rights under Florida Law.

Plaintiff complained against the harassment, and the Defendant retaliated against the Plaintiff by the increased volume of law enforcement personnel, and refusing to allow the Defendant to return to his seat on the plane. Defendants further subjected him to retaliation, defamation, very seriously induced fears of threat, and further harassment because of being restricted from moving freely, and being escorted with a high quantity of law enforcement. Whitman v. Atchison, T. & S. F. R. Co., 85 Kan. 150 (Kan. 1911).

Defendants' violation of the Fourth Amendment; Search and Seizure; And, without justification, caused the Plaintiff to suffer Harm as set forth above.

As a result of Defendants'' unlawful acts, Plaintiff are entitled to recover statutory damages of the Pitts v. State, 51 Ill. Ct. Cl. 29 (Ill. Ct. Cl. 1999).

By reason of the conduct of the Defendants as alleged here in, Plaintiff intend on retaining attorneys to prosecute the present action. Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

Defendants engaged in the acts alleged here in maliciously, fraudulently, and oppressively; with the wrongful intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper and evil motive amounting to malice. Plaintiff are this entitled to recover punitive damages from Defendants in an amount according to proof.

### FOURTH CAUSE OF ACTION

Discrimination in the Treatment of Persons: Minority Representation

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760. TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 10

Title XLIV: Chapter 760

Plaintiff complained to the officers that he was not the culprit to the alleged odor that was sighted as the causation of the issue.

The defendants denied the Constitutional Rights that protect against a person in receiving unreasonable searches through the Eighth (8) Amendment, as Odor alone cannot be the sole basis for a probable cause search. State v. Nord, 28 Fla. L. Weekly Supp. 511 (Fla. 20th Cir. Ct. Aug. 8, 2020) or (Johnson v. United States (1948).

Whenever any person, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any other person of rights secured by the State Constitution or laws of this state.

The Attorney General may bring a civil or administrative action for damages, and for injunctive or other appropriate relief for violations of rights secured.

Any damages recovered under this section shall accrue to the injured person. The civil action shall be brought in the name of the state and may be brought on behalf of the injured person.

FIFTH CAUSE OF ACTION

FIRST AMENDMENT

RIGHT TO EXPRESSION

42 U.S.C. § 1988

The First Amendment has protections that prohibited the Plaintiff from being restricted of his freedoms and expressions. A right to expression may be an individual characteristic that are focused on identity dynamics, and protects the integrity of individualism through communication, religion and traits.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 11

1   If, malodourous, the Plaintiff would have been denied the right to expression of an individual characteristic or

2   freedom to convey scent, such as the choosing of a cologne fragrance.

3

4   Models of human behavior are commonly made assumptions of (1) that people process stable preferences and goals,

5   and (2) that these preferences are general individualistic nature. It is prejudicial to agree and permit to the approval

6   of one passenger's scent, and not the other because you do not find it favorable, as the next person may enjoy the

7   scent.

8

9

10   Regardless the Plaintiff was denied the right to express this individual trait or characteristic, and is a violation of the

11   First Amendment, and consequences should not have resulted because of favorable or unfavorable smells.

12

13                                          SIXTH CAUSE OF ACTION

14                                INTERFERENCE WITH CONSTITUTIONAL RIGHTS

15                                             10 U.S.C. § 253

16   Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

17   Defendants interfered with Plaintiffs' constitutional right entitling them to equal.

18   Defendants adopted the conduct, through their officers, directors, managing, agents, or supervisory employees. They

19   further ratified the conduct by failing to take appropriate prompt remedial action.

20   A substantial motivating reason for Defendants' conduct was Plaintiffs' race.

21

22

23   Defendants interfered with Plaintiff right to be free from discrimination on the basis of race as set forth above, and

24   permitted traveling conditions that denied Plaintiff their Constitutional right entitling them to equal protection.

25   Defendants' conduct caused Plaintiff to suffer, and continue to suffer and continue to suffer damages as set forth

26   above.

27

28   COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
    CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
    TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 12

1

2    By reason of the conduct of Defendants as alleged herein, Plaintiff have necessarily retained attorneys to prosecute

3    the present action. Plaintiff are therefore entitled to reasonable attorney's fees and litigation expenses, including

4    expert witness fees and costs, incurred in bringing this action.

