UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80210-ROSENBERG/REINHART

CHANNING HUTCHINS,

     Plaintiff,

v.

FRONTIER AIRLINES, INC., and PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS, and PALM BEACH
COUNTY SHERIFF OFFICE,

     Defendants.

_____/

**ORDER GRANTING IN PART FRONTIER AIRLINES' MOTION TO DIMISS**

     **THIS MATTER** comes before the Court *sua sponte* pursuant to its 28 U.S.C. § 1915(e)(2)

screening obligation and upon Defendant Frontier Airlines Inc.'s Motion to Dismiss and

Incorporated Memorandum of Law. DE 10.  The Court has reviewed the Motion to Dismiss,

Plaintiff's Opposition to Defendant's Motion to Dismiss, DE 20, the record, and it is otherwise

fully advised in the premises.  For the reasons set forth below, the Court **GRANTS in part** the

Defendant's Motion to Dismiss.

     **I.**    **Factual Allegations**

     Mr. Hutchins reports in his Complaint that, on January 14, 2019, he booked a Frontier

Airlines flight scheduled to depart later that day. Compl. at 4.  At an appropriate time, Mr. Hutchins

arrived at the airport, passed through Transportation Security Administration security, and boarded

the flight without issue. *Id.*  At some point during this process, Mr. Hutchins noticed "weird eye

gazes and chatter by the employees at Frontier Airlines boarding counter" and later "weird eye

gazes and chatter between the flight attendants." *Id.*  He "felt singled, or profiled because of being

a black male." *Id.*

Two law enforcement officers approached Mr. Hutchins while he was seated on the flight and required him to exit the flight. *Id.* at 5.  The officers then escorted Mr. Hutchins off of the flight and back to the boarding counter, where more officers were waiting. *Id.*  There, the officers informed Mr. Hutchins that he was removed from the flight because he smelled bad. *Id.*  Some of the officers then led Mr. Hutchins to the booking counter to speak with a Frontier Airlines operations manager. *Id.*  At the booking counter, the remaining law enforcement officer said she did not think that Mr. Hutchins smelled bad. *Id.* at 6.  The operations manager booked a new flight for Mr. Hutchins on a Delta Airlines flight, which he took later that night without further issue. *Id.*

### I.     Procedural History

On January 6, 2023, Mr. Hutchins filed the Complaint in state court recounting the facts of the incident and stating related claims against Defendants Frontier Airlines, Palm Beach County Department of Airports, and the Palm Beach County Sheriff's Office.  He only served Frontier Airlines with the Complaint.  On February 8, Frontier Airlines removed the case to this Court.  On February 16, Frontier Airlines moved to the dismiss Mr. Hutchins' Complaint, contending that Mr. Hutchins fails to state a claim upon which relief can be granted. DE 10 at 3.  Mr. Hutchins responded in opposition. DE 20.

### II.    Legal Standard

A court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  In ruling upon a motion to dismiss, the court accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff, *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017), but the court need not accept legal conclusions couched as factual allegations, *Diverse Power, Inc. v. City of LaGrange, Ga.*,

934 F.3d 1270, 1273 (11th Cir. 2019).  "[D]ismissal is proper when, 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015) (quoting *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

In the following sections, the Court liberally construes Mr. Hutchins' Complaint and analyzes each claim made therein to determine whether the Complaint withstands Frontier Airlines' Motion to Dismiss and the Court's own screening. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.    42 U.S.C. § 1981

Mr. Hutchins' first claim is that Frontier Airlines and the other named Defendants violated 42 U.S.C. § 1981.  Section 1981 mandates that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  To state a § 1981 claim for wrongful removal from a flight, the plaintiff must avoid the 49 U.S.C. § 44902(b) permissive refusal standard.  This standard absolves airlines from liability for removing passengers from flights, unless the airline's decision to remove the plaintiff was "arbitrary or capricious."

