```
FILED BY_____CG_____ D.C.
         APR 25 2023
       ANGELA E. NOBLE
    CLERK U.S. DIST. CT.
    S.D. OF FLA. - W.P.B.
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MR. CHANNING HUTCHINS,

    Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

    Defendant

Case No.: 23-CV-80210-ROSENBERG

EXTENSION

## Extension to Respond

I, Mr. Channing Hutchins, am requesting for a extension to deliver clarification to the cause of actions 1 & 4, and as I require additional time to professionally research and respond accordingly. In addition, I have had Newton's Laws of Motion proving to be vigilant and valid, as I have had some pressures pushing me backwards with my anxiety. I am requesting an additional 7-14 days to respond. You do not have my best wishes with the dismissal of the other causes of actions, but I being a Pro Se complainant, I require an extended amount of time to review and analyze the information that you communicated, and it does take longer than the permitted time frame to deliver a response competently.

Delivery Service Failure to Deliver Response

On April 24, 2023, I attempted to deliver this extension request before the deadline with both Fed Ex Courier and a 30 minute guarantee delivery service called Hyper flyer. The first delivery service was unable to deliver the documents until today, and the second delivery service picked up the printed documents, and notified me that they were delivering the motion to the court, but the request was cancelled after business hours by the company. The documents should have been there but I made all possible attempts but it was completely out of my control, and I request for the court to take note of the efforts, and provide a courtesy, due to the extenuating circumstances.

Obliging Court Directives for Amendment

(id.) First Cause of Action, "Defendant, Frontier Airlines, breached the actual contract by refusing to allow Plaintiff to fly on scheduled flight. Defendant, Frontier Airlines, has failed to reimburse the amount paid as promised in the agreement. The airline has treated the passenger different than other passengers by discrimination or racially profiling him for The incident; The plaintiff has a disability that does produce additional human odor because of his anxiety. However, It does not appear that the protection from the American Disability Act would be required to defend any issue of Odor; As the Sheriff Department and Airport personally confirmed that they did not detect any malodors; And, the Delta Airlines flight did not present any of the same public safety concern. Environmental disturbances and fresh human odor will be present everywhere and cannot be the causation of a black Male being singled out of a plane with about forty (40) other passengers. Defendants, Frontier Airlines, Palm Beach County Sheriff's Department and Palm Beach Counties Airport, violated Plaintiffs' rights by depriving Plaintiffs of their right to the enjoyment of all benefits, privileges, terms, and Conditions of Plaintiffs' contract of carriage "as is enjoyed by white citizens," in direct violation of 42 U.S.C. § 1981(b)."

   It appears to me that the Court has made the correct inference's in regards to the case, and should determine Frontier Airlines Incorporated has engaged in discrimination, "by placing substantial negative reliance on illegitimate criterion," it was racial animus that motivated the airlines employees' actions, instead of an actual safety or security concern, as the nature normally requires significantly heightened risks or precautions, and again confirm that I did not present any type unbearable odor and I did not smell bad; I experienced weird eye gazes and chatter on both the airplane and at the terminal. (Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); [9] Venters v. City of Delphi, 123 F.3d 956, 972 (7th Cir. 1997), and I will add that I may recall hearing comments of "black" and "for" in a far distance, but I have been socialized to disregard, and forget those type of comments, as I have always lived in a predominately white suburban community, and those type of racial slurs are commonly used growing up, but your disadvantaged being raised in a interracial family, as all parties do not experience the same treatment, engaging in the same activities, ambitions or enjoyments, and a lot of the prejudice goes unnoticed because of lack of understanding, or indifference but it happens more commonly than not, especially in areas with lowered ethnic diversity within the community, but it seems like everyone always wants to pick on the black guy, and in my personal experience white people, always want to pick on the mixed guy

with blue eyes, and don't let him try to be bigger; They believe that they're automatically smarter because your black, or owed some type of privilege because they're white, but that "n" name calling was not anything compared to the actual lynching's; I promise the actions speaking louder than words and their actions said get this nigger off of this plane and let everybody know we did that to that nigger!

Frontier Airlines Incorporated engaged in a breach of contract of which denied his enjoyment and privileges that other white citizens were able to enjoy, held the Plaintiff to additional standards and criterion that was not expressed in the contract, or that other passengers were obligated to follow and racially profiled based on the fact of being African American and failed to follow through with their promise.

(id) Fourth Cause of Action, *"Plaintiff complained to the officers that he was not the culprit to the alleged odor that was sighted as the causation of the issue. The defendants denied the Constitutional Rights that protect against a person in receiving unreasonable searches through the Eighth (8) Amendment, as Odor alone cannot be the sole basis for a probable cause search. State v. Nord, 28 Fla. L. Weekly Supp. 511 (Fla. 20th Cir. Ct. Aug. 8, 2020) or (Johnson v. United States (1948). Whenever any person, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any other person of rights secured by the State Constitution or laws of this state, the Attorney General may bring a civil or administrative action for damages, and for injunctive or other appropriate relief for violations of rights secured. Any damages recovered under this section shall accrue to the injured person. The civil action shall be brought in the name of the state and may be brought on behalf of the injured person."*

The defendant is again being dishonest as they were notified about the complaint filed with the Department of Transportation, Office of Civil Rights. A formal complaint was filed with this governmental agency as they are permitted to investigate and sanction discrimination, and any misconduct with Airlines and airports. Frontier Airlines Incorporated acknowledged the complaint as I personally sent them a copy of the filing and they confirmed the investigation of the issues through a returned email from Mrs. Brittney Zemlicka. After this point in the complaint process, the Department of Transportation never returned any additional communication and failed

to respond to emails requesting status update, or if they required any additional information. Mr. Hutchins also reached out to multiple Civil Rights and Human Rights commissioned agencies, and was advised that the complaints didn't fall under their jurisdiction.

Again, I apologize, Frontier Airlines Incorporated is being dishonest in their defenses as they were completely knowledgeable and again has attempted to lie, allude and delay this case unfairly. They have failed to acknowledge or appreciate the amount of effort that has been put forward with this concern, and they do not respect anything. I have attempted to resolve the matter directly with the airline for over 3 years and they have disregarded each step, and they received the notification of the administrative complaint filed, and they have been uncooperative. In closing, I believe that I have added the clarification that should determine that it was based off of race and that I've administrative remedies before filing a civil suit. If further information is required, please grant the extension of time.

Respectfully,

Channing Hutchins

April 24, 2023

**Emergency Order**

*This should qualify for an emergency order per the deadline for response dated April 24, 2023.

nects the world in responsible
/s at **earthsmart.fedex.com**.
ecycling this FedEx bag.
1 REV 5/17



USMS INSPECTED
BY _____


1075 WEST PALM BEACH FL
2381 PALM BEACH LAKES
BLVD
WEST PALM BEACH, FL 33409
**FEDERAL BUILDING & COUR**
CHANNING HUTCHINS
701 CLEMATIS STREET
RM 202
WEST PALM BEACH, FL
33401
(206) 504-6072

R2

FXF640852678713640852678713042523J9



1 of 1     OTP #
Commit: 04/25 05.00 PM

TRK # 640852678713
Mstr # 640852678713


