UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80210-ROSENBERG/REINHART

CHANNING HUTCHINS,

    Plaintiff,

vs.

FRONTIER AIRLINES, INC.,

    Defendant
_____/

**FRONTIER AIRLINE'S, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), pursuant to Federal Rule of Civil Procedure 12, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and states:

**INTRODUCTION**

1. Federal law allows U.S. and foreign airlines to refuse to transport a passenger if the airline determines that the passenger is, or might be, a threat to safety or security. The determination may be made by the pilot in command of the flight (or other airline personnel such as Ground Security Coordinator). Decisions cannot be arbitrary, according to the Department of Transportation (hereinafter DOT), Office of the General Counsel, Office of Aviation Enforcement and Proceedings, Washington, D.C.

**ANSWER:** The allegations contained in Paragraph 1 of Plaintiff's Complaint contain legal conclusion to which no response is required. If a response to the allegations is required, Frontier admits that an air carrier is permitted to refuse to transport a passenger the carrier decides is, or might be, inimical to safety.

2. We should be able to agree that an unpleasant smell does not have a significant level of risk that would permit nearly twenty (20), sheriff officers for a cooperative passenger. You can only imagine the mental anguish, anxiety, and induced fears by this non-discrete disturbance that was caused by the false allegation by the airline employee(s). The DOT has a policy and procedure that only permits for the removal of a passenger to be solely on one of two rounds, (1) safety and (2) security reasons; But the airline has the responsibility to conduct a reasonable inquiry into the facts supporting a safety issue, as the Transportation Security administration, solely and only, handles security issues. A passenger's race, color, national origin, religion, sex (including gender identity and sexual orientation), or ancestry may not be the determinative factor in a commercial airline's decision to deny boarding or remove a passenger from a flight.

**ANSWER:** The allegations in Paragraph 2 of Plaintiff's Complaint contain legal conclusions to which no response from Frontier is required. If a response to the allegations is required, Frontier admits only to those duties imposed under applicable law and denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The Civil Rights Act of 1964 has been readily available, accessible, and permits the common theory of acknowledgement, by the legality of conducting business in the United States of America, and Frontier Airlines has been travelling domestically in the U.S. for 27 years. It has been reserved by the people of this country to adhere to the civil liberties, and the accompanying equal protection mandated with the Power of congress, as noted in the Civil Rights Act. This article has exemplified equal rights through a group of protected classes, distinguished by personal characteristics, and identity dynamics that are enforced through enumerated writings that are legally binding; But, Constitutionally, Frontier Airlines disregarded because of the "right to travel being violated;" And, furthermore, the legal act mandates that prejudicial treatment is

forbidden on the basis of race or color. The law enforcement confirmed that they did not smell the alleged odor; However, the plaintiff was still denied the right to fly on his flight; And, further scrutiny, persisted.

**ANSWER:** The allegations in Paragraph 3 of Plaintiff's Complaint contain legal conclusions to which no response from Frontier is required. If a response to the allegations is required, Frontier admits only to those duties imposed under applicable law and denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

    4.    Dated February 27, 2002, President Bush, declared before a joint session of congress that racial profiling "is wrong and we will end it in America."

**ANSWER:** The allegations contained in Paragraph 4 of Plaintiff's Complaint contain legal conclusions to which no response is required. If a response to the allegations is required, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4.

## PARTIES

    5.    Mr. Channing Hutchins is a native from a suburb that is less than 70 miles from the John Glenn Columbus International Airport, and a psychology undergraduate education from Florida Memorial University, certified in Diversity, Equality, and Inclusion from the University of Virginia, Darden School of Business, certified Anger Management Facilitator, and enrolled into a jurisprudence program at Taft Law School, and has been the victim to discrimination.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore, they are denied.

    6.    Frontier Airlines, Inc. facilitates business operations domestically, on or about 100 U.S. locations, and internationally; Thus, generating income and revenue streams in excess of

$2.06 billion, in the year of 2021, and reaffirms the liquidity of the company acumen to afford the compensatory request.

**ANSWER:** Frontier admits only that it operates domestic and international flights. The remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

7. Palm Beach Counties Department of Airports, has the authority to manage and operate the premises of the airport and assisted the airline employees, Sheriff Department in the removal, detainment, and trespassing from the WPI airport.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore, they are denied.

8. Palm Beach County Sheriff Office has an airport personnel department that is stationed at the West Palm Beach International Airport, 24 hours of the day, 365 days a year, and the law enforcement serves as the subject matter expert for legal laws and enforcer of constitutional rights.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore, they are denied.

## JURISDICTION AND VENUE

9. Florida Statute 47.011 requires for an individual to file a civil procedure in (a) county the Defendant resides, (b) the county cause if action accrued or (c) the county the property is located.

**ANSWER:** The allegations contained in Paragraph 9 of Plaintiff's Complaint contain legal conclusions to which no response is required. If a response to the allegations is required, Frontier admits that Florida Statute 47.011 states that "Actions shall be brought only in the county where

the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents."

10. The Fifteenth Judicial Circuit Court has jurisdiction for the case and is the nearest location, by way of Palm Beach County, Florida.

**ANSWER:** The allegations contained in Paragraph 10 of Plaintiff's Complaint contain legal conclusion to which no response is required. If a response to the allegations is required, they are denied.

11. In accordance with 28 U.S.C. § 1441, 28 U.S.C. § 1331, the district courts shall have original jurisdiction over the Constitution, laws and treaties of the United States.

**ANSWER:** The allegations contained in Paragraph 11 of Plaintiff's Complaint contain legal conclusions to which no response is required. If a response to the allegations is required, 28 U.S.C. § 1441 and 28 U.S.C. § 1331 speak for themselves.

## FACTUAL ALLEGATIONS

12. On approximately, January 14, 2019, at 7:30 am, Mr. Channing Hutchins (Hereinafter Plaintiff), received his flight confirmation from Frontier Airlines via email correspondence listed in Exhibit A.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore, they are denied.

13. Channing was very happy to have booked the flight as he had been anticipating returning home, since he had to reschedule his original flight, and the confirmation provided receipt for the contractual agreement to transport him to his destination. The flight booking provided enough cushion for him to timely arrive at the gateway for boarding, etc.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore, they are denied.

14. Channing passed the security clearance with the Transportation Security Administration, but did have to undergo additional security, and because of a lost identification card. The screening process was conducted in the pre-security area, and he successfully passed the identification check, and was allowed to proceed through the post-security phase and was granted permission to proceed into the terminal.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore, they are denied.

15. Channing was very attentive to be early for the flight as directed by the booking agent and respected the aviation industries standards.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore, they are denied.

16. However, he noticed weird eye gazes and chatter by the employees at Frontier Airlines boarding counter, and felt singled, or profiled because of being a black male. He noticed that there was a black female employee at the counter that did not pay too much attention to the comments or non-verbal actions. Additionally, there have been multiple accounts of Frontier's mistreatment to African Americans, as a mother and her child, were denied sanitary conditions by sitting in soiled vomit, and being removed from the plane.

**ANSWER:** Frontier denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Channing boarded the plane without any issues or concerns, however, the weird eye gazes and chatter between the flight attendants with the flight being delayed, and two officers approaching him, requiring for Channing to the exit the aircraft.

**ANSWER:** Frontier denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Channing found this approach to be very demeaning and unbearably offensive, life threatening, and rude.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore, they are denied.

19. Channing was never approached by a flight attendant while sitting in his assigned seat, but he was very scared by the two (2) law enforcement Sheriffs, requesting for him to leave. His appearance displayed paranoid anxiety with gushing red face, sweaty hands, watery eyes, shaky tone in his speech, and inquired to the reasoning for the contact, and officers replied that they will explain more after we exit the plane.

**ANSWER:** Frontier denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Channing cooperated with the officers by removing his safety belt and exiting the plane, calmly, respectfully, while trying to remain his dignity, but he was very scared by the action of being the culprit to illegal activity, because of the temporary detainment by the sheriff's Department. Upon entering the breezeway and immediately off the plane, the gate closed behind him, and he was accompanied by four additional officers for a total of six law enforcement Sheriff's; He complained that he did not do anything wrong.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore, they are denied.

21. Added fears and angry, he complained again that he has not engaged in any illegal activity and the female Sheriff responded that they would be willing to provide details after exiting the ramp or breezeway; The Operations manager, from the Palm Beach Counties Department of Aviation, will assist them with the explanation at the boarding ate, where all the weird gazes and chatter happened at.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore, they are denied.

22. Upon reaching the boarding counter the volume of officers increased dramatically by at least 10-15 more Sheriff Deputies, and the Operations Manager approached Channing, and said that he was being removed from the plane because there was an odor, and that he would not be allowed to fly. "He responded that he did not have any type of odor and did not do anything wrong," and "He has to get back home."

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore, they are denied.

23. Channing was very scared, angry, offended, and embarrassed as there were a lot of other travelers in the airport and it created a very big disturbance by the volume of law enforcement; Seemingly, the engagement of illegal activity that he was not involved, but he

displayed paranoia by the fear of being arrested and receiving criminal charges because of a false accusation.

**ANSWER:** Frontier denies that false allegations were made against Plaintiff. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore, they are denied.

24. The officers required for him to be temporarily detained by escorting him to the front entrance, and they advised that further communication about the incident would continue at the booking counter; we would have the opportunity to speak with the Frontier Airlines manager.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore, they are denied.

25. After exiting the Transportation Security Administration post-security area and exiting the terminal, the amount of Sheriff deputies decreased to only one female Sheriff Deputy and the Operations Manager; However, Channing was still escorted and temporarily detained until receiving a verbal trespassing.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore, they are denied.

26. Immediately, the Manager from Frontier Airlines came out of the office and spoke with Channing, Sheriff Deputy, and the Operations Manager.

**ANSWER:** Frontier denies that a Frontier Airlines manager spoke with Channing, Sheriff Deputy, and the Operations Manager. Frontier lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore, they are denied.

27. The Sheriff replied that she did not smell any odor on Channing and the Operations Manager replied with the same comment of not smelling ay malodor; and the Frontier Airlines manager immediately began looking for an alternative trip.

**ANSWER:** Frontier denies that a Frontier Airlines manager immediately began looking for an alternative trip. Frontier lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint, and therefore, they are denied.

28. Channing never received an apology for the false accusation, and it was very difficult accommodating the alternative flight; They wanted to send him to another airport to fly out or wait nearly a week for another flight with the airline, but they would not accommodate a hotel or transportation to another airport. He finally received another flight with Delta Airlines that was paid for by Frontier Airlines.

**ANSWER:** Frontier denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. He flew on Delta Airlines flight No. HHS2J3 on January 14, 2019, at 6:15 pm without any issues or complaints of odor. In fact, it was a dual segment trip that required the changing of an aircraft in Atlanta Georgia; But it was undoubtedly a false accusation and both segments of the trips did not have any alarming malodorous small.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore, they are denied.

30. Channing believes that he was racially profiled because of being a black man in the airport. And, although he did not do anything wrong, he was verbally trespassed from the West Palm Beach Airport.

**ANSWER:** Frontier denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Channing believed that the removal from the airplane and verbal trespassed warning were pretextual. Channing believed that the removal from the airplane was due to being racially harassed and profiled and the officers violated his constitutional right to access the facilities.

**ANSWER:** Frontier denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. As a direct and proximate result of the acts, and false accusation by the Defendants, Channing has suffered, and continued to suffer emotional distress and psychological damage. This includes, but is not limited to humiliation, mental anguish, stress, fear, depression and anxiety.

**ANSWER:** Frontier denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. As a result of the prejudice, Channing is entitled to recover attorney's fees for the prosecution of these claims.

**ANSWER:** Frontier denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. The Defendants engaged into the conduct, maliciously, and intended to vex, injure, annoy, humiliate, and embarrass Channing, and with conscious disregard of the rights and safety of Channing, and they have done so to other African American customers. Channing is informed and believes, and based thereof alleges, that Frontier Airlines justified the false accusation, because they were aware of the discriminatory conduct, and did not care about the black guys feelings, and failed to make immediate remedial action after confirming the alleged odor to be completely false and untrue.

**ANSWER:** Frontier denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Channing has experienced long withstanding medical conditions related to the incident with induced fear and uncomfortable around law enforcement, anxiety, and other fears, continued mental anguish, and he truly believes it cause a lot of negative depictions, and is very sad and upset about this happening to him.

**ANSWER:** Frontier denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

Racial Discrimination, Racial Harassment, Breach of Contract, Failure to Investigate and Prevent Discrimination and Harassment (42 U.S.C. § 1981)

36. Plaintiff incorporates the foregoing paragraph by reference, as though fully reproduced herein.

**ANSWER:** Frontier incorporates its Answers to Paragraphs 1 – 35 as if fully set forth therein.

37. Plaintiff are members of a protected class, African American male.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore, they are denied.

38. At all relevant times herein, Channing was in a contractual agreement with Defendant Frontier Airlines.

**ANSWER:** Frontier denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant, Frontier Airlines, breached the actual contract by refusing to allow Plaintiff to fly on scheduled flight.

**ANSWER:** Frontier denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant, Frontier Airlines, has failed to reimburse the amount paid as promised in the agreement.

**ANSWER:** Frontier denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. The airline has treated the passenger different than other passenger by discrimination or racially profiling him for the incident; The plaintiff has a disability that does produce additional human odor because of his anxiety, however, it does not appear that the protection from the American Disability Act would be required to defend any issue of odor; As the Sheriff Department and Airport personally confirmed that they did not detect any malodor; And, the Delta Airlines flight did not present any of the same public safety concern.

**ANSWER:** Frontier denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Environmental disturbance and fresh human odor will present everywhere and cannot be the causation of a black male being singled out of a plane with about forty (40) other passengers.

**ANSWER:** Frontier denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants, Frontier Airlines, Palm Beach county sheriff's Department and Palm Beach Counties Airport, violated Plaintiff's rights by depriving Plaintiff of their right of all benefits, privileges, terms and conditions of Plaintiff's contact of carriage "as enjoyed by white citizens," in direct violation of 42 U.S.C. § 1981(b).

**ANSWER:** Frontier denies the allegations directed against it in Paragraph 43 of Plaintiff's Complaint.

## GENERAL DENIAL[1]

---

[1] Pursuant to this Court's Order on April 18, 2023 (Dkt. 31), Counts 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 of Plaintiff's Complaint were dismissed with prejudice. Therefore, no response to these counts is required.

Frontier denies all allegations in Plaintiff's Complaint that are not specifically admitted above.[2]

## **AFFIRMATIVE DEFENSES OF FRONTIER AIRLINES, INC.**

In further response to Plaintiff's Complaint, Defendant, FRONTIER AIRLINES, INC., raises and preserves the following Affirmative Defenses:

1. The Complaint fails to state a cause of action upon which relief may be granted.

2. Frontier's conduct was not the actual or proximate cause of the occurrence in question.

3. At all relevant times, Frontier acted reasonably, prudently, and in compliance with the applicable standard of care, if any, due and owing.

4. Plaintiff's alleges damages, if any, are barred or limited under applicable law due to Plaintiff's failure to mitigate damages.

5. Plaintiff's claims are preempted, in whole or in part, by federal law.

6. Pursuant to applicable federal and state law, Frontier is entitled to immunity, qualified or otherwise.

7. Pursuant to applicable federal and state law, Frontier is entitled to a privilege, qualified or otherwise.

8. Plaintiff's claims are barred pursuant to applicable federal statutes, including, but not limited to, 49 U.S.C. § 44902(b), 6 U.S.C. § 1104, and 49 U.S.C. § 44941.

9. Plaintiff's claims are preempted, in whole or in part, by the laws of jurisdictions other than Florida.

---

[2] Pursuant to this Court's Order on April 18, 2023 (Dkt. 31), Plaintiff was granted leave to replead Count 4 of Plaintiff's Complaint by April 24, 2023. Because Plaintiff failed to replead Count 4 by the deadline imposed by the Court, Frontier is not required to respond to Count 4.

10. Plaintiff's claims are barred and/or limited because Frontier complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

11. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

12. Plaintiff's claims are barred, or recover reduced, by the doctrine of estoppel, waiver, unclean hands, misrepresentation, and/or laches.

13. Plaintiff's injuries and damages, if any, were caused by preexisting conditions for which Frontier is not responsible.

14. Plaintiff's alleged damages, if any, were caused in whole or in part by acts or omissions of other persons or entities over whom or which Frontier has no control or right of control.

15. Plaintiff's alleged damages, if any, were caused by the acts or omissions of other persons or entities for whom and which Frontier is not liable. In the event Frontier is found liable to Plaintiffs, which liability Frontier expressly denies, Frontier may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties pursuant to applicable law and reserves its right to seek the same.

**RESERVATION OF FURTHER DEFENSES**

Frontier reserves the right to supplement and amend its defenses in this action, as necessary in light of the facts, allegations, claims and changes or modifications in the law.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that the Plaintiff take nothing by way of his Complaint and that this Court enter judgment in favor of Frontier and against the Plaintiff on this Complaint; and Frontier further prays that the Plaintiff be required to reimburse

Frontier for its costs in defending this action. Frontier prays for this relief together with any further relief this Court deems just and equitable.

## **JURY DEMAND**

Without waiving its objections set forth herein, Frontier hereby demands a trial by jury on all issues so triable.

Dated: May 2, 2023

        Respectfully submitted,

        */s/* Cecilia Torello

        Juan Serrano, Esq.
        Florida Bar No.: 319510
        Cecilia Torello, Esq.
        Florida Bar No.: 1018230
        GRIFFIN & SERRANO, PA
        707 S.E. 3rd Avenue, 6th Floor
        Ft. Lauderdale, Florida 33316
        Telephone: (954) 462-4002
        Fax: (954) 462-4009
        jserrano@griffinserrano.com
        Ctorello@griffinserrano.com


        Brian T. Maye
        (seeking *pro hac vice* admission)
        ADLER MURPHY & McQUILLEN LLP
        20 South Clark Street, Suite 2500
        Chicago, Illinois 60603
        Phone: (312) 345-0700
        Fax:    (312) 345-9860
        Email: bmaye@amm-law.com
        Firm ID: 32597

        *Counsel for Frontier Airlines, Inc.*

Case No. 23-CV-80210-ROSENBERG

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via electronic mail pursuant to Fla. R. Jud Admin 2.516, and U.S. Mail to Mr. Channing Hutchins at 6921 Breakenwood Drive, Dayton, Ohio 45424 on May 2, 2023, to all parties on the attached service list.

**GRIFFIN & SERRANO, P.A.**
Attorneys for Frontier Airlines
Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Phone: (954) 462-4002
Fax: (954) 462-4009

/s/ Cecilia Torello

Juan R. Serrano
Florida Bar No. 319510
Cecilia Torello
Florida Bar No. 1018230

## SERVICE LIST

Channing Hutchins
6921 Breckwood Drive
Huber Heights, Ohio 45424
channinghutchins@outlook.com