UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MR. CHANNING HUTCHINS,

    Plaintiff,

vs.

FRONTIER AIRLINES INCORPORATED,

    Defendant

Case No.: 23-CV-80210-ROSENBERG

AMENDED COMPLIANT

Amended Complaint for Racial Discrimination

I. Parties to the complaint

(A) Plaintiff

Mr. Channing Hutchins
808 Howell Street
Seattle, Washington 98101



FILED BY ___Cols___ D.C.

MAY 05 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

(B) Dependent No. 1:

Frontier Airlines Incorporated
4545 Airport Way,
Denver, CO 80239, USA

(C) Incident location

Palm Beach International Airport
1000 James L Turnage Blvd,
West Palm Beach, FL 33415

II. Basis for Jurisdiction

    (A) 42 U.S. Code § 1981 - Equal rights under the law
    (B) TITLE XIIV: Chapter 760(Discrimination in Public Accommodation)

III. Statement of Claim: The discriminatory conduct for which I claim in this action includes:-

    (A) Removed from the passenger aircraft due to unequal terms and conditions based on race instead of the false accusation.

(B) It is my understanding that the alleged discriminatory acts occurred on January 14, 2019.

(C) I do believe that they are still discriminating against me.

(D) Defendant discriminated against me because of my race and anxiety.

(E) The facts are the case will be provided in the original complaint with its entirety:

(ER.) 42 U.S.C 1981, *Defendant, Frontier Airlines, breached the actual contract by refusing to allow Plaintiff to fly on scheduled flight. Defendant, Frontier Airlines, has failed to reimburse the amount paid as promised in the agreement. The airline has treated the passenger different than other passengers by discrimination or racially profiling him for The incident; The plaintiff has a disability that does produce additional human odor because of his anxiety. However, It does not appear that the protection from the American Disability Act would be required to defend any issue of Odor; As the Sheriff Department and Airport personally confirmed that they did not detect any malodors; And, the Delta Airlines flight did not present any of the same public safety concern. Environmental disturbances and fresh human odor will be present everywhere and cannot be the causation of a black Male being singled out of a plane with about forty (40) other passengers. Defendants, Frontier Airlines, Palm Beach County Sheriff's Department and Palm Beach Counties Airport, violated Plaintiffs' rights by depriving Plaintiffs of their right to the enjoyment of all benefits, privileges, terms, and Conditions of Plaintiffs' contract of carriage "as is enjoyed by white citizens," in direct violation of 42 U.S.C. § 1981(b).* It appears to me that the Court has made the correct inference's in regards to the case, and should determine Frontier Airlines Incorporated has engaged in discrimination, "by placing substantial negative reliance on illegitimate criterion," it was racial animus that motivated the airlines employees' actions, instead of an actual safety or security concern, as the nature normally requires significantly heightened risks or precautions, and again confirm that I did not present any type unbearable odor and I did not smell bad; I experienced weird eye gazes and chatter on both the airplane and at the terminal. *(Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); [9] Venters v. City of Delphi, 123 F.3d 956, 972 (7th Cir. 1997),* and I will add that I may recall hearing comments of "black" and "for" in a far distance, but I have been socialized to disregard, and forget those type of comments, as I have always lived in a predominately white suburban community, and those type of racial slurs are commonly used growing up, but your disadvantaged being raised in a interracial family, as all parties do not experience the same treatment, engaging in

the same activities, ambitions or enjoyments, and a lot of the prejudice goes unnoticed because of lack of understanding, or indifference but it happens more commonly than not, especially in areas with lowered ethnic diversity within the community, but it seems like everyone always wants to pick on the black guy, and in my personal experience white people, always want to pick on the mixed guy with blue eyes, and don't let him try to be bigger; They believe that they're automatically smarter because your black, or owed some type of privilege because they're white, but that "n" name calling was not anything compared to the actual lynching's; I promise the actions speaking louder than words and their actions said get this nigger off of this plane and let everybody know we did that to that nigger! Frontier Airlines Incorporated engaged in a breach of contract of which denied his enjoyment and privileges that other white citizens were able to enjoy, held the Plaintiff to additional standards and criterion that was not expressed in the contract, or that other passengers were obligated to follow and racially profiled based on the fact of being African American and failed to follow through with their promise.

-And-

TITLE XIIV, "Plaintiff complained to the officers that he was not the culprit to the alleged odor that was sighted as the causation of the issue. The defendants denied the Constitutional Rights that protect against a person in receiving unreasonable searches through the Eighth (8) Amendment, as Odor alone cannot be the sole basis for a probable cause search. State v. Nord, 28 Fla. L. Weekly Supp. 511 (Fla. 20th Cir. Ct. Aug. 8, 2020) or (Johnson v. United States (1948). Whenever any person, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any other person of rights secured by the State Constitution or laws of this state, the Attorney General may bring a civil or administrative action for damages, and for injunctive or other appropriate relief for violations of rights secured. Any damages recovered under this section shall accrue to the injured person. The civil action shall be brought in the name of the state and may be brought on behalf of the injured person." The defendant is again being dishonest as they were notified about the complaint filed with the Department of Transportation, Office of Civil Rights. A formal complaint was filed with this governmental agency as they are permitted to investigate and sanction discrimination, and any misconduct with Airlines and airports. Frontier Airlines Incorporated acknowledged the complaint as I personally sent them a copy of the filing and they confirmed the investigation of the issues through a returned email from Mr Brittney Zemlicka. After this point in

the complaint process, the Department of Transportation never returned any additional communication and failed to respond to emails requesting status update, or if they required any additional information. Mr. Hutchins also reached out to multiple Civil Rights and Human Rights commissioned agencies, and was advised that the complaints didn't fall under their jurisdiction. Florida Statutes do not declare that it is mandatory to file a complaint with the agency in order to file a lawsuit, and it has been determined that it is not a "prerequisite to a private right under the law according to Chowdhuy v. Reading Hospi'tal & Medical Center, 677 F.2d 317 (3d Cir. 1982), petition for cert. filed, 51 U.S.L.W. 3120 (U.S. Aug. 5, 1982) (No. 82-201)." The Villanova Law Review, Villanova Law Review, Vol. 28, Iss. 3 [1983], Art. 10, later mentions that the purpose of the exhaustion of remedy is to reduce and limit federal financial costs, and concurrently iterated that the private right to protection is still available and determined by the court. The Florida Statutes has utterances of the same accord in other civil rights categories such as housing that proclaims a individual is permitted to file a lawsuit at anytime with or without a complaint being filed with a agency. The words of "may" written throughout the law indicates that a person is allowed to file the complaint, but does not stage that it is mandatory. The exhaustion of administrative remedies should not be a prerequisite for a private right under law; However, every attempt was made with the information available at that time to exhaust remedy, a place a lot of fault on attorneys failing to represent me in the case, and failing to provide necessary information during consultations.

IV. Exhaustion of Federal Remedies
   (A) At the time of the incident I was not aware that it was mandatory to file with these agencies prior to filing a lawsuit, and upon concluding that Frontier Airlines Incorporated was not willing to resolve the matter directly with me; I filed a complaint with the Department of Transportation, Federal Aviation Authority on April 20, 2022.
   (B) Civil Right Commission in Dayton, Ohio on or about January 2019 and I remember contacting the Human Rights Agency in West Palm Beach, but I was advised something of the sort that it didn't fall under the categories of public accommodation.

(C) I sought professional help with tons of attorneys throughout Florida, Colorado and in Dayton, none of them were waking on new clients, and didn't provide the necessary information about filing with a Civil Rights Agency within 365 days during the consultation.

(D) It has been longer than 60 days without a response from the complaint filed with the Department of Transportation.

V. Relief

I am requesting compensatory and punitive damages in the amount of ($70,000,000.00) for the mental anguish experienced, inconvenience, and loss of enjoyment of life, and for the malicious and reckless act of discrimination.

In prayer,

Channing Hutchins

_____

