UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CHANNING HUTCHINS  Case No.: 23-CV-80210-ROSENBERG

    Plaintiff,

v.

FRONTIER AIRLINES, INC.; PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS; and PALM BEACH COUNTY
SHERIFF OFFICE

    Defendants.
_____/

## DECLARATION OF CAPTAIN CYPRIAN BUNKER

1. I am over the age of eighteen, I have personal knowledge of the facts set forth in this Affidavit, and I am competent to testify on the matters contained in this Affidavit.

2. I am now, and was on January 14, 2019, employed as a pilot for Frontier Airlines, Inc. ("Frontier").

3. On January 14, 2019, I was scheduled to pilot Frontier Flight 257 from Palm Beach, Florida ("PBI") to Columbus, Ohio ("CMH").

4. Prior to boarding Flight 257, I received communications from Customer Relations that one of the passengers boarding the flight (later confirmed to be the Plaintiff) had attempted to travel on prior flights.

5. During boarding of Flight 257, the Frontier flight crew advised me that numerous passengers sitting in different locations on the aircraft complained about a severely offensive odor coming from Plaintiff, and asked to be reseated away from him as a result.

6. After consulting with the flight crew, the First Officer, and Customer Service, we determined there was no way to accommodate Plaintiff on Flight 257. According to flight crew reports, Plaintiff's odor was so pronounced and disruptive that, no matter where he was seated, it would continue to disturb other passengers and distract the flight crew from performing their pre-flight and in-flight duties.

7. As the captain, in accordance with the Federal Aviation Administration's regulations and Frontier's policies and procedures, I was responsible for the safety and wellbeing



DEFENDANT'S EXHIBIT F

of the passengers and crew on Flight 257. Therefore, I was obligated to act for the safety and comfort of all the passengers and crew aboard the flight, and was authorized to refuse transportation to any passenger who might threaten or compromise the safety, wellbeing or comfort of the passengers or flight crew.

8. Out of concern for the passengers' and crew's health, comfort and safety, as well as the flight crew's ability to perform their duties, I decided to refuse transportation to the Plaintiff aboard Flight 257 and have him deplaned from the aircraft.

9. The decision to refuse transportation to the Plaintiff and have him deplaned from the aircraft was made solely out of concerns for the safety, comfort and wellbeing of the passengers and flight crew on Flight 257, and was in no way based on the Plaintiff's race or ethnicity. In fact, I had no knowledge of Plaintiff's race or ethnicity at the time the decision was made.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.**

Dated: September 5, 2023

Captain Cyprian Bunker