UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CHANNING HUTCHINS                    Case No.: 23-CV-80210-ROSENBERG

    Plaintiff,

v.

FRONTIER AIRLINES, INC.; PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS; and PALM BEACH COUNTY
SHERIFF OFFICE

    Defendants.
_____/

## DECLARATION OF FIRST OFFICER THOMAS SEYMOUR

    1.    I am over the age of eighteen, I have personal knowledge of the facts set forth in this Affidavit, and I am competent to testify on the matters contained in this Affidavit.

    2.    On January 14, 2019, I was employed as a First Officer for Frontier Airlines, Inc ("Frontier").

    3.    On January 14, 2019, I was scheduled to serve as First Officer on Frontier Flight 257 from Palm Beach, Florida ("PBI") to Columbus, Ohio ("CMH").

    4.    During boarding of Flight 257, the Frontier flight crew advised that several passengers were strongly complaining about Plaintiff's odor. I was advised that it was extremely evident that the Plaintiff had not bathed in a while.

    5.    Boarding logistics and safety quickly became a concern. We were advised that passengers were refusing to sit in their assigned seats – even several rows away – because the Plaintiff appeared so unclean and because his odor permeated the entire aircraft cabin.

    6.    After consulting with the Captain, the flight crew, and Customer Service, we determined there was no way to accommodate Plaintiff on Flight 257, whether by relocating him to another seat or by relocating passengers seated near him to other seats. His odor was so pronounced and disruptive that, no matter where he was seated, it would continue to disturb other passengers and distract the flight crew from performing their pre-flight and in-flight duties.

    7.    Out of concern for the passengers' health, comfort and safety, and the flight crew's ability to perform their duties, it was decided that Plaintiff would be refused transportation on



DEFENDANT'S EXHIBIT
G

Flight 257 and deplaned from the aircraft. We advised the gate agents, who asked law enforcement to come to the gate to be present for deplaning.

8. Upon arrival, law enforcement advised that the Plaintiff had tried to fly aboard a separate flight the day prior, but was refused service on that flight as well. They advised that Plaintiff had been offered accommodations so that he could bathe, as well as a change of clothes, but he refused.

9. The decision to refuse transportation to the Plaintiff and have him deplaned from the aircraft was made solely out of concerns for the safety, comfort and wellbeing of the passengers and flight crew on Flight 257, and was in no way based on the Plaintiff's race. In fact, I never saw the Plaintiff, and had no knowledge of his race at the time the decision was made.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.**

Dated: August 31, 2023

_____
First Officer Thomas Seymour