FILED BY ＮＣ ＿＿＿＿ D.C.

SEP 1 9 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No.: 23-CV-80210-ROSENBERG

Channing Hutchins

V.

Frontier Airlines

## Opposition for Summary Judgment/ Continuance

Mr. Channing Hutchins requests for the court to grant a continuance for the response of summary judgement from Frontier Airlines Incorporated. The evidence submitted by the airline in the form of testimonies doesn't match the actions taken after flight removal (a) being allowed to continue flying, (b) Frontier Airlines Incorporated paying for alternative flight, same day, (c) flight successfully completed without issue of odor.

However, Frontier Airlines has failed to cooperate with discovery request that prevented the Plaintiff from conducting evidence.

We were not notified of any testimonies, or provided names, company policies, other racial discrimination complaints with Frontier Airlines Incorporated, even upon request, and received no returned answers to questions.

We were taken advantage of by the uncollaborated scheduling of the mediation of which it is believed that they are friends of the law firm, or have conducted prior business, and built a relationship because it was not successful, and lacked impartiality and fairness. We requested and agreed to other mediators but irresponsible changed the mediator and date after the court demanded the follow-up.

Any thing scheduled was not involved with myself for corresponding dates, rather involuntarily selected including the interrogators request, but failed to make timely arrangements to compete out-of-state, or accommodations to complete without being in-person. It was not possible due to thr financial constraints and distance of not being living local. However, Pro Se is not suppose to give testimony and complaint is written in testimony.

Police Records have been damaged and the direct evidence has become more circumstantial and corroborated in favor of summary judgment for the Plaintiff.

We need an opportunity to review the documents sent to the court to provide an answer and request for Summary judgment on Plaintiffs behalf.

The Plaintiff has been very ill, under decapitation anxiety that has delayed and prevented working on the case. It seems that his current living situation of being homeless and financial strained has made it difficult to complete the case and requires a continuance.

We still have disputed issues that need to be resolved and a jury will be better suited as many people will agree with the treatment being racially profiled and wrong.

Sincerely,

Channing Hutchins

Opposition to Summary Judgment

*The instant action was commenced by Pro Se Plaintiff, Channing Hutchins, for injuries he claims to have sustained when he was denied transportation on, and deplaned from, Frontier flight 275*

*("subject flight") scheduled to depart from Palm Beach, Florida (PBI) on January 14, 2019. Plaintiff contends that his removal constituted racial discrimination pursuant to 42 U.S.C § 1981.*

Rebuttal Response:

Frontier Airlines Incorporated has admitted to using a "discretionary". A discretionary policy requires for the incumbent not to follow established policies by changing normal standards, and using personal judgement in their decision. It is fair for us to acknowledge that the standardized policy mandated from the Department of Transportation was not followed for this particular reiterating previously submitted disclosures to the court about the established policy. This case has met the discrimination guidelines for prosecution with the illegitimate criterion used being false, and inadequate to the mandated policy, regulated through the Department of Transportation for safety or security concerns.

It furthermore violated the regulated policy administered through the "DOT" for reasons of passenger removal.

*However, with discovery now closed, Plaintiff has failed to present any evidence that racial animus was the but for cause of his removal from the subjected flight.*

Rebuttal Response:

No. Frontier Airlines has been provided with evidence of the allegation being false by (a) Confirmation the law enforcement report, and (b) Delta Airlines not reporting any issues, or removing the Plaintiff for the alleged odor.

Frontier Airlines Incorporated failed to thoroughly investigate the complaints.

Delta Airlines Incorporated is required to adhere to the same mandatory policies for passenger removals that are regulated through the "DOT".

Law Enforcement confirmed that an odor was not present and required the immediate rebooking of a flight.

Character evidence has proven that Frontier Airlines' has engaged in these discretionary policies frequently causing significant harm to the individuals experiencing the judgement of these individuals that have a very high probability to be internally probed through implicit and unconscious bias for their discriminatory actions. Recently, a formal complaint was filed about the airline segregating flights by prioritizing African American passengers in *(23-cv-01875-SBP),* and cruel treatment of the potential victim of sex trafficking due to being black on their flight *(2:19-cv-01322-KJD-DJA),* racial profiling and sex trafficking discretionary judgement *(Lakeyjaney Bailey/ Frontier Airlines flight 2021),* failing to maintaining standard duty of care and disgusting treatment to black persons by failing to maintain hygiene and sanitary conditions for passengers *(1:19-cv-808, M.D.N.C. July 9, 2020),* false suspicion of terrorism and additional security because of race and color, victim from Ohio with similar appearance of Plaintiff *(12 F. SUPP. 3d 1036 (E.D. Mich 2014);* Seemingly, Frontier Airlines Incorporated conducts its operations with frequent and consistent discrimination at both the consumer and employee level: sex discrimination *(Hodgkins Vs. Frontier Airlines)* & *(Freyer Vs. Frontier).*

*Plaintiff never served proper and timely discovery requests on Frontier; never disclosed any expert witnesses; failed to appear for his properly noticed deposition on August 3, 2023; and never requested any depositions of Frontier or its employees.*

Rebuttal Response:

No. Frontier Airlines Incorporated has failed to cooperate with discovery and did not provide Mr. Hutchins with the requested discovery after multiple attempts.

Frontier Airlines Incorporated agreed to provide information after receiving information, and later reneged on those promises.

Plaintiff provided Frontier Airlines with all of their discovery request and tried to accommodate the interrogatory, but was advised that they would not be providing the information in return.

Frontier Airlines was made aware of the expert witness being a mental health professional for the injuries caused, and the Law Enforcement Officers that confirmed the odor to be untrue and false.

Plaintiff was not timely notified for a in-person deposition as arrangements were required to be made and Frontiers' counsel was notified that Mr. Hutchins resided outside of the State, and required financial preparation, as well as accommodations for lodging and transportation that could not be completed with the short notice.

Plaintiff agreed to provide Frontier Airlines Incorporated with any information that they may need clarified, and Attorney Maye agreed to surprise delays.

*Therefore, Plaintiff has not-and cannot- meet his initial burden of establishing a prima facie case of discrimination, much less refute Frontiers overwhelming evidence demonstrating that it had a legitimate, non-discriminatory reason for refusing Plaintiff transportation and deplaning him from the aircraft.*

We have already established that the prima facie elements were met through (a) the Plaintiff being a member of a protected class by his race of African American and skin color, (B) he had a contractual agreement with the airline that was never refunded to fly on the scheduled flight, (c) he experienced an adverse action by the airline denying his right to fly, and (d) other passengers were permitted to fly and were treated more favorable as they have admitted that it was based on convenience and being comfort.

The Douglas/Burdine Framework mentioned by Frontier Airlines Incorporated failed based on illegitimate reasons that were not true or valid, and airline had taken responsibility for the incorrect actions by purchasing alternative flight after confirmation of odor not being present.

Mr. Hutchins was the only individual criticized For an odor with a vast. Large amount of people entering a very small confined space at one time, and this merits the difference in treatment and failure to investigate any other person as the culprit, except for the black guy and I believe only black guy on the flight.

Frontier Airlines Incorporated has attempted to use contradictory hearsay evidence by misleading the court to believe that the affidavit testimonies should be considered physical evidence of a person witnessing directly; However, the documentary evidence proves that Frontier Airlines Incorporated made the wrong decision by *paying for the alternative flight with Delta Airlines (Ticket with Delta Airlines)*, as later confirmed by Frontier Airlines counsel in submitted court documents, but we should acknowledge that originally they lied about Frontier Airlines paying for the alternative flight after removal.

*Much less refute Frontiers overwhelming evidence demonstrating that it had a legitimate, non-discriminatory reason for refusing Plaintiff transportation and deplaning him from the aircraft.*

Rebuttal Response:

Frontier Airlines Incorporated did not have a legitimate reason for the removal because the allegation of odor was false.

The allegation of odor was not necessary and confirmed to be a false allegation rejecting any justification for using discretion, but still a violation of constitutional rights for flying free of discrimination by being a protected minority, and being the only passenger subjected to the negative odor criticism, or removed from the plane.

The allegation of odor did not meet the federal policy standards.

The Plaintiff should not have been removed and rebooking alternative transportation would not have been necessary, but he would not have sustained any injuries, or detainment.

Frontier Airlines failed to provide any information about the complainant, or employees in their alleged affidavit testimonies to verify accuracy, and recall partied actually being involved *(Formal Request submitted to the court and notified about failure to product discovery information, and 5 separate request made via email and phone communication).*

Circumstantial Evidence: It strongly suggest that a odor did not exist  by the rebooking of the flight, and further confirms the lack of safety or security necessary to remove a passenger by the successful completion of the two segment flight with Delta Airlines.

Analogical Evidence: The subsequent Delta Airlines flight makes the inference that the odor was not prevalent and if a odor existed, or required intervention for potential safety, the same result would have occurred with a removal and the discretionary judgment would have been accurate, but it was not a valid reason for a safety measure and the complaint mentioned extremely uncomfortable, instead of life threatening, or imminent danger of safety. No one's well being is at risk by a unpleasant, or unfavorable smell, and the aircraft is equipped with an air purification system that removes 99.9% of bacteria, skin flakes, dust mites, particles as small as 0.03 microns, and freshens the cabin air.

*Indeed, the evidence definitely shows that Frontier refused Plaintiff service and had him deplaned from flight 257 out of its concern that his severe body odor-and his fellow passengers' extreme reactions to his odor- might threaten safety, wellbeing, and comfort of the passengers and crew and interfere with the flight crews ability to perform their duties.*

*Rebuttal Response:*

It is proven that Frontier Airlines refused Plaintiff service.

It is proven by the Airport Sheriff Deputies confirming that a odor was not present, and requiring the rebooking by Frontier Airlines general manager at PBI airport.

It is proven by the subsequent flight with Delta Airlines Incorporated.

It is proven that it did not amount to any level of safety or security concern.

It is proven that Frontier Airlines staff failed to properly investigate the complaints.

Mr. Hutchins did not have a odor.

Accordingly, summary judgment should be granted.

Rebuttal Response:

Summary judgment should not be ordered in favor of Frontier Airlines Incorporated, and due to Frontier Airlines Incorporated uncooperativeness, they have prevented evidence from surfacing and left issues disputed.

Mr. Hutchins deserves for summary judgement to be entered in his favor based on the evidence of it being illegitimate criterion, and the automatic and seemingly autonomous, agreement without thoroughly investigating the issues.

The evidence confirms that the allegation did not meet the federal standard by strict liability proof of law enforcement confirmation.

The evidence provided by Frontier Airlines confirms that it was not a safety concern rather favorability being granted for comfort, or sitting next to the black guy, or law enforcement would have advised the opposite and confirmed a odor being present, and not required the flight rebooking.

However, Mr. Hutchins requires a continuance to research this matter and make a formal disclosure to the court.

Sincerely,

Channing Hutchins



FedEx Office

1075 WEST PALM BEACH FL
2381 PALM BEACH LAKES
BLVD
WEST PALM BEACH, FL  33409

CHANNING HUTCHINS
CHANNING HUTCHINS
701 CLEMATIS STREET
ROOM 202
WEST PALM BEACH, FL
33401
(561) 803-9400

R2

FXF6294929126466294929126460920235

1 of 1     OTP #
Commit: 09/20 05:00 PM

TRK # 629492912646
Mstr # 629492912646



FedEx Office

West Palm Beach FL Airport Node # 1075
(561) 478-0600 fax (561) 478-6878
CALL WHEN DONE

1075-04LLT-1

Paul Rogers

561.803.3400
BIN#  Delivery

PIECES
1 of 1