Attention:

CLERK OF COURTS

CASE NO. 23-CV-80210-ROSENBERG

Hutchins VS. FRONTIER Airlines



FILED BY NC D.C.
SEP 19 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

Dear Brian Maye/ cc: Brittany Christianson/ HINSHAW & CULBERTSON LLP

Congratulations with your law firms growth and expansion for Hinshaw & Culbertson LLP. Growth is always a positive thing in life, as they always say that two heads are better than one. The initial request that I received has been difficult producing some of the documents, and quite honestly the documents may not be there, but we have done everything possible to get you the information. If there is a note for information, or a lack of provided documentation, we are still currently working on producing the requests, and will provide your law firm with them as soon as possible. Some of the requests will require a authorization for medical records, we are okay with you confirming disability of anxiety, and effects created because of the event, but we are not comfortable with the confidentiality and human aspect of privacy associated with all of the medical records. Your authorization form will provide you with access to request, obtain and review the information for anxiety and circumstantial medical conditions related to the flight, or denial of flight, and removal with Frontier'. You will notice that I have requested a second time for disclosures and interrogatories that were inquired back in March 2023. Some of the inquires were not possible to provide information absent information provided by your client, and we will wait for that information to bring more clarity to the question. We will consistently and regularly monitor the progress and receipt of information, and provide you with the documents are detailed information as soon as possible. In order to simplify things, and for transparency of documents requested, we do not want for you to be unclear or uncertain, if documents should be produced, or if we will have interest in them. Any documents, images, exhibits, videos, etc., that you receive, or are inquiring into we would like that same information provided, and any question just returned back to your client to answer in conjunction, in addition to the admissions and interrogatories listed on the next page.

Sincerely,

Channing Hutchins
(206) 504-6072
08/02/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CHANNING HUTCHINS, Plaintiff, vs. FRONTIER AIRLINES, INC. , Case No.: 12-CV-80210-ROSENBERG/REINHART, Plaintiff, FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Mr. Channing Hutchins, hereby serves its First Set of Requests for Admission to Defendant, Frontier, to be answered within 30 days of service.

1. We are requesting the names of the Pilot and Co-pilot?

2. We are requesting if the Pilot and Co-Pilot have previously been involved in any discriminatory conduct, or racist activities, or affiliations (KKK, etc.,)?

3. We are requesting if the Pilot in command authorized the Plaintiff's removal?

4. We are requesting if the incident was correctly documented with the Aviation Safety Reporting System?

5. We are requesting copies of the incident reports filed, any documentation, notes or communications about the events?

6. We are requesting the standard that was used to evaluate the seriousness of the discretion?

7. We are requesting, according to safety and security requirements, if a odor amounts to one of those two categories that permits passenger removal?

8. We are requesting if you are aware of Islamic Religions people, or other religions that have practices and rituals, prohibiting common standards of bathing, or purification?

2. We are requesting furtherance of the previous question, and inquire to clarity of religious discrimination laws, and if the removal of a Islamic passenger was due to a religious practice, if it would be discriminatory for Frontier Airlines to have acted in that manner?

3. We are requesting your admission on standard corporate policies being set to oblige all people, races, gender, religions, sexual orientation, and other protected categories in whole, and each standard should be able to qualify for any particular person that boards the aircraft without knowledge of their personal identifiers?

4. We are requesting the companies understanding of ADA laws, as a homeless person, may not have the ability, or affordability to purchase new clothes, shower regularly, and may present an odor, in those rare circumstances, if this incapacitated or debilitated, person should be denied their constitutional right, and equal access to flying Frontier Airlines Inc.?

5. We are requesting if you agree that the engagement was discriminatory on any level and plain error was presented that resulted in the removal?

6. We are requesting if you agree that the Plaintiff was racially profiled and that he should not have been removed from the aircraft?

7. We are requesting the by-laws for Frontier Airlines Inc, including all policies and procedures?

8. We are requesting Frontier Airlines Inc., specific policy for discretion for passenger removal?

9. We are requesting a list of all Frontier Airlines Inc., flights from the last 20 years, and passenger names and demographics of removals?

10. We are requesting the name of the passenger that complained about the odor?

11. We are requesting the if the allegation in fact was an inquiry of an odor, or another threat of crime, drugs etc.?

12. We are requesting if the odor that was reported had a specific type of smell, or was the complainant suggesting drug paraphernalia, or some other illegal substance?

13. We are requesting the capabilities for the airline to deodorize the aircraft?

14. We are requesting the air freshener available on the aircraft and brand name?

15. We are requesting information as to why the flight attendants, or other aircraft employees refused to approach the passenger directly about the odor, and contacted the airport law enforcement?

16. We are requesting clarity on why other broadcasted events on Frontier Airlines Inc. aircrafts show passengers being confronted directly by flight crew, and given an opportunity for correction, yet the police were called on the Plaintiff?

17. We are requesting the flight attendant that took the complaint about the odor?

18. We are requesting the name of the authorizing party that approved the removal?

19. We are requesting the standard used for the removal, i.e., safety, security, unruly, inconvenience, etc.?

20. We are requesting confirmation of the duration of the flight?

21. We are requesting if Frontier Airlines Inc., has a policy that allows for passengers to change seats, whether upon flight attendant approval, offering by another passenger, or vacant seat?

22. We are requesting to the reason why alternatives were not used as mentioned in question no. 26 to accommodate the complaining passenger, if the complaint was even true, as the Plaintiff doesn't recall any communication in the small confined space, near his seating area that involved a complaint of odor?

23. We are requesting if Frontier Airlines Inc., now or previously, has had a policy that involved segregation between Whites and blacks, (or colored peopled), restricting equal access to facilities, seats, dining, or any other type of service offered through the company since being founded in 1950?

24. We are requesting the demographics of Frontier Airlines Inc., African American employment ratio, compared to whites?

25. We are requesting the length of employment of these African American employees compared to whites?

26. We are requesting for Frontier Airlines to admit that there is disparity in racial equality in employment ratios being unfair?

27. We are requesting for Frontier Airlines Inc., to acknowledge that the airline has received government funding, and since correction has been made informally through your interrogatory questions about other initial claim accounts of pertinence to paying for alternative transportation?

28. We are requesting for Frontier Airlines Inc., to admit that these same disparities in employment ratios transition into racism, and the same unevenness is less favorable for minorities with removal from aircraft. And tarmac search and seizure initiatives?

29. We are requesting if each aircraft is equipped with Hepa filtration systems that capture 99.97% of dust and particles, and airborne contaminants including viruses and bacteria?

30. We are requesting for Frontier Airlines Inc., to admit that there was not any imminent danger with a unpleasant odor on the aircraft?

31. We are requesting for Frontier Airlines Inc., to admit that there were not any health concerns with an odor on the aircraft?

32. We are requesting for Frontier Airlines Inc., to admit that it was not necessary to remove a passenger for a odor concern?

33. We are requesting for you to admit that Frontier Airlines showed favoritism by believing the complainant?

34. We are requesting for you to admit that Frontier Airlines Inc. discriminated by not investigating the matter and just believing the complainant?

35. We are requesting for you to admit that empires strike out with pitchers of the same race more frequent than other races?

36. We are requesting for you to admit that Frontier Airlines Inc. did not want to allow for me to fly with the carrier by not accommodating transportation costs to fly out of Miami, Florida?

37. We are requesting for you to admit that it was undue hardships for Frontier Airlines Inc., to require me to stay without hotel accommodations until the next flight the following week?

38. We want for Frontier Airlines Inc., to admit that they engaged in practices and procedures that were not established and found a loophole to use discretion to remove the Plaintiff?

39. We want for Frontier Airlines Inc., to admit that either the complainant or airline staff did not want the Plaintiff on the aircraft and racially discriminated against him?

40. We want for you to admit that Frontier Airlines engaged in implicit bias?

41. We want for you to admit that Frontier Airlines Inc., engaged in structured bias?

42. We want for you to admit that it was completely unreasonable to remove a passenger for this type of concern?

43. We want for you to admit that the airline employees didn't receive a complaint, yet the airline staff wanted the Plaintiff removed themselves?

44. We want for you to admit that this is not a fair standard for equal protection which should be uniform to avoid discrimination across all protected categories?

45. We want for you to admit that a significant number of travelers experience anxiety during flying?

46. We want for you to admit that this intense situation severely would cause a person with diagnosed anxiety to experience severe panic attacks?

47. We want for you to admit that this experience is traumatic to the point of requiring treatment to relieve the injuries associated with PTSD?

48. We want for you to admit that Frontier Airlines Inc, wronged Mr. Hutchins and potentially could violate racial discrimination laws, and other protected category laws related to religion and bathing, ADA and social anxiety?

49. We want for Frontier Airlines Inc., to admit that they engaged in discriminatory conduct?

Sincerely,

Channing Hutchins
Dated August 2,2023


