Document sent from Attorney Maye

DEFENDANT FRONTIER AIRLINES INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its attorneys, HINSHAW & CULBERTSON LLP, hereby requests that Plaintiff CHANNING HUTCHINS provide written answers under oath to the following interrogatories within 30 days of service.

DOCUMENT REQUESTS

1. All documents identified in Plaintiff's answers to Frontier's Interrogatories and all documents which in any way support, substantiate, corroborate, or tend to probe the truth of any statement made in Plaintiff's answers to Frontier's Interrogatories.

RESPONSE: We should agree that this information is true and valid to the best of my ability.

2. Complete, unedited, and unabridged copies of all incident reports prepared relative to the Incident.

RESPONSE: You will notice that I have attached the demand letter, and email copies of correspondences with Frontier Airlines, as these should be the only considered incident reports furnished for the case. We are in the process of notifying nationwide and local news, and they typically require a copy of the complaint.

3. All witness statements regarding the Incident.

RESPONSE: Solely, and only, witness statement available will be for the Plaintiff; (Please review complaint filing as it is true record of the discrimination claim); However, expert witnesses in the form of mental health professionals, and specialty physicians have been consulted, but due to a financial constraint, treatment has been delayed; In adding, please review physicians diagnosis as PTSD, you will notice pre-existing anxiety, and social anxiety dated since 2010; Anxiety was prevalent with symptoms.

4. All statements of all persons who witnesses or claims to have witnessed the psychological, emotional, and mental health injuries suffered by Plaintiff as a result of the Incident.

RESPONSE: We will be able to provide additional contacts and documentation from medical professionals, and financial costs have been subdued from ministers, or Pastors, yet this expert witness has been occasionally, and continuously used in multiple Christianity platforms, limited documentation of contact, and no therapy through seeking attorney litigation, but no injuries have been healed; It appears to me that my family, specifically Maternal Mother, has endured injuries by the traumatic experience, and well-being of my physical health, mentally and physically because of the event, as a 3rd party. (We have requested summaries for some of these individuals, but have yet to receive returned communication; Ministries Christian Phone Line, Talkspace Therapies Services, Teladoc Physician Provider, Ministries Christian Phone line, Attorneys for Consultation.)

5. All documents related to any contact or communication between Plaintiff and any person who witnessed or claims to have witnessed the Incident.

RESPONSE:

income that should have been generated, and the lack of advancements, due to position tenures multiplied by the number of sequential years. Previously, as a General Manager, located in Ohio averaged about $60k-$97K, according to census data.

6. All documents related to any contact or communication between Plaintiff and law enforcement (e.g., Palm Beach County Sheriff Office) regarding the Incident.

RESPONSE: Due to this being an active case, the retrieval of any documents has not been possible, an attempt was made to receive the reports from the PBCSO, yet its my understanding that a police report was not made as there was not a crime that was committed, and they demanded that the Frontier Airlines Inc. manager rebook the flight; However, I am uncertain if a dispatch report or incident report was concluded to document the event.

7. All statements made by Plaintiff, including but not limited to, profile updates, posts, status updates, comments, and messages on social media (e.g., Facebook, Instagram, etc.), relating to the Incident, Plaintiff's alleged injuries and damages, Plaintiff's mental or mental health, or this lawsuit.

RESPONSE: The Plaintiff would like to join a social media group based on racial discrimination, and use this as an effort of alternative therapy, and support of the injuries experienced, yet hasn't received the recommendation from a medical professional, and understands that Frontier Airlines Inc., may want to provide a larger settlement in efforts to safeguard their integrity of their company.

8. All photographs, videos, drawings, measurements, or other visual representations of any kind taken at the scene of the Incident or of the persons involved.

RESPONSE: The Plaintiff is not aware of any of the material evidence, and has not been made aware of any of the aforementioned; If, and with legal modifiers, Hinshaw & Culbertson law firm has this material it should be provided to the representative.

9. All documents reflecting, describing, itemizing, or otherwise concerning all alleged injuries and out-of-pocket expenses or other pecuniary losses alleged to have resulted from the Incident including but not limited to, treatment records, bills for medical services, payment for prescription or nonprescription drugs, and verification of lost wages or earnings.

RESPONSE: We have not had the opportunity to actualize the impact of defamation, yet the injuries sustained appears to be a combination of further debilitating the per-existing condition of anxiety, along with Post-Traumatic Stress Disorder, and a disorder that has reflective qualities of PTSD, named

10. All documents related to lost earnings, if any, that the Plaintiff has suffered as a result of the Incident, including, but not limited to: a. certified true and complete copies of all federal and state income tax return forms and other documents filed by Plaintiff or on her behalf with any other governmental entity or agency for the ten (10) years prior to and including the date of your responses to these requests; b. all employment payroll, personnel, and disciplinary records of Plaintiff during the ten (10) years prior to and including the date of your responses to these requests; c. a statement of wages earned by Plaintiff, including a listing of all periods of unemployment and names and addresses of his employers during the ten (10) years prior to and including the date of your responses to these requests.

RESPONSE: This would be the defamation factor of which this caused damage to the reputation of the Plaintiff, making it very difficult to obtain employment, loss of compensation, yet negative effects

associated with a smaller community, lighter amount of black population, and hurdling effect of consequential effects that were associated, and stereotyping of involvement with far more affiliations, other than pretentious crime, and the cultivation of background records, or assessments from law enforcement that impedes treatment. This figure should be based on a comparative value of the type of

11. All treatment records reflecting Plaintiff's treatment for injuries allegedly sustained as a result of the Incident, and bills incurred by Plaintiff in receiving medical care or treatment for injuries allegedly sustained as a result of the Incident, including physical, psychiatric, psychological, or emotional injuries allegedly sustained as a result of the Incident, and proof of payment of such bills if they have been paid.

RESPONSE: The Plaintiff has been dealing with these injuries with limited treatment, and due to Frontier Airlines Inc., failure to correct the discrimination as the liable party responsible for paying for medical treatment. We have made request for the documents but they have not been returned. We are willing to sign a authorization form for you to receive records confirming the existence of anxiety, or social anxiety for your confirmation of induced symptoms, and injuries sustained.

12. Any application for social security and/or disability benefits filed by the Plaintiff at any time between 2014 to present.

RESPONSE: N/A. But I do not understand the relation to discrimination or PTSD, and anxiety.

13. All medical documents or records pertaining to medical services provided to the Plaintiff during the ten (10) years prior to the Incident, including, but not limited to, bills, receipts, reports, summaries and progress notes.

RESPONSE: We will need to have additional information as to your inquiry as it doesn't appear to be necessary, according to relevancy of judicial and administrative proceedings privacy laws.

14. All documents related to any mental health condition suffered by the Plaintiff during the ten (10) years prior to the Incident, including, but not limited to, records of physicians and other health care professionals, hospital records, photographs, and other test results.

RESPONSE: We will need to have additional information as to your inquiry as it doesn't appear to be necessary, according to relevancy of judicial and administrative proceedings privacy laws. We are willing to provide you with the medical records, pertaining to this specific event, but you may not impede, or invade the confidentiality beyond the scope of relevancy.

15. All documents concerning all other lawsuits, actions, claims, and proceedings, other than this litigation, brought by Plaintiff wherein he alleged physical, psychological, psychiatric, emotional, or mental health injuries.

RESPONSE: We will need to have additional information as to your inquiry into medical records that are not related to this case. It is important that transparency is clear, if you are inquiring to any pre-existing medical conditions that may have caused the discrimination, you need to be inquiring to your client, as a medical condition is protected by the American Disabilities Act, yet harm or induced symptoms, or worsening symptoms, as a result of the discrimination, your client is liable; If you requesting to make a 5% reduction in the harm for pre-existing events like a personal injury claim, my answer is no. The anxiety has been treated by multiple professionals and the skills needed to endure

and overcome, rightfully have been transposed to the Plaintiff, yet the issue is the surprising and threatful harm that prevented the Plaintiff from managing these coping skills, as needed. This is Frontier Airlines Inc., fault.

16. All documents related to compensation, payment or consideration that the Plaintiff has received from any source for the injuries alleged in the Complaint.

RESPONSE: We have not received any reimbursement of the fare paid that created the passenger-carrier relationship, and resulted in Frontier Airlines Inc., breaching their binding contract and duty of care., but there have not been any substantial compensation for the injuries through settlement offerings, or accommodations, it was a very hard experience with the failure to properly accommodate hotel and lodging, and further delaying, and not following policy and procedures, and this disparate treatment.

17. All documents reflecting, describing, itemizing, or otherwise concerning all out-of-pocket expenses or other pecuniary losses alleged to have resulted from the Incident including but not limited to, bills for medical services, payment for prescription or nonprescription drugs, and verification of lost wages or earnings.

RESPONSE: We have very limited records for out-of-pocket expenses or other pecuniary losses for the treatment as it has been random, if funds were available, and the employment losses should be viewed from a prospective index that accounts to the defamation that prevents, hinders, and delays employment, and the life altering of those effects in salary and compensation.

18. All documents reflecting Plaintiff's air travel since January 1, 2017.

RESPONSE: The Plaintiff has not ever flown with Frontier Airlines Inc. since the event happened, and has not been reimbursed for the ticket purchased; Yet he has experienced fear with traveling and airports past the TSA terminal of which induces fear. I wake up black every single day, and since this experience, I just am scared that I am going to get killed. I feel like the Liberians enslaved in 1740's, what can I do.

19. A list identifying each and every statute, ordinance, regulation, by-law, standard, or other guideline of any international, federal, state, or local government or government affiliated organization, or of any professional, licensing, or review authority which Plaintiff, or any witness on Plaintiff's behalf, may refer to during trial.

RESPONSE: Everything that has been used in the initial complaint will be referred during trial, and we will speak about enterprise liability of the parties not served, as the court has already provided notification to the lawsuit, and has the power to demand answer of which the complaint was written contributing to the harms, and Frontier Airlines Inc., is liability through conspiracy and affiliation. We will continue to send updated statutes, and we request the same.

20. All exhibits, documents, objects, or tangible items that Plaintiff, or anyone acting on his behalf, will refer to or seek to introduce into evidence at trial or attempt to use for demonstrative purposes at trial.

RESPONSE: We will be using equity and morality law, along with Federal and State law, policies and procedures, and other public transportation policies and procedures, proving that you cant remove a

passenger because of a odor, along with civil principles that have determined inability to invoke through the prohibited engagement, proving the wrongdoing, but we will need the requested information from March 13, 2023, and implemented in the formal second request today, August 2, 2023 to provide this information.

21. All documents related to any contact or communication between Plaintiff and Frontier regarding the Incident.

RESPONSE: We will provide you with a copy of the emails, as everything was conducted via this format, as I do not recall us speaking on the phone.

22. All documents, other than physical or mental health professional records, that describe, evidence, or refer to the injuries Plaintiff suffered as a result of the Incident, including but not limited to, emails or messages posted on any blog, chat board, or other internet site.

RESPONSE: We will provide you with a list of all of the names. Agape Psychological Counseling, Centerville, Ohio; Teladoc, and online platform)

23. All documents relating to claims and complaints you have made with the U.S. Department of Transportation, the Federal Aviation Administration, and any other governmental entity in connection with or related to the Incident.

RESPONSE: We will provide you with a list of all the claims and complaints. Everything has been filed with the court for this, but the documents have been included in the emails.

24. To the extent not otherwise produced, all documents which support Plaintiff's claims against Frontier Airlines, Inc. including any documents that intended for use at depositions and/or trial as evidence to prove liability or damages.

RESPONSE: We will provide these documents continuously up until trial, as long as you extend the same courtesy and provide the same information. But, we truly need the requested information dated back to March, and the updated request of information, interrogatories and disclosures.

25. Each and every exhibit, model, diagram, picture, motion picture, videotape, slide, graph, chart, sketch, drawing, or other graphic or tangible reproduction or representation of any person, object or scene which is, or may be, involved in this lawsuit

RESPONSE: We have not gotten that far in the case of which there has been any additional exhibits, models, diagrams, picture, motion picture, videotape, slide, graph, chart, sketch, drawing, or other graphic or tangible reproduction or representation of any person, object or scene may be used for this lawsuit.