Document Sent from Attorney Christianson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CHANNING HUTCHINS, Plaintiff, vs. FRONTIER AIRLINES, INC. ,

Defendant / Case No.: 12-CV-80210- ROSENBERG/REINHART DEFENDANT FRONTIER
AIRLINES, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF Pursuant to Rule
36 of the Federal Rules of Civil Procedure, Defendant FRONTIER AIRLINES, INC. ("Frontier"), by
its attorneys, HINSHAW & CULBERTSON LLP, hereby serves its First Set of Requests for Admission
to Plaintiff, CHANNING HUTCHINS, to be answered within 30 days of service.

DEFINITIONS a. "You," "your," "Plaintiff," and similar references means the Plaintiff, Channing
Hutchins. b. "Incident" refers to the events and injuries as set forth in Plaintiffs' Complaint that
allegedly occurred on January 14, 2019, while boarding Frontier Airlines Flight 257 from West Palm
Beach, Florida (PBI) to Columbus, Ohio (CMH). c. "Subject flight" means Frontier Flight 257 from
West Palm Beach, Florida (PBI) to Columbus, Ohio (CMH) on January 14, 2019.

REQUESTS

1. Admit that you were the only passenger removed from the subject flight prior to takeoff from
   West Palm Beach, Florida.

ANSWER: Yes. Seemingly, Frontier Airlines Inc., determined the issue of an odor, as necessary and
hazardous, in terms of declaring injunction and law enforcement assistance, of which violates the
fourth amendment and equal protection clause, against search and seizure, but preliminarily determined
that an odor did not exist, and further declared the infringement as unnecessary.
   *"Whren v United States"*:

2. Admit that there were other passengers of diverse ethnicity, including, but not limited to,
   African American, Hispanic, and Asian, aboard the subject flight.

ANSWER: No. Unfortunately, Frontier Airlines Inc., created a very intense and stressful, threatening
environment, but recalling the diversity components on the aircraft, especially after the extended
duration of time that has passed from the date of the incident, and involvement of law enforcement
officials, altering the friendly environment into a hostile, yet threatening and at risk, occurrence that
may have caused a vulnerable black man of being wrongfully incarcerated, and beyond the temporary
confinement, or restriction of freedom, by the removal, interrogation, and escorting out of the airport
terminals beyond the temporary detention, as the law enforcement assessed and evaluated the situation
on the tarmac and terminal, breach of liberty was present, restriction of freedom, and penalized and
persecuted for a false allegation, but fear was present that propended with the history and character of
police involvements, atmospherically, situationally, racially, and violently through the usage of
excessive force, and death; However, we can confirm that the passengers seated next to me were of
Caucasian race.
   *"Harris v City of Memphis"*, and *"State v Tou Thao*

3. Admit that no other passengers of African American, Hispanic, or Asian ethnicity were removed from the subject flight prior to takeoff.

ANSWER: Yes. Solely, Frontier Airlines Inc., racially profiled and segregated the African American from the flight, unjustly and without meritorious status, and under good faith, required for this type of issue to be deterred, instead of implicitly associating race as the culprit to a problem, and administering a new policy not coherent with equal protection laws, and subjecting the Plaintiff to racial discrimination, yet violating other forms of discrimination for other parties and religions, specifically, Laws of Islam and authorized bathing purification; Any standard policy is subjected to unilateral, horizontal, bilateral, and vertical compliance, and is required to meet internal controls, uniformly and whole, removing any discriminatory conduct from each and every potential consumer; Corporations and their employees, do not have the ability to conduct a background check on every consumer to verify their religion and faith, rituals and practices, or gender and creed; Removing structural, implicit or subjective bias, regardless to features or characteristic standards as mandatory through the fourteenth amendment.

4. Admit that you were advised that your removal from the subject flight was solely the result of severe body odor.

ANSWER: No. The information communicated did not add any words of severity, yet simply projected an odor; And the law enforcement confirmed that a odor was not present, and later reaffirmed the absence of any substantial odor that shall constitute the use of their Airport Sheriff's Department, or any refusal of flight(s), and a subsequent event was not prevalent with the alternative flight with Delta Airlines, confirming the false criterion used to remove me from the aircraft, and requiring the Plaintiff to undergo, undue hazardous engagements through harassments that attributed to defamatory statements, humiliating the integrity and credibility, contributing to helplessness, vulnerability of character, background, and admissibility of trait assumptions, because of the heartless hypocrisy of Frontier Airlines Inc., failing to conform to their established policies and standards, its abuse of discretion.

5. Admit that, subsequent to your removal from the subject flight, you were provided alternate transportation to Columbus, Ohio by Frontier at no additional cost.

ANSWER: No. Unreasonably, Frontier Airlines Inc., requested for Mr. Hutchins to wait nearly a week, and potentially longer, for a alternative flight to become available with the airline, and Frontiers' airport manager, refused to accommodate a hotel until the next flight became available, and refused to pay for transportation for an alternative airport that may have offered a flight sooner; Law enforcement facilitated the booking with another airline carrier by making the direct request with Frontiers' management.
"*14 CFR § 250.5 -Amount of denied boarding compensation for passengers denied boarding involuntarily.*

6. Admit that you have not sought nor received any medical treatment for any physical or mental condition resulting from the Incident.

ANSWER: No. Unfortunately, Frontier Airlines Inc., created deepened lacerations to the anxiety symptoms that created complexities, and treatment has been ongoing since the year of 2010, due to financial constraints, not having enough money has prevented adequate treatment; Frontier Airlines Inc., has delayed resolution for these injuries to injuries.
*"When mental illness is left untreated, it can lead to long-term issues with emotional stability, behavior regulation, relationship difficulties, substance abuse, and even physical illness."*

7.  Admit that, prior to your removal from the subject flight, passengers complained that you were giving off or producing severe body odor.

ANSWER: No. Unknowingly, Frontier Airlines Inc., employees never provided those details prior to the removal of the subject flight, yet I was informed that there was a complaint about an odor later.

8.  Admit that, prior to your removal from the subject flight, passengers notified a flight attendant that you were giving off or producing severe body odor.

ANSWER: It appears that this question was inquired upon twice, but I wish that we could get to the acceptance that the deputy sheriff office confirmed that it didn't exist, and requested for the alternative transportation that you admitted to on question 5 with Delta Airlines. It didn't amount to safety and security, and shouldn't have happened.

In response to inquiry,

Mr. Channing Hutchins
Dated August 2, 2023