UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED BY _____ D.C.
SEP 25 2023
ANGELA E. NOBLE
U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

CHANNING HUTCHINS,

Plaintiff,

vs.                                              Case No.: 23-CV-80210-ROSENBERG

FRONTIER AIRLINES INCORPORATED,                  ADDITIONAL EVIDENCE

Defendant

## Exhibits

I, Mr. Channing Hutchins am submitting additional evidence to the court that reconfirms that I was cleared to fly by the airport authorities (Scenario 3, Guidance for Airport Personnel, Department of Transportation), but refused to allow reboarding of the aircraft.

Delta Airlines Corporate Security Department stated that they do not have any record of any safety issues or complaints, (Screenshot of Delta Airlines text communication), for both segments (a) Delta 926-West Palm Beach, Florida to Atlanta, Georgia and (b) Delta 2997-Atlanta, Georgia to Columbus, Ohio.

The pilot admitted to motive of myself being a suspect by commenting that Frontier Airlines staff said " I attempted to board a aircraft the prior day and was denied access," but I did not attempt to board a aircraft, nor did I speak with any Frontier Airlines staff at the airport on the January 11, 2019.

All communication was completed with the customer service department.

Atlanta Airport Police Department confirmed that there was not any file of a safety or security event on January 14, 2019, but the department was not willing to write a brief for the court.

It appears to me that the police department do not document issues unless it is a crime, as the WPI Sheriff Department failed to file a incident report about the passenger removal.

However, the guidance for passenger removal states that typically authorities are only contacted, if a passenger is uncooperative, (Scenerio 2, Guidance for Airline Personnel, Department of Transportation), and states "Removal by law enforcement generally should be reserved for situations were the passenger is disruptive, or will not comply with instructions".

They failed to maintain the Be Fair analysis. They were not comprehensive and the odor was not present, yet it was not valid reasons for removal after boarding.

They failed to consider the medical concerns, yet I don't believe that sheer sweat was bothersome.

They failed inquire to the threat correctly as comfort does not imply imminent danger.

They failed to maintain respect and remove discretely.

They failed to speak directly with me as required to speak with the passenger.

They failed to step onto the breezeway to further investigate without the authorities.

They failed to meet the necessity requirement to remove a passenger that was confirmed not valid, and illegitimate reasons to deny my right to fly, but accordingly to the guideline law enforcement shouldn't have been contacted.

It seems like these employees were out to get me by the applied motivation of the pilots comments of previously denying access of flying that asserts more than viable intention to remove the passenger and because of them not liking the way a bearded black male appears, (Scenario 2, Guidance for Airport Personnel, Department of Transportation, or not wanting to sit next to a homeless person, or a man without the courtesy carry-on bags that deems him homeless.

They failed to resolve the issue correctly and removal was not the appropriate remedy.

Injuries were created because of this and I was referred to mental health treatment (Screenshot of diagnosis) Frontier Airlines Incorporated is responsible for these injuries.

I truly require a continuance as I do not feel like myself, and I require for the court to demand that Frontier Airlines Incorporated provides the discovery information. There failure has made this case very difficult, and the uncooperativeness of every entity with providing information without having a jurisprudence designation. I request a extended delay, a much needed delay to inquire more into these new statements that weren't provided and to receive the failed disclosures from discovery during the court provided scheduling. If not, I ask that you grant summary judgement under inculpatory evidence and the Defendants failure to cooperate and produce.

Sincerely,

*[signature]*

Channing Hutchins

September 25, 2023

See how FedEx connects the world in responsible
and resourceful ways at **earthsmart.fedex.com**.
Join our efforts by recycling this FedEx bag.
© 2017 FedEx 820001 REV 5/17



Part # 156297-435 RRDB2 EXP 08/24

CASE No# 23-CV-80210-ROSENBERG

FedEx
1075 WEST PALM BEACH FL
2381 PALM BEACH LAKES BLVD
WEST PALM BEACH, FL 33409
CHANNING HUTCHINS
CLERK OF COURTS
701 CLEMATIS ST
RM 202
WEST PALM BEACH, FL
33401
(561) 803-3400 CLERK OF COURTS PAUL G ROGERS
FEDERAL BUILDING AND U.S. COURTHOUSE

 R2

FXO589961337294-589961337294



1 of 1  OTP # 107504LNJ1
Commit: 09/25 05:00 PM

TRK # 589961337294
Mstr # 589961337294

FedEx
West Palm Beach FL
(561) 478-0600
CALL WHE


1075-04LNJ-1

Channing Hutch
206.504.6072
BIN# Delivery


Print it.
Pack it.