UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CHANNING HUTCHINS                              Case No.: 23-CV-80210-ROSENBERG

    Plaintiff,

v.

FRONTIER AIRLINES, INC.; PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS; and PALM BEACH COUNTY
SHERIFF OFFICE,

    Defendants.
_____/

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), through counsel, and in further support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56, states:

### I. INTRODUCTION

Rather than rebutting Frontier's motion with arguments supported by admissible evidence as required under FRCP 56(c)(1)(A), Plaintiff's opposition instead relies on unsubstantiated speculation and conclusory, self-serving statements that are completely devoid of factual support from verified documentation, sworn testimony, or affidavits. Plaintiff's failure to present any admissible evidence to contradict or challenge the facts established by Frontier plainly shows that he cannot meet his burden under the *Douglas/Burdine* framework, and his lawsuit should be dismissed as a matter of law.

The sworn and properly cited evidence submitted in support of Frontier's motion – now unrebutted and deemed admitted under S.D. Fla. L.R. 56.1(c) – conclusively demonstrates that Plaintiff cannot procure admissible evidence to establish that Frontier engaged in overt racial

1

discrimination, or that Frontier's stated reason for removing the Plaintiff from the subject flight – his extreme body odor – was actually a pretext for racial discrimination. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media,* 140 S. Ct. 1009, 1019, 206 L. Ed. 2d 356 (2020) (a plaintiff must show that discrimination was the but-for cause for the allegedly adverse action suffered.). Therefore, summary judgment is proper as a matter of law.

## II. REPLY STATEMENT OF MATERIAL FACTS

Frontier hereby references and incorporates its Reply Statement of Material Facts pursuant to Local Rule 56.1(b)(3) as set forth herein.

## III. ARGUMENT

**A.   Plaintiff has no admissible evidence to show Frontier engaged in racial discrimination or to rebut Frontier's evidence, thus summary judgment is proper as a matter of law.**

Plaintiff has failed to affirmatively produce any admissible evidence to contradict Frontier's motion for summary judgment, and instead relies on conclusory denials of Frontier's arguments and evidence presenting in its motion. Federal law is clear that a party opposing a motion for summary judgment under FRCP 56 may not rest upon the mere allegations or denials of the adverse party's pleadings. *Burger King Corp. v. Barnes,* 1 F. Supp. 2d 1367, 1369 (S.D. Fla. 1998). The 11th Circuit has consistently and repeatedly held conclusory allegations without specific supporting facts have *no* probative value. *Leigh v. Warner Bros*., 212 F. 3d 1210, 1217 (11th Cir. 2000). *Stroud v. Bank of Am*., 886 F. Supp. 2d 1308, 1312 (S.D. Fla. 2012) (conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment). Rather, the party opposing summary judgment must come forward with specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). As such, if the record, taken as a whole, could not lead the trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id*. Similarly, the "failure of proof

concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment." *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Taken as a whole, the record in this case could never lead a trier of fact to find for the Plaintiff because Plaintiff has failed to present any evidence to establish a *prima facie* case of discrimination. See *Galarza v. Fitness Int'l LLC*, 2017 U.S. Dist. LEXIS 85373, *8 (M.D. FL 2017). However, assuming, arguendo, that he could establish a *prima facie* case of discrimination, which he cannot, Plaintiff has failed to present any evidence that Frontier's legitimate, nondiscriminatory reason for his removal (*i.e.*, offensive odor) was a pretext for unlawful discrimination. *Id*. at *9, 12.

Plaintiff failed to rebut Frontier's sworn evidence showing that racial discrimination did not occur. Under FRCP 56(e)(2) and the Local Rules of this court, this uncontested evidence should be deemed admitted for purposes of this motion. *See* S.D. Fla. L.R. 56.1(c) ("all material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Facts, provided that the Court finds that the material fact at issue is supported by properly cited record evidence").[1]

The uncontradicted record in this case shows that, for the better part of a year, Plaintiff failed to conduct any discovery or develop any evidence to support his claims of racial discrimination, and the irrelevant and inadmissible "exhibits" submitted with his motion offer nothing to substantiate his claims or refute Frontier's defenses. Federal precedent is clear that

---

[1] Plaintiff also failed to abide by several procedure requirements in the Local Rules for the Southern District of Florida. Specifically, under Local Rule 56.1(b)(2)(A)-(C), (1) the opponent's statement of material facts must not repeat the text of the movant's paragraph; (2) shall begin each response with the word "disputed" or "undisputed;" and (3) must include evidentiary citations supporting the opponent's position specific to that particular dispute if the opponent disputes the material fact. S.D. Fla. L.R. Rule 56.1(b)(2)(A)-(C).

Plaintiff's conclusory allegations and speculation have zero probative value and do not constitute admissible evidence. For these reasons, summary judgment is proper. See *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984)(the adverse action by the defendant against the plaintiff can be "for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.").

**B.    Plaintiff's request for a continuance should be denied.**

Under Rule 56(d), where the non-moving party to a motion for summary judgment shows "by affidavit or declaration" that, for specified reasons, it "cannot present facts essential to justify its opposition," the district court may delay consideration of the motion, deny the motion, allow additional time for discovery, or issue another appropriate order. Fed. R. Civ. P. 56(d). In seeking the protection of Rule 56(d), the non-movant must show that "postponement of a ruling on the motion will enable [her], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) (quotations omitted). "[V]ague assertions that additional discovery will produce needed, but unspecified facts" fail to meet this burden. *Id.*

Here, Plaintiff's request for a "continuance" to respond to Frontier's motion for summary judgment should be rejected in that (1) it was made after discovery was closed, (2) it was not made pursuant to a separate motion, (3) it is not supported by an affidavit or declaration, and (4) Plaintiff has not provided any basic support for his discrimination claim, other than conclusory statements that he lacked an opportunity to engage in any meaningful discovery. *See Outlaw v. Plantation Pipe Line Co.*, Case No. No. 21-11787, 2022 U.S. App. LEXIS 20238, *12 (11th Cir. 2022) ("[T]he district court did not abuse[] its discretion by denying what amounted to a discovery extension request three months after the close of discovery, where the requesting party took no depositions or conducted any expert discovery. The district court was well within its

discretion to deny such a request."). Plaintiff's self-serving statements do not justify a suspension of the requirements under Rule 56(d). *Smedley v. Deutsche Bank Trust Co. Ams.*, 676 Fed. Appx. 860, 863 (11th Cir. 2017) (holding that district court did not abuse its discretion in granting summary judgment in defendant's favor before close of discovery where, *inter alia*, plaintiff failed to comply with Rule 56(d)'s affidavit or declaration requirement); *see also Forbes v. Wal-Mart Stores, Inc.*, No. 17-81225-CIV, 2019 U.S. Dist. LEXIS 138947, 2019 WL 3859010, at *8 (S.D. Fla. Aug. 16, 2019) (granting summary judgment in defendant's favor without considering plaintiffs request to defer ruling under Rule 56(d) "when such a request [was] not set forward in a separate motion but [was] instead inserted into a response to summary-judgment motion.").

Even if Plaintiff's request had been proper procedurally, Plaintiff cannot demonstrate that "postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." The Court issued a case management order that permitted the parties to conduct discovery. During the discovery period, Plaintiff failed to serve initial disclosures; failed to produce documentation supporting his alleged injuries or damages; failed to issue timely discovery requests; failed to challenge Frontier's objections to his untimely discovery; failed to notice any depositions of Frontier employees or eyewitnesses; failed to appear for his own deposition, which was properly noticed; and failed to disclose any expert witnesses. Additionally, Plaintiff never sought to extend the discovery deadlines prior to the closure of all discovery. Plaintiff had an opportunity to conduct discovery but chose not to do so. Plaintiff has not demonstrated that additional discovery would yield any facts to rebut Frontier's showing of the absence of a genuine issue of fact. *Fla. Power & Light*, 893 F.2d at 1316 (quotations omitted). Therefore, his improper request for a continuance should be denied.

83545\314788372.v2

> **C.  Plaintiff's accusations regarding Frontier's actions are false misrepresentations intended to point blame away from Plaintiff.**

Plaintiff's opposition makes several demonstrably false misrepresentations in an attempt to blame Frontier and its counsel for the shortcomings in Plaintiff's lawsuit, including his opposition brief. Specifically, Plaintiff claims that Frontier failed to cooperate with discovery requests, improperly chose a mediator, and inappropriately scheduled Plaintiff's deposition.

As an initial matter, any legitimate objections Plaintiff may have had to Frontier's conduct during discovery could have – and *should* have – been brought to the Court's attention vis-à-vis a motion to compel under the Federal and local rules of civil procedure. Specifically, per S.D. Fla. L.R. 26.1(g) (2)(A), a party must submit any discovery dispute to the Court within 28 days of the dispute. S.D. Fla. L.R. 26.1(g) (2)(A)(i)-(iv). Failure to submit a discovery dispute to the Court within this time period constitutes grounds for denial of requested relief, absent a showing of good cause. S.D. Fla. L.R. 26.1(g) (2)(B). This Court has held that this policy is necessary to promote the prompt resolution of discovery disputes by requiring the parties to bring it to the court's attention. *Esteban-Garcia v. Wal-Mart Stores East LP*, Case No. 21-23831-CIV-MARTINEZ-BECERRA 2022, U.S. Dist. LEXIS 203580 at *5 (S.D. Fla. Nov. 8, 2022).

Moreover, as set forth below, each of these misrepresentations are false, unsubstantiated, and in any event, irrelevant to the summary judgment issue at hand. First, Plaintiff did not serve discovery "requests" on Frontier until August 2, 2023 - a mere two days before the close of fact discovery. The very next day, Frontier explicitly advised Plaintiff that it was not obligated to respond pursuant S.D. L.R. 26.1(d), which states that discovery requests must be served in sufficient time that the response is due on or before the discovery cut-off date. (*See* Ex. A, E-mail Correspondence with Plaintiff dated August 3, 2023). Frontier further explained that Local Rule 26.1(d) states that the failure of the party seeking discovery to comply with this requirement

eliminates the need to respond or object to the proposed discovery. (*Id.*) [2] With 30 days to respond to Requests for Admission per Federal Rule of Civil Procedure 36, Frontier's deadline would be Friday, September 1, 2023, nearly a month after the close of fact discovery and a mere four days prior to the summary judgment deadline. (*Id.*)

Second, in this same correspondence dated August 3, 2023, Frontier explained that the previously-selected mediator was unavailable until October, well beyond the deadline imposed by the Court. (*Id.*) Frontier advised Plaintiff that if he did not want to proceed with Mr. Siboni, Frontier would be amenable to a different mediator. (*Id.*) However, Plaintiff did not suggest a different mediator, and instead chose to proceed with the mediation as scheduled. (*Id.*) His assertions that Frontier had established relationships with Mr. Siboni that impacted the impartiality and fairness of the mediation are utterly false, without foundation, and the result of nothing more than Plaintiff's personal conjecture.

Finally, Frontier gave ample notice to Plaintiff of his in-person deposition. Frontier sent Plaintiff his Notice of Deposition on July 6, 2023, nearly a month before his scheduled deposition on August 3, 2023. (*See* Ex. B, E-mail to Plaintiff Dated July 6, 2023; s*ee* Ex. C, Notice of Deposition of Plaintiff). Frontier received no reply from Plaintiff. Subsequently, on July 28, 2023,

---

[2] This district and circuit has long held that, despite *pro se* status, a Plaintiff must comply with discovery orders and local rules. *See Luft v. Citigroup Mkts. Realty Corp.*, Case No: 2:11-cv-703-FtM-29CM, 2014 U.S. Dist. LEXIS 21903 at *4 (M.D. Fla. 2014) ("Plaintiff is reminded that, despite her *pro se* status, it is mandatory that she participate and cooperate in discovery, comply with the deadlines established in the Court's Scheduling Order, respond properly to motions, and proceed in accordance with the Federal and Local Rules"). *Reed v. Fulton County Gov't*, 170 Fed. Appx. 674, 676 (11th Cir. 2006) ("pro se litigants are obligated to obey discovery orders"); *Shields v. Fresh Mkt., Inc.*, Case No. 19-cv-60725-BLOOM/Valle, 2019 U.S. Dist. LEXIS 223726 at **3-4 (S.D. Fla. 2019) ("[r]egardless of Plaintiff's *pro se* status, she is still responsible for responding to discovery, prosecuting her case, complying with scheduling orders, and following the Federal Rules of Civil Procedure and the Southern District's Local Rules.")

Frontier issued an Amended Notice of Deposition, noting <u>only</u> a change to the suite in which the deposition would occur (from Suite 500 to Suite 1310). (*See* Ex. D, Amended Notice of Deposition of Plaintiff). Again, Frontier received neither a response nor objection from Plaintiff about his properly noticed deposition. In the end, it was Frontier that was prejudiced by Plaintiff's failure to cooperate with discovery, incurring costs associated with preparing for his scheduled deposition, appearing for the deposition, and contracting for the services of a court report and videographer who were required to attend the unsuccessful deposition.

In sum, Frontier has exhibited patience and professionalism in working with Plaintiff throughout the entirety of this case, while adhering to both the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida.

### IV.   **CONCLUSION**

For the reasons set forth herein, Frontier respectfully requests that this Court grants its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and issue an order dismissing Plaintiff's Complaint in its entirety and granting such other and further relief as the Court deems just and proper.

Dated: September 26, 2023            Respectfully submitted,

/s/ *Steven D. Lehner*

Steven D. Lehner
Florida Bar No. 39373
HINSHAW & CULBERTSON LLP
100 South Ashley Drive, Suite 1310
Tampa, Florida 33602
Phone: 813-868-8850
Fax: 813-276-1956
E-mail: slehner@hinshawlaw.com
&

Brian T. Maye
(admitted *pro hac vice*)

Brittany N. Christianson
(admitted *pro hac vice*)
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
Phone: (312) 704-3000
Fax: (312) 704-3001
E-mail: bmaye@hinshawlaw.com

*Counsel for Frontier Airlines, Inc.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Plaintiff, Channing L Hutchins, channinghutchins@outlook.com.

*s/ Steven D. Lehner*
Steven D. Lehner
Florida Bar No. 39373
slehner@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 1310
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956
Secondary:
mmatthews@hinshawlaw.com
hbrown@hinshawlaw.com
*Counsel for Frontier Airlines, Inc.*