UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CHANNING HUTCHINS                                    Case No.: 23-CV-80210-ROSENBERG

    Plaintiff,
v.

FRONTIER AIRLINES, INC.; PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS; and PALM BEACH COUNTY
SHERIFF OFFICE,

    Defendants.
_____/

# DEFENDANT FRONTIER AIRLINES, INC.'S REPLY STATEMENT OF MATERIAL FACTS

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), through counsel, submits its Reply Statement of Material Fact pursuant to Local Rule for the Southern District of Florida ("S.D. Fla. L.R.") 56.1(b)(3):

    1.    Undisputed.

    2.    Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 2 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. B at p. 2). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 2 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 2 should be deemed admitted as true based on the evidentiary support cited therein.

    3.    Disputed.  Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 3 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides

no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*.). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 3 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 3 should be deemed admitted as true based on the evidentiary support cited therein.

4. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 4 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*.). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 4 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 4 should be deemed admitted as true based on the evidentiary support cited therein.

5. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 5 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*.). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 5 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 5 should be deemed admitted as true based on the evidentiary support cited therein.

6. Undisputed.

7. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 7 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn

speculation and conclusory allegations. (*Id*. at p. 3). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 7 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 7 should be deemed admitted as true based on the evidentiary support cited therein.

8. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 8 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*.). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 8 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 8 should be deemed admitted as true based on the evidentiary support cited therein.

9. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 9 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at pp. 16-17; 20-22). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 9 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 9 should be deemed admitted as true based on the evidentiary support cited therein.

10. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 10 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at 22). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 10 contains impertinent and non-responsive material, that material

should be stricken, and Frontier's Statement of Material Fact No. 10 should be deemed admitted as true based on the evidentiary support cited therein.

11. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 11 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at 15). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 11 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 11 should be deemed admitted as true based on the evidentiary support cited therein.

12. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 12 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. C at ¶ 5). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 12 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 12 should be deemed admitted as true based on the evidentiary support cited therein.

13. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 13 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at ¶ 8). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 13 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 13 should be deemed admitted as true based on the evidentiary support cited therein.

14. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 14 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at ¶ 6). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 14 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 14 should be deemed admitted as true based on the evidentiary support cited therein.

15. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 15 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at ¶ 10). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 15 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 15 should be deemed admitted as true based on the evidentiary support cited therein.

16. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 16 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. D at ¶¶ 4-5). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 16 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 16 should be deemed admitted as true based on the evidentiary support cited therein.

17. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 17 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides

no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at ¶ 6). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 17 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 17 should be deemed admitted as true based on the evidentiary support cited therein.

18.     Disputed.  Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 18 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. E at ¶¶ 3-4). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 18 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 18 should be deemed admitted as true based on the evidentiary support cited therein.

19.     Disputed.  Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 19 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at ¶ 5). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 19 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 19 should be deemed admitted as true based on the evidentiary support cited therein.

20.     Disputed.  Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 20 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at ¶¶ 6-7). To the extent Plaintiff's response to

Frontier's Statement of Material Fact No. 20 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 20 should be deemed admitted as true based on the evidentiary support cited therein.

21.     Disputed.  Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 21 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at ¶ 8). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 21 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 21 should be deemed admitted as true based on the evidentiary support cited therein.

22.     Disputed.  Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 22 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at ¶¶ 6,9). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 22 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 22 should be deemed admitted as true based on the evidentiary support cited therein.

23.     Disputed.  Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 23 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 36 at p. 2). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 23 contains impertinent and non-responsive material,

that material should be stricken, and Frontier's Statement of Material Fact No. 23 should be deemed admitted as true based on the evidentiary support cited therein.

24. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 24 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. F at ¶ 5). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 24 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 24 should be deemed admitted as true based on the evidentiary support cited therein.

25. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 25 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at ¶ 4). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 25 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 25 should be deemed admitted as true based on the evidentiary support cited therein.

26. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 26 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. G at ¶ 4). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 26 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 26 should be deemed admitted as true based on the evidentiary support cited therein.

27. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 27 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*Id*. at ¶ 5). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 27 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 27 should be deemed admitted as true based on the evidentiary support cited therein.

28. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 28 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. C. at ¶ 9). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 28 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 28 should be deemed admitted as true based on the evidentiary support cited therein.

29. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 29 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. F at ¶¶ 6-7; D.E. No. 50, Ex. G at ¶¶ 6-7; D.E. No. 50, Ex. D at ¶ 6). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 29 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 29 should be deemed admitted as true based on the evidentiary support cited therein.

30. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 30 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. C. at ¶ 7). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 30 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 30 should be deemed admitted as true based on the evidentiary support cited therein.

31. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 31 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. F at ¶ 6; D.E. No. 50, Ex. G at ¶ 6). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 31 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 31 should be deemed admitted as true based on the evidentiary support cited therein.

32. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 32 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. F at ¶¶ 7-8; D.E. No. 50, Ex. G at ¶ 7). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 32 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 32 should be deemed admitted as true based on the evidentiary support cited therein.

33. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 33 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. G at ¶ 8). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 33 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 33 should be deemed admitted as true based on the evidentiary support cited therein.

34. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 34 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. F at ¶ 9; D.E. No. 50, Ex. G at ¶ 9). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 34 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 34 should be deemed admitted as true based on the evidentiary support cited therein.

35. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 35 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. F at ¶ 7). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 35 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 35 should be deemed admitted as true based on the evidentiary support cited therein.

36. Disputed. Plaintiff presents no admissible evidence to refute Frontier's Statement of Material Fact No. 36 pursuant to S.D. Fla. L.R. 56.1(b)(2)(B)-(C). Plaintiff additionally provides no admissible or relevant evidence to support his contentions, and relies solely on unsworn speculation and conclusory allegations. (*See* D.E. No. 50, Ex. H at p. 5). To the extent Plaintiff's response to Frontier's Statement of Material Fact No. 36 contains impertinent and non-responsive material, that material should be stricken, and Frontier's Statement of Material Fact No. 36 should be deemed admitted as true based on the evidentiary support cited therein.

Dated: September 26, 2023                Respectfully submitted,

/s/ *Steven D. Lehner*

Steven D. Lehner
Florida Bar No. 39373
HINSHAW & CULBERTSON LLP
100 South Ashley Drive, Suite 1310
Tampa, Florida 33602
Phone: 813-868-8850
Fax: 813-276-1956
E-mail: slehner@hinshawlaw.com
&

Brian T. Maye
(admitted *pro hac vice*)
Brittany N. Christianson
(admitted *pro hac vice*)
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
Phone: (312) 704-3000
Fax: (312) 704-3001
E-mail: bmaye@hinshawlaw.com

*Counsel for Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Plaintiff, Channing L Hutchins, channinghutchins@outlook.com.

*s/ Steven D. Lehner*
Steven D. Lehner
Florida Bar No. 39373
slehner@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 1310
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956
Secondary:
mmatthews@hinshawlaw.com
hbrown@hinshawlaw.com
*Counsel for Frontier Airlines, Inc.*