# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

CHANNING HUTCHINS          Case No.: 23-CV-80210-RLR

    Plaintiff,

v.

FRONTIER AIRLINES, INC.; PALM
BEACH COUNTIES DEPARTMENT OF
AIRPORTS; and PALM BEACH COUNTY
SHERIFF OFFICE,

    Defendants.

_____/

## FRONTIER'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), through counsel, and in opposition to Plaintiff's Motion for Court-Appointed Counsel (Doc. 59) states as follows:

### I. INTRODUCTION

The instant action was commenced by *pro se* Plaintiff, Channing Hutchins, for injuries he claims to have sustained when he was denied transportation on, and deplaned from, Frontier flight 257 ("subject flight") scheduled to depart from Palm Beach, Florida (PBI) on January 14, 2019. Plaintiff contends that his removal constituted racial discrimination pursuant to 42 U.S.C. § 1981.

1

Frontier filed its Motion for Summary Judgment on September 5, 2023. (*See* Doc. 49). On October 13, 2023 this Court granted Frontier's Motion for Summary Judgement and an Order of Final Judgment was subsequently entered on October 23, 2023. (*See* Doc. 56, Doc. 57). Plaintiff proceeded to File a Notice of Appeal in this Court on November 6, 2023, alleging that "the Judge has ruled in a legal mistake and violated Plaintiffs [*sic*] constitutional rights" and that "[t]here are errors in due process and procedures that alternatively favored the Plaintiff." (*See* Doc. 58).

In this Notice, Plaintiff once *again* requests court-appointed counsel. This request must be denied.[1] Of significance, Plaintiff previously requested court-appointed counsel in March 2023. (*See* Doc. 22). However, this Court denied such request on April 10, 2023, noting that a plaintiff in a civil case has no constitutional right to counsel; instead, counsel in a civil case is only appointed if justified by exceptional circumstances. (*See* Doc. 28). This Court found no exceptional circumstances were present in the instant matter, and as such, the request was denied.

There are simply no exceptional circumstances present here to justify the appointment of counsel at this juncture and Plaintiff provides no justification for his request. Plaintiff has prosecuted and presented his case by himself since January

---

[1] Frontier also notes that Plaintiff's request may be procedurally improper. As stated in *Anderson v. Furlow*, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." *Anderson v. Furlow*, No. 5:15-cv-185-Oc-10PRL, 2018 U.S. Dist. LEXIS 231509, at *1 (M.D. Fla. Nov. 21, 2018) (quoting *U.S. v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995).

2023 – preparing, filing and opposing numerous motions, responding to and propounding written discovery, conferring with counsel at court-mandated planning and discovery conferences, engaging counsel in settlement discussions, participating in mediation before a third-party mediator, and now, preparing and filing his timely Notice of Appeal. Plaintiff has demonstrated his ability to comply with Court rules, draft motions, and communicate with defense counsel such that his request should be denied.

## II. ARGUMENT

**A.  Court-appointed counsel in a civil case is only justified where exceptional circumstances exist. No exceptional circumstances apply here.**

Federal courts have repeatedly held that appointment of counsel is not a constitutional right. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Rather, "it is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id*. In determining whether exceptional circumstances exist, the court will consider: (1) the type and complexity of the case; (2) whether the person is capable of adequately presenting his case; (3) whether the person is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Johnson v. City of Miami Beach*, No. 20-10834-E, 2020 U.S. App. LEXIS 15533, at **2-4 (11th Cir. May 14, 2020). Put simply, "the key is

whether the *pro se* party needs help presenting the essential merits of his position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Despite Plaintiff's renewed request for court-appointed counsel, there has been no significant change of the surrounding circumstances such that his request should be granted. Plaintiff has continued to prosecute this action for the past 11 months in both Florida state and federal court. Moreover, "the facts of the case are not complex nor is the procedure of the case complex" and this appeal stems "[f]rom the grant of summary judgment [which] involves purely legal issues and will not involve conflicting testimony or evidence." *Kidwell v. Wagoner*, No. 2:09-cv-108-FtM-36DNF, 2011 U.S. Dist. LEXIS 161865 at *4 (M.D. Fla. Feb. 11, 2011) (motion for appointment of counsel denied); *Johnson*, No. 20-10834-E, 2020 U.S. App. LEXIS 15533 at *4 (motion by incarcerated *pro se* plaintiff for appointment of counsel denied). In fact, Plaintiff's tasks in the district court, including written and oral discovery, expert witnesses, mediation, and ongoing deadlines were far more extensive than the limited parameters of this appeal. As such, Plaintiff's request for court-appointed counsel should be denied.

## III.   CONCLUSION

WHEREFORE Defendant FRONTIER AIRLINES, INC. respectfully requests this Court deny Plaintiff's Motion for Court-Appointed Counsel and grant any such other and further relief as the Court deems just and proper.

Dated: November 17, 2023               Respectfully submitted,

/s/ *Brian T. Maye*

Brian T. Maye (admitted *pro hac vice*)
Brittany N. Christianson
(admitted *pro hac vice*)
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
Phone: (312) 704-3000
Fax: (312) 704-3001
E-mail: bmaye@hinshawlaw.com

&

Steven D. Lehner
Florida Bar No. 39373
HINSHAW & CULBERTSON LLP
100 South Ashley Drive, Suite 1310
Tampa, Florida 33602
Phone: 813-868-8850
Fax: 813-436-8738
E-mail: slehner@hinshawlaw.com

*Counsel for Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Steven D. Lehner*

Steven D. Lehner
HINSHAW & CULBERTSON LLP
100 South Ashley Drive
Suite 1310
Tampa, Florida 33602
Telephone: 813-868-8850
Facsimile: 813-436-8738
slehner@hinshawlaw.com