5

6    Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful

7    intention of injuring Plaintiff; with the conscious disregard of the rights and safety of Plaintiff; and with an improper

8
     and evil motive amounting to malice.
9

10

11   Plaintiffs are thus entitled to recover punitive damages from Defendants in an amount according to proof.

12

13                                 SEVENTH CAUASE OF ACTION

14                                    EQUAL PROTECTION

15                                     42 U.S.C. § 1983

16   The End Racial Profiling bill has been introduced but has not become effective law to provide further guidance on

17   racial profile; In addition, to the general context of the Civil Rights Act of discrimination based on the protected

18   status of race and color; But this enacted into policy and procedure would significantly reduce prejudice treatment

19   based on singlism, and profiling minorities.  The purpose of the bill is to eliminate racial, religious and other

20   discriminatory profiling by law enforcement, and for other purposes.

21

22

23   Racial profiling harm's individuals subjected to it because they experience fear, anxiety, humiliation, anger,

24   resentment, and cynicism when they are unjustifiably treated as criminal suspects. By discouraging individuals from

25   traveling freely, racial profiling impairs both interstate and intrastate commerce.

26

27

28   COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S.
     CODE § 287, 10 U.S.C § 253, 42 U.S.C. § 1988. TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200,
     TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 13

Racial profiling violates the Equal Protection Clause of the Constitution and due process. Using race, ethnicity, or national origin as a proxy for criminal suspicion violates the constitutional requirement that police and other government officials determined belongs to all citizens through the equal protection of the law.

"The constitutional basis for objecting to intentionally discriminatory application of the laws is the Equal Protection

-*Whren v. United States*, 517 U.S. 806, 813 (1996).

-Arlington Heights v. Metropolitan Housing Development Corporation, 429 U.S. 252 (1977).

## EIGHTH CAUSE OF ACTION

### FALSE ACCUSATION

18 U.S.C. § 287

Plaintiff was discriminated against by the false accusation of presenting an odor.

Upon removal of the aircraft, law enforcement confirmed that he was not the culprit to an odor. It normally would not result to a safety concern of unfavorable smells, except in the case of possessing illegal contraband, but airline employees do not have the authority to engage in implicit bias because of individual racist theories, based on race, color, or attitudes or feelings about a person's particular outward appearance; But, the non-existence of the alleged odor alone does not permit any additional racial profiling.

The Defendant, Frontier Airlines, based their assumptions, derived and formulated, on personal identity dynamics and racial pretenses prohibited in the Civil Rights Act of 1964 and Equal Protection laws, of race and color, and used an implicit attitude theory by the personal view, attitude or feeling about the Plaintiff. These types of assumptions are racially driven and formulated by experiences, and an outward opinion about a protected group that should not be used in a corporate setting that prohibits discrimination and negative treatment because of a personal view.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 14

Plaintiff is an African American male but does not recreationally or medically, use any type of illicit drugs or marijuana usage. These types of hostile situations with the large volume of law enforcement, removal from aircraft and airline policy for odor is "normally based" on illegal activity motives, and Frontier Airlines did not have the right to violate the Plaintiffs' Constitutional rights.

## NINTH CAUSE OF ACTION

### FEDERAL TORT CLAIM ACT

28 U.S.C. 2672

The Plaintiff suffered personal injury damages caused by the negligent or wrongful act or commission of an employee of the federal government.

Plaintiff does not believe that there was an alleged odor as it was confirmed to be a false accusation and the law enforcement officers may have engaged in omission of the actual fact, but due to the wrongful act of being victimized by false accusation injury has been the result.

The Federal Tort Claims Act provides a legal means for compensating individuals who have suffered in exception to government agency immunity.

Plaintiff request for compensatory recovery for the personal injuries suffered of emotional distress: anxiety, humiliation, anger, resentment, and cynicism.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 15

### TENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(As to Plaintiff: Against All Defendants)

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

As a consumer and passenger of Defendant, Plaintiff we're owed a duty of care by the Defendant, to ensure that Plaintiff did not receive preventable personal injuries.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harm.

As statistics have proven that these type of false accusations and prejudices, create a public disturbance, but inflicts injuries through serious emotional distress.

Defendants, each of them, failed to exercise their duty of care by immediately providing remedy by returning to the seat on the plane, and after confirmation of the false accusation of malodor. They subjected the Plaintiff to additional ridicule and induced fears instead of preventing added distress, and more racial harassment, discrimination, retaliation, breach of liberty.

As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 16

distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety, defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and more.

Defendants have endangered Plaintiff by falsely persecuting him in false allegations that are not illegal in anyway, shape or form, and has chosen to racially profile, even with the possibilities of creating significant personal injuries and damaging integrity of the Plaintiff; Defendants' engagements have been predisposed as malicious, intentional in nature, and without valid justification, to cause violation to the legal rights and safety of the Plaintiff, and not in compliance with standard (DOT) rules or procedures and sinfully amounting to malice and morality.

Plaintiff are entitled to recover punitive damages in the amount of burden to proof.

## ELEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

As a consumer of Defendants', Plaintiff was owed a duty care to protect and safeguard the integrity, and well-being of the passenger in the airport and on the flight, and ensure that Plaintiff was not subjected to preventable personal injury harms.

Plaintiff complained that he did not engage in any illegal activity, and did not have any odor that was unbearable. If, omitted by employees of the airline, Aviation Authority or law enforcement; Plaintiff did not smell like any illicit or marijuana drugs, and does not engage in any illicit drugs.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 17

Defendants failed to take the appropriate remedial action, and knowingly, created a significant public disturbance that increased beyond the passengers that had boarded plane with the Plaintiff, by including the entire West Palm Beach Airport, and the Defendants knew that he would continue to be scrutinized by the negative views associated with detainment and law enforcement personnel, and would suffer extreme emotional and mental distress.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harms.

As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety, defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and more.

TWELFTH CAUSE OF ACTION

BREACH OF CONTRACT-REQUIRED TERMS

41 U.S. Code § 6503

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

As a consumer of Defendants', Plaintiff was owed a duty care to protect and safeguard the integrity, and well-being of the passenger in the airport and on the flight, and ensure that Plaintiff was not subjected to preventable personal injury harms.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 18

Defendants failed to provide the designated trip.

Defendants failed to refund the ticket.

Defendants failed to take the appropriate remedial action, and knowingly, created a significant public disturbance that increased beyond the passengers that had boarded plane with the Plaintiff, by including the entire West Palm Beach Airport, and the Defendants' knew that he would continue to be scrutinized by the negative views associated with detainment and law enforcement personnel, and would suffer extreme emotional and mental distress.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by failing to conduct a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harm's.

As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety, defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and more.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harms.

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 19

1

2

THIRTEENTH CAUSE OF ACTION

3

NEGLIGENCE

4

Plaintiffs incorporate the foregoing paragraphs by reference, as though fully reproduced herein.

5

Upon receiving any complaint about an alleged odor, employees of Frontier Airlines have an obligation to evaluate

6

7

the circumstances to make sure that the issue permits any type of intervention, in order to protect the rights and duty

8

of care of the passenger, and through an investigation of facts, the airline should have known or would have

9

concluded that the issue did not rise to the level of safety for a passenger removal, and the airline employees would

10

have been able to safeguard the integrity of the Plaintiff by preventing the illegal racial harassment and physically

11

aggressive behaviors, by validating the claim and the level of seriousness.

12

13

Defendants had a duty not to engage in these wrongful acts, and the supervisor and pilots, maintained the

14

operational responsibility to prevent this type of activity of wrongful treatment, threatening and implicitly racially

15

driven by assertion.

16

17

18

Defendants failed to supervisor their staff correctly in their decision making to remove the passengers and involve

19

the Sheriff's Department and Palm Beach Department of Airports. Defendant's actions were intentional with

20

disregard to company standards, and enforcement of an odor policy was very offensive and demeaning.

21

22

As direct, and consequential results of Defendants' actions, Plaintiff has suffered significant mental and emotional

23

distress that easily should have been prevented, and is subject to the responsibility of serious pain, anxiety,

24

defamation, and its accompanying humiliation, anger, resentment, embarrassment, frustration and induced fear, and

25

more.

26

27

28

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 20

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harms.

## FOURTEENTH CAUSE OF ACTION

### WRONGFUL REMOVAL IN VIOLATION OF PUBLIC POLICY

Defendant, Frontier Airlines, failed to follow the standard policy and procedure required from the regulating Department of Transportation agency.

Defendants, each of them, were knowledgeable, or should have known, that Plaintiff would be subjected to racial harassment and discrimination, and that by failing to be in compliance with the standardized policy, ensuring that they exercise due care, by conducting a thorough investigation of the concern, to prevent racial harassment, discrimination, and its accompanying harms.

## FIFTEENTH CAUSE OF ACTION

### PERGURY

### FLORIDA STATUTE § 836.012

When perjury does not occur in an official proceeding, it can be charged under the Florida statue, as a third-degree felony and punishable for up to five (5) years.

Plaintiff was falsely accused of a random odor that was not at the level of safety and security.

Defendants cannot place prejudice and independent discrimination on human body odor, due to the discretionary appeasement of scents, and because of the potential infringement of the American Disabilities Act, prohibiting

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 21

discrimination of people with medical conditions.

The Plaintiff did not engage in any illegal activity, and normally, an odor alert promulgated in the airport or airline has concerns of illicit drugs, and commonly marijuana.

The Plaintiff believes that Defendant, Frontier Airlines untruthfully, told law enforcement and airport security that they had suspicion of illegal activity that was drug affiliated, and alleged that they smelled an odor of an illegal substance.

The plaintiff does not recreationally or medically use any types of illicit drugs.

The allegation was untrue and invalid as reported to the Sheriff Department.

## REQUEST FOR RELIEF

Plaintiff request judgement, SIXTY MILLION DOLLARS (S60,000,000), against the Defendant for the information supplied above and says:

General damages according to proof and no less than jurisdictional limit in this court.

Special Damages in an amount according to proof, including prejudgment.

Civil penalties pursuit to 49 U.S.C. § 40127(a), 28 U.S.C. 2672, 18 U.S. Code § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, Title XLIV: Chapter 760, Title VI, 42 U.S.C. § 200, Title VI, 42 U.S.C. § 2000d. F.S § 836.012

If, and with legal modifiers, an attorney retained for the case fees and cost, as related.

Exemplary and punitive damages in an amount according to proof.

Interest is provided by law.

Cost of suit accrued herein.

Injunctive relief for the Defendants to better train their staff on racial discrimination, and the effects of not protecting the Plaintiff by the owed duty of care, and develop better policies and procedures to ensure that wrongful

acts are not committed because of false accusations, resulting in any type of prejudice by racial harassment or racial

profiling, and remedial action is taken so further harm is not caused including their integrity.

The court may include additional relief, to wit is only right and fair.

July 08, 2022

Channing Hutchins

Pro Se Litigant

Demand for Jury Trial

Plaintiff hereby demand a jury trial for all issues.

July 08, 2022

Channing Hutchins

Pro Se Litigant

COMPLAINT FOR DAMAGES AND INJURIES PURSUIT TO 49 U.S.C. § 40127(A), 28 U.S.C. 2672, 18 U.S. CODE § 287, 10 U.S.C. § 253, 42 U.S.C. § 1988, TITLE XLIV: CHAPTER 760, TITLE VI, 42 U.S.C. § 200, TITLE VI, 42 U.S.C. § 2000D, F.S § 836.012. - 23

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

MR. CHANNING HUTCHINS,

Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

PALM BEACH COUNTIES DEPARTMENT OF
AIRPORTS

PALM BEACH COUNTY SHERIFF OFFICE

Defendant

Case No.: 23-CV-80210-ROSENBERG

**JOINT SCHEDULING REPORT**

The Plaintiff has taken monumental strides to resolve the matter with Frontier Airlines, and tried to negotiate the settlement by offering a final demand; However, unless acceptance of the offer is agreed by April 17, 2023, we will no longer be willing to compromise the claim.

Channing Hutchins

April 7, 2023

Date:





FedEx Office

1075 WEST PALM BEACH FL
2381 PALM BEACH LAKES
BLVD
WEST PALM BEACH, FL 33409


R2

FEDERAL BUILDING & COURT
CHANNING HUTCHINS
701 CLEMATIS STREET
ROOM 202 RM 202
WEST PALM BEACH, FL
33401
(206) 504-6072

FXO5899805942125899605942124



1 of 1    OTP # 107504K0B1
Commit: 04/10 12:00 PM

TRK # 589960594212
Mstr # 589960594212



FedEx Office



West Palm Beach FL Airport Node # 1075
(561) 478-0600 fax (561) 478-6878
CALL WHEN DONE


1075-04K0B-1

Channing Hutchins

206 504 6072