An airline's decision to remove a plaintiff from a flight because of intentional racial discrimination is "arbitrary or capricious."  Therefore, a plaintiff can avoid the § 44902(b) permissive refusal standard and successfully state a § 1981 claim if the plaintiff can prove that the

airline's decision to remove him or her from the flight was discriminatory. *See Xiaoyun Lucy Lu v. AirTran Airways, Inc.*, 631 F. App'x 657, 661-62 (11th Cir. 2015); *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020); *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021). As a result, to survive a motion to dismiss, a § 1981 plaintiff must plead sufficient facts from which a court can plausibly infer that the airline's decision to remove the plaintiff from a flight was motivated by intentional racial discrimination. *See Rodemaker v. Shumphard*, 859 F. App'x 450, 452-53 (11th Cir. 2021); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)); *see also Xiaoyun Lucy Lu v. AirTran Airways, Inc.*, 631 F. App'x 657, 661-62 (11th Cir. 2015) (affirming dismissal of a complaint because the plaintiff failed to plead facts from which she could plausibly claim that her removal was arbitrary or capricious).

Here, Mr. Hutchins pleads that the airline's decision to remove him was arbitrary or capricious because he did not smell bad, as they claimed; the airline removed him because of his race. In support of his claim, Mr. Hutchins pleads that he is a Black man and that Frontier Airlines treated him differently than the other passengers. In its Motion to Dismiss, first, Frontier Airlines argues that Mr. Hutchins fails to plausibly allege that racial animus was the but-for cause of the decision to remove him from the flight. DE 10 at 4. Second, it also argues that Mr. Hutchins admits that he smelled bad, and, consequently, has established an independent, non-discriminatory reason that Mr. Hutchins was removed from the flight. *Id.* at 5-6.

Mr. Hutchins plausibly pleads that Frontier Airlines' decision to remove him from the flight was the result of intentional racial discrimination. While Mr. Hutchins does not plead any facts of "overt invocation of race," *Ziyadat*, 3 F.4th at 1296, he pleads facts from which the Court can plausibly infer a circumstantial case of intentional racial discrimination. Mr. Hutchins pleads

that he "boarded the plane without any issues or concerns." Compl. at 4.  While Mr. Hutchins pleads that he did not smell bad, he does not otherwise describe his behavior while he sat on the plane waiting for takeoff.  The Court liberally construes the omitted facts, related to the facts that he did plead, in his favor. *See Freeman v. Fine*, 820 F. App'x 836, 838 (11th Cir. 2020) ("In considering a motion to dismiss for failure to state a claim, the court reviews a plaintiff's *pro se* allegations in a liberal fashion, accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff."); *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (noting that, when reviewing a complaint on a motion to dismiss, courts "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor").  Mr. Hutchins then pleads that, while sitting on the flight just like the other passengers, the flight attendants made "weird eye gazes and chatter" about him because of his race and treated the other passengers on the flight differently than him. *Id.* While Mr. Hutchins does not describe the other passengers, the Court again liberally construes the omitted facts in his favor.  For these reasons, when liberally construing the Complaint, Mr. Hutchins plausibly alleges facts from which the Court can infer that Frontier Airlines removed him from the flight because of intentional racial discrimination.  Therefore, the Court denies Frontier Airlines' Motion to Dismiss to the extent it argues that Mr. Hutchins fails to plausibly allege a § 1981 claim because, when construing both the alleged facts and the omitted facts in the Complaint in Mr. Hutchins' favor, Mr. Hutchins successfully pleads that his removal was arbitrary and capricious.

Next, under the Court's screening obligation under 28 U.S.C. § 1915(e)(2), the Court analyzes the § 1981 claim as it applies to the other Defendants named in the Complaint.  Mr. Hutchins purports to state § 1981 claims against the two other Defendants named in his Complaint,

but he does not plead any facts from which the Court can plausibly infer that the other Defendants intentionally discriminated against him because of his race.  He also does not plead any theories of liability under which the Court could find that the other Defendants are liable for the alleged intentional racial discrimination of Frontier Airlines.  From its own review of the caselaw as applied to the allegations in the Complaint, the Palm Beach County Department of Airports[1] and the Palm Beach County Sheriff's Office are not liable for Frontier Airlines' alleged discrimination. *See, e.g., Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1556 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) ("Qualified immunity protects government officials performing discretionary functions from civil liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'").  Therefore, since Mr. Hutchins does not plead facts from which the Court could infer intentional racial discrimination on the part of the other Defendants and he does not plead any theories of liability under which the Court could find that the other Defendants are liable for Frontier Airlines' alleged intentional racial discrimination, the § 1981 claims stated against the other Defendants are dismissed without prejudice, meaning Mr. Hutchins may replead § 1981 claims against the other Defendants.

### IV.    42 U.S.C. § 2000d

Mr. Hutchins' second claim is that Frontier Airlines violated 42 U.S.C. § 2000d.  Section 2000d mandates that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  To state a § 2000d claim, a plaintiff must plausibly allege that a recipient of federal funding intentionally

---

[1] Mr. Hutchins has not served the Palm Beach County Department of Airports yet.  At this time, the Court refers to this Defendant by the name that Mr. Hutchins uses in the Complaint.

discriminated against the plaintiff in administering the federally funded program. *Arrington v. Miami Dade Cnty. Pub. Sch. Dist.*, 835 F. App'x 418, 420 (11th Cir. 2020); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1202 (11th Cir. 1999).   Therefore, the plaintiff must identify that the defendant is the recipient of federal funding, that the plaintiff was denied the benefits of the program or activity receiving the funding, and that the plaintiff was denied the benefit of the funding on the basis of intentional racial discrimination.

Here, in its Motion to Dismiss, Frontier Airlines argues that Mr. Hutchins fails to identify the federal funding that Frontier Airlines received and, for this reason, fails to state a § 2000d claim.   In response, Mr. Hutchins argues that "[t]he U.S. Department of the Treasury, announced on July 2, 2020, that Frontier Airlines agreed on loan terms for the Economic Security Act," DE 20 at 3, but Mr. Hutchins does not plead this information in his Complaint.

Mr. Hutchins fails to state a § 2000d claim because he fails to plead with specificity the federal funding that Frontier Airlines receives.   Further, Mr. Hutchins fails to plead that he was "excluded from participation in, [] denied the benefits of, or [] subjected to discrimination under any *program* or *activity*."   While Mr. Hutchins alleges that Frontier Airlines received federal funding and that he was discriminated against, he does not allege a "nexus" between the funding and the discrimination to show that he was denied the benefits of the funding because of discrimination. *See Brannon v. Delta Airlines, Inc.*, 434 F. Supp. 3d 124, 138 (S.D.N.Y. 2020). Therefore, the Court grants Frontier Airlines' Motion to Dismiss to the extent that it argues that Mr. Hutchins fails to state a § 2000d claim.   As further amendment would be futile, the claim is dismissed with prejudice, meaning Mr. Hutchins may not replead § 2000d claim.

## V.    10 U.S.C. § 897

Mr. Hutchins' third claim is that one or all of the Defendants violated 10 U.S.C. § 897.

Section 897 instructs that "[a]ny person *subject to this chapter* who, except as provided by law, apprehends, arrests, or confines any person shall be punished as a court-martial may direct." (emphasis added).  The chapter, referred to in § 897, is chapter 47 of title 10 of the United States Code, entitled the Uniform Code of Military Justice.  This chapter applies only to members of the armed forces. *See* 10 U.S.C. § 802 ("The following persons are subject to this chapter . . . Members of a regular component of the armed forces . . . . Cadets, aviation cadets, and midshipmen. . . . Retired members . . . .").

In this case, Mr. Hutchins pleads § 897 claims against Frontier Airlines, Palm Beach County Department of Airports, and the Palm Beach County Sheriff's Office.  In its Motion to Dismiss, Frontier Airlines argues that this statute is inapplicable. DE 10 at 7.  Because none of the Defendants are members of the armed forces, the Court agrees with Frontier Airlines.  Therefore, the Court grants the Motion to Dismiss to the extent it argues that Mr. Hutchins fails to state a § 897 claim against Frontier Airlines, and the Court dismisses the claim against the other Defendants under 28 U.S.C. § 1915(e)(2).  Mr. Hutchins' § 897 claims are dismissed with prejudice because it would be futile for Mr. Hutchins to replead this claim.

## VI.    Title XLIV: Chapter 760 (Discrimination in Public Accommodation)

Mr. Hutchins' fourth claim is that one or all of the Defendants violated the Florida Civil Rights Act.  Under the Florida Civil Rights Act, Florida Statute § 760.08, "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this chapter, without discrimination or segregation on the ground of race, color, national origin, sex, handicap, familial status, or religion."  A person who believes that his or her rights under § 760.08 have been violated may file an administrative complaint "within 365 days of the alleged violation." Fla. Stat. § 760.11

8

(2019). "A plaintiff's exhaustion of her administrative remedies is a jurisdictional prerequisite to filing an action under [§ 760.08]." *Ring v. Boca Ciega Yacht Club, Inc.*, No. 8:19-CV-772-T-33JSS, 2019 WL 5802634, at *6 (M.D. Fla. Nov. 7, 2019), *denying reconsideration* 2019 WL 13267171, at *1 (M.D. Fla. Dec. 11, 2019).

Here, Frontier Airlines argues that Mr. Hutchins cannot state a claim under § 760.08 because he (1) has failed to exhaust his administrative remedies before filing this claim and (2) has failed to file his claim before the running of the relevant statute of limitations. DE 10 at 7.  In response, Mr. Hutchins argues that he filed his case before the running of the relevant statute of limitations. DE 20 at 4.

Mr. Hutchins does not claim that he has filed an administrative claim related to the underlying violation in this case.  Since exhaustion of his administrative remedies is a jurisdictional requirement to filing a § 760.08 claim, the Court grants Frontier Airlines' Motion to Dismiss to the extent it argues that Mr. Hutchins has failed to plead that he has exhausted his administrative remedies, and the Court dismisses the claim for the same reasons against the other Defendants. The claim is dismissed without prejudice.  Mr. Hutchins may replead his § 760.08 claim only if he can plead that he has exhausted his administrative remedies.

## VII.   First Amendment

Mr. Hutchins' fifth claim is that one or all of the Defendants violated his First Amendment rights.  The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech."  It prevents the government from infringing upon an individual's freedom of speech. While the First Amendment constrains the government, not private persons or entities, *Pub. Utilities Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461 (1952), a private person or entity can become subject to First Amendment constraints when the person or entity qualifies as a state actor.

*Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961); *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019).  "[A] private entity can qualify as a state actor . . . (i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity." *Id.* (citations omitted).

In its Motion to Dismiss, Frontier Airlines argues that it is not a government actor.  In response, Mr. Hutchins argues that Frontier Airlines was an accomplice to the Palm Beach County Sheriff's Office.  According to Plaintiff's own allegations, Frontier Airlines is not a government actor; it is an airline.

In addition, Mr. Hutchins has failed to plead that Frontier Airlines is a "state actor" under the state action doctrine because Mr. Hutchins suggests that the Frontier Airlines employees and flight attendants enlisted the Palm Beach County Sheriff's Office to remove him from the flight, not vice versa.  The Complaint does not allege a fact pattern in which the government compels a private entity to take a particular action but rather that a private entity requests that the government take a particular action, and the government did.  Therefore, to the extent Frontier Airlines' Motion to Dismiss argues that Mr. Hutchins fails to state a First Amendment claim against Frontier Airlines, it is granted because Frontier Airlines is not a government actor; Mr. Hutchins has not plead a theory of state action; and Mr. Hutchins seemingly concedes that Frontier Airlines is not a government actor by claiming that it is liable as an accomplice, not directly under the First Amendment.  In addition, it would be futile for Mr. Hutchins to attempt to plead that Frontier Airlines is a state actor because providing commercial air travel is not a traditional, exclusive public function.  Consequently, Mr. Hutchins' First Amendment claim is dismissed with prejudice.

Next, under its 28 U.S.C. § 1915(e)(2) screening obligation and its duty to raise issues of

standing *sua sponte*, the Court turns to the substance of Mr. Hutchins' First Amendment claim. The First Amendment protects a person's speech and, in some circumstances, his or her conduct. A person's conduct is deemed "expressive conduct" and is protected by the First Amendment when it is "intended to be communicative and that, in context, would reasonably be understood by the viewer to be communicative." *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 294 (1984); *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 568 (1995). Therefore, under the First Amendment, the government generally cannot prohibit an individual's conduct when that conduct is intended to communicate a message and it would be understood to communicate that message to a viewer.

In this case, Mr. Hutchins does not explain how smelling bad is expressive conduct that is protected by the First Amendment. Mr. Hutchins' First Amendment claim is, therefore, dismissed against all of the Defendants for failure to allege constitutionally protected expressive conduct; the claim is dismissed with prejudice as further amendment would be futile.

## VIII.    10 U.S.C. § 253

Mr. Hutchins' sixth claim is that one or all of the Defendants violated 10 U.S.C. § 253. Under § 253, the President of the United States is required to "take such measures as he considers necessary to suppress, in a State, any insurrection, domestic violence, unlawful combination, or conspiracy."  Here, Mr. Hutchins argues that the Defendants violated § 253 because the Palm Beach County Sheriff's Office enforces the law for the President.  As a result, their actions must conform, but did not, with the President's responsibilities as outlined in § 253.

In its Motion to Dismiss, Frontier Airlines argues that this statute is inapplicable. DE 10 at 7.  Because the President is not a defendant in this case, and because there are no allegations related to "insurrection, domestic violence, unlawful combination, or conspiracy," the Court agrees with

Frontier Airlines.  Therefore, the Court grants the Motion to Dismiss to the extent it argues that Mr. Hutchins fails to state a § 253 claim against Frontier Airlines, and the Court dismisses the claim against the other Defendants under 28 U.S.C. § 1915(e)(2).  Mr. Hutchins' § 253 claim is dismissed with prejudice.

IX.    **42 U.S.C. § 1983**

Mr. Hutchins' seventh claim is that the Defendants violated 42 U.S.C. § 1983.  Section 1983 requires "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  Section 1983 does not apply to private persons; it applies only to those persons acting under color of law. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Kenney v. Fox*, 232 F.2d 288, 290 (6th Cir. 1956).  When § 1983 is applicable, it prohibits those persons covered by the statute from discriminating against citizens on account of their race. *Giron v. City of Alexander*, 693 F. Supp. 2d 904, 943 (E.D. Ark. 2010).

Here, Mr. Hutchins argues that all of the Defendants named in this case violated § 1983 when they allegedly racially profiled him.  In its Motion to Dismiss, Frontier Airlines argues that it is not a government actor and, therefore, it was not acting under color of law and cannot be liable under § 1983. DE 10 at 8.  Mr. Hutchins argues in response that Frontier Airlines "is equally responsible through accomplice affiliation and operating on the premises of governmental territory." DE 20 at 5.

Mr. Hutchins does not plead in his Complaint or argue in his Response a theory to hold Frontier Airlines liable under § 1983 because simply operating on "governmental territory" does not transform a private actor into a state actor.  Therefore, to the extent Frontier Airlines' Motion

12

to Dismiss argues that Mr. Hutchins fails to state a § 1983 claim against Frontier Airlines, it is granted.  Mr. Hutchins' § 1983 claim against Frontier Airlines is dismissed with prejudice because it would be futile for Mr. Hutchins to attempt to plead that Frontier Airlines acted under color of law. *See Shqeirat v. U.S. Airways Grp., Inc.*, 645 F. Supp. 2d 765, 793 (D. Minn. 2009).   In addition, the Court also dismisses the claim with prejudice as to the other Defendants named in the Complaint pursuant to the Court's obligation under 28 U.S.C. § 1915(e)(2) for the same reasons the § 1981 claim was dismissed, as stated above in Section III; Mr. Hutchins has failed to plead facts from which the Court can infer that the other Defendants removed him from the flight because of intentional racial discrimination.  Further amendment to this claim would be futile.

## X.    18 U.S.C. § 287

Mr. Hutchins' eighth claim is that Frontier Airlines violated 18 U.S.C. § 287.  Section 287 provides that "Whoever makes or presents to . . . the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned."  Section 287 is a criminal law that outlines a maximum sentence for defrauding the Government.

In this case, Mr. Hutchins claims that Frontier Airlines violated § 287 when it falsely claimed that Mr. Hutchins smelled bad.  In its Motion to Dismiss, Frontier Airlines argues that this law is inapplicable.  The Court agrees with Frontier Airlines that this statute is inapplicable because a "claim" under § 287 refers "solely to the payment or approval of a claim for money or property to which a right is asserted against the Government." *United States v. Cohn*, 270 U.S. 339, 345 (1926).  Further, as § 287 is a criminal law, the Government may bring § 287 prosecutions, but private citizens may not.  Therefore, the Court grants the Motion to Dismiss to the extent it argues that Mr. Hutchins fails to state a § 287 claim against Frontier Airlines.  Mr. Hutchins' § 287 claim

13

is dismissed with prejudice as further amendment would be futile.

**XI.    Federal Tort Claims Act**

Mr. Hutchins' ninth claim is that he can sue one or all of the Defendants for negligence under the Federal Tort Claims Act, 28 U.S.C. § 2674.  Section 2674 provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."  It "allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 141 S. Ct. 740, 745 (2021).

In this case, Mr. Hutchins claims that the Defendants' negligence harmed him and, further, that he can sue them under the Federal Tort Claims Act.  In its Motion to Dismiss, Frontier Airlines argues that the Federal Tort Claims Act is inapplicable in this case because it is not a government actor.  The Court agrees with Frontier Airlines that this statute is inapplicable because Frontier Airlines is not the Federal Government.  Therefore, the Court grants the Motion to Dismiss to the extent it argues that Mr. Hutchins fails to state a claim under the Federal Tort Claims Act against Frontier Airlines, and the Court dismisses the claim against the other Defendants under 28 U.S.C. § 1915(e)(2) because they also are not the Federal Government.  This claim is dismissed with prejudice as further amendment would be futile.

**XII.    Negligent Infliction of Emotional Distress ("NIED")**

Mr. Hutchins' tenth claim is that all of the Defendants negligently inflicted emotional distress upon Mr. Hutchins.  To state an NIED claim, the plaintiff must state "an adequately pled underlying claim of negligence." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).  Under Florida law, a plaintiff may state an NIED claim in one of two scenarios: when "(1) one experiences a physical impact during the incident and suffers emotional distress stemming

from that incident; or (2) one does not experience a physical impact but is involved in the incident and experiences emotional distress so severe that it manifests as physical injury." *Seybold v. Clapis*, 966 F. Supp. 2d 1312, 1315 (M.D. Fla. 2013).

In this case, Mr. Hutchins alleges that all of the Defendants negligently inflicted emotional distress upon him when they intentionally discriminated against him because of his race.  He argues that the Defendants had a duty to keep him "safe and free of harm, and [he] suffered severe emotional distress as a result of the negligence." DE 20 at 5.  In its Motion to Dismiss, Frontier Airlines argues that "a cause of action for negligent racial discrimination does not exist." DE 10 at 8.  The Court agrees with Frontier Airlines that one cannot negligently intentionally discriminate against a plaintiff. *Cf. Anderson v. AMR*, 348 F. App'x 322, 324 (9th Cir. 2009) (holding that a plaintiff cannot state an NIED claim under California law for intentional conduct; California law, similar to Florida law, permits a plaintiff to state an NIED claim when a plaintiff suffers "serious emotional distress suffered as a result of an injury to a close family member," *Gu v. BMW of N. Am., LLC*, 33 Cal. Rptr. 3d 617, 622 (2005), or "serious emotional distress . . . as a result of a breach of duty owed the plaintiff that is 'assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two,'" *Burgess v. Superior Ct.*, 831 P.2d 1197, 1201 (1992)); *Doe v. The Geo Grp., Inc.*, No. SA-16-CV-173-XR, 2017 WL 835209, at *6 (W.D. Tex. Mar. 2, 2017) ("[T]he Court has found no cases (and Doe cites none) that allow an intentional tort, such as sexual assault, to be re-characterized as an act of negligence . . . . Further, the Court cannot imagine how this would be the state of Texas law.").  Therefore, to successfully state an NIED claim under Florida law, Mr. Hutchins would have to plead entirely new and different facts.  For this reason, the Court grants the Motion to Dismiss to the extent it argues that Mr. Hutchins fails to state an NEID claim against Frontier Airlines and dismisses the

claim against the other Defendants under 28 U.S.C. § 1915(e)(2). This claim is dismissed with prejudice as further amendment would be futile.

### XIII.    Intentional Infliction of Emotional Distress ("IIED")

Mr. Hutchins' eleventh claim is that one or all of the Defendants intentionally inflicted emotional distress upon Mr. Hutchins. "To prove intentional infliction of emotional distress under Florida law, the plaintiff must prove: (1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990) (citations omitted). Under Florida law, conduct is "outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Lapar v. Potter*, 395 F. Supp. 2d 1152, 1160 (M.D. Fla. 2005). Simply pleading that a defendant "acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice,'" is insufficient to plead outrageous conduct. *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985). Even direct intentional racial discrimination is not "outrageous" behavior under Florida law. *See, e.g.*, *Williams v. Worldwide Flight SVCS., Inc.*, 877 So. 2d 869, 870 (Fla. Dist. Ct. App. 2004) (finding that repeated, intentional direct discrimination against an employee did not constitute "outrageous" behavior); *Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1152 (M.D. Fla. 2016) (same).

In this case, Mr. Hutchins alleges that all of the Defendants intentionally inflicted emotional distress upon him when they intentionally discriminated against him. He argues that Frontier Airlines' conduct – removing him from the flight because of his race and falsely claiming that he was removed because he smelled bad – is outrageous and, therefore, can serve as the basis

16

of an IIED claim.  In its Motion to Dismiss, Frontier Airlines argues that Mr. Hutchins fails to identify any conduct on the part of Frontier Airlines that could be considered outrageous under Florida law. DE 10 at 9.

Mr. Hutchins fails to state an IIED claim because he fails to plead outrageous conduct attributable to any of the Defendants.  It is the Court's understanding that Mr. Hutchins pleads that Frontier Airlines removed him from the flight for discriminatory reasons and then sought to cover up the discrimination by claiming that Mr. Hutchins smelled bad.  While this conduct, if proven true, would violate 41 U.S.C. § 1981, it does not constitute "outrageous" conduct under Florida law that can serve as the basis of an IIED claim because it is not "outrageous," extreme, or atrocious under Florida law.

Florida courts have held that reprehensible behavior like the use of racial epithets and refusing service to customers because of their race do not constitute "outrageous" conduct under many circumstances. *See Lay v. Roux Lab'ys, Inc.*, 379 So. 2d 451, 452 (Fla. Dist. Ct. App. 1980) ("[T]he alleged conduct of Kremer was that he 'began to threaten her (Donesta Lay) with the loss of her job, then said defendant began using humiliating language, vicious verbal attacks, racial epithets . . . . Although the alleged conduct is extremely reprehensible, we do not think that the alleged conduct reaches the level of outrageousness . . . ."); *De La Campa v. Grifols Am., Inc.*, 819 So. 2d 940, 944 (Fla. Dist. Ct. App. 2002) ("Texeira and Garcia, subjected De La Campa to a severe and pervasive pattern of sexual harassment, including but not limited to, derogatory comments relating to homosexuality . . . . These allegations of verbal abuse and disparate treatment, if true, constitute objectionable and offensive conduct, but do not rise to the level of outrageousness . . . .").  "[M]ere insults, indignities, threats, or false accusations" do not constitute "outrageous" conduct under Florida law. *Williams*, 877 So. 2d at 870.  Therefore, removing a

passenger from a flight because of intentional racial discrimination and then covering up the discriminatory intent by claiming that the passenger smelled bad, which is conduct that is less humiliating and degrading than suffering racial epithets, is not "outrageous" under Florida law. Since it does not rise to the level of "outrageous" conduct under Florida law, the Court grants Frontier Airlines' Motion to Dismiss to the extent it argues that Mr. Hutchins fails to state an IIED claim against Frontier Airlines and dismisses the claim against the other Defendants under 28 U.S.C. § 1915(e)(2). This claim is dismissed with prejudice as further amendment would be futile.

### XIV.    41 U.S.C. § 6503

Mr. Hutchins' twelfth claim is that one or all of the Defendants violated 41 U.S.C. § 6503. Section 6503 "applies in case of breach or violation of a representation or stipulation included in a contract under section 6502 of this title." Section 6502 concerns "contract[s] made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000."

Here, Mr. Hutchins pleads §§ 6502-03 claims against the Defendants, but none of the Defendants are agencies of the United States. Therefore, the Court grants the Motion to Dismiss to the extent it argues that Mr. Hutchins fails to state a claim under §§ 6502-03 against Frontier Airlines, and the Court dismisses the claim against the other Defendants under 28 U.S.C. § 1915(e)(2) because they also are not agencies of the United States. This claim is dismissed with prejudice as further amendment would be futile.

### XV.    Negligence

Mr. Hutchins' thirteenth claim is that all of the Defendants acted negligently when they failed to investigate whether or not Mr. Hutchins actually smelled bad before removing him from the flight. In its Motion to Dismiss, Frontier Airlines states that it does not understand the theory

underlying this claim and argues that, "[t]o the extent this claim asserts discrimination, negligent infliction of emotional distress or intentional infliction of emotional distress, this claim is redundant with previously alleged claims." DE 10 at 11.

The Court agrees with Frontier Airlines. If this negligence claim rests upon Mr. Hutchins' theory that Frontier Airlines intentionally discriminated against him, then, as a matter of law, it cannot proceed because one cannot negligently intentionally discriminate based on race. If this negligence claim is pled in the alternative, it is not plausible as pled. If the Court properly understands this claim as stated in the alternative, Mr. Hutchins contends that the Defendants were negligent for failing to thoroughly investigate how he smelled. In other words, they were negligent for not smelling him before removing him off of the flight. But this allegation is implausible because it is implausible that the law enforcement officers who approached him on the flight, in close quarters, could not smell him during that time. Therefore, the Court grants the Motion to Dismiss to the extent it argues that Mr. Hutchins fails to state a negligence claim against Frontier Airlines and dismisses the claim against the other Defendants under 28 U.S.C. § 1915(e)(2). This claim is dismissed with prejudice as further amendment would be futile.

### XVI.    Wrongful Removal in Violation of Public Policy

Mr. Hutchins' fourteenth claim is that one or all of the Defendants wrongfully removed him in violation of public policy. In its Motion to Dismiss, Frontier Airlines argues that "wrongful removal in violation of public policy" is not a claim recognized under Florida law. DE 10 at 12. In his Response, Mr. Hutchins agrees and explains, "[t]he purpose is for the court to recognize federal law for a basis of state law claim, in regards to wrongful removal of a passenger, while utilizing the Civil Rights Act as the public policy in lieu of the prejudicial association with arbitrary and capricious." DE 20 at 7.

First, the Court does not understand the purpose of this claim in light of Mr. Hutchins' response.  Second, "wrongful removal in violation of public policy" is not an independent cause of action under state or federal law.  Therefore, the Court grants the Motion to Dismiss to the extent it argues that Mr. Hutchins fails to state a "wrongful removal in violation of public policy" claim against Frontier Airlines and dismisses the claim against the other Defendants under 28 U.S.C. § 1915(e)(2).  This claim is dismissed with prejudice as further amendment would be futile.

### XVII.    Perjury

Mr. Hutchins' fifteenth claim is that all of the Defendants perjured themselves because one or all of the Defendants falsely accused him of smelling bad.  Under Florida criminal law, a defendant is guilty of perjury if he or she "makes a false statement, which he or she does not believe to be true, under oath, not in an official proceeding, in regard to any material matter." Fla. Stat. § 837.012 (2023).  Therefore, for a defendant to be guilty of perjury, the defendant must have made a statement under oath.  Here, Mr. Hutchins has not identified a statement made under oath that he alleges to be false.  Instead, the focus of this Complaint is that the Defendants allegedly said Mr. Hutchins smelled bad; there is no allegation that the Defendants made this statement under oath.  Further, Mr. Hutchins attempted to state a civil claim against the Defendants under a Florida criminal law, which does not have a private right of action.  Therefore, the Court grants Frontier Airlines' Motion to Dismiss to the extent it argues that Mr. Hutchins fails to state a perjury claim against Frontier Airlines and dismisses the claim against the other Defendants under 28 U.S.C. § 1915(e)(2).  This claim is dismissed with prejudice as further amendment would be futile.

### XVIII.    Conclusion

Therefore, the Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part**.  Mr. Hutchins shall have until April 24, 2023, to amend his complaint in light of this Order.

20

Mr. Hutchins may only amend the claims that the Court dismissed without prejudice—Counts 1, and 4; he cannot replead the claims that the Court dismissed with prejudice—Counts 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15.  In the event the Plaintiff fails to comply with this Order, the Court may dismiss the Plaintiff's complaint without prejudice.

      **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of April, 2023.

Copies furnished to:  
All counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE