UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80210-RLR/BER

CHANNING L. HUTCHINS,

        Plaintiff,

vs.

FRONTIER AIRLINES, INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR COSTS (ECF No. 65)

Having prevailed against Plaintiff Hutchins's claims of discrimination (ECF Nos. 56, 57), Defendant now moves to tax costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. ECF No. 65. Mr. Hutchins, acting *pro se* throughout this litigation, opposes the taxation of any costs. ECF Nos. 68, 70. Judge Rosenberg referred this motion to me for appropriate disposition. ECF No. 66. For the reasons that follow, I RECOMMEND that Defendant's motion for costs be GRANTED IN PART and DENIED IN PART.

### LEGAL PRINCIPLES

Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, this presumption is not without limits, and courts may only tax costs as authorized by statute. *See U.S. EEOC v. W&O, Inc.*, 213

F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441–42. This section provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

It is well settled that Section 1920 should be narrowly construed. *West v. Zacharzewski*, No. 18-14156-CIV, 2019 WL 2567665, at *1 (S.D. Fla. May 29, 2019) (J. Maynard) (collecting cases). The party seeking to tax costs must justify its request with specific evidence:

> The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court.

*McKenzie v. Lindstrom Air Conditioning, Inc.,* No. 08-61378-CIV, 2010 WL 11505840, at *5 (S.D. Fla. Aug. 6, 2010) (emphasis added) (citing *See Lee v. American Eagle Airlines, Inc.,* 93 F.Supp.2d 1322, 1335 (S.D. Fla. 2000) (movant "bears the burden of submitting a request for expenses that would enable the court to determine what expenses were incurred and whether Plaintiff is entitled to them") (citing *Loranger v. Stierheim,* 10 F.3d 776, 784 (11th Cir. 1994)). The movant should justify its costs by adequately describing the necessity of the services provided and their relationship to the case. *See Davis v. Commercial Union Ins. Co.,* 892 F.2d 378, 385 (5th Cir. 1990) (ruling that the district court did not abuse its discretion in denying costs where "the affidavit in support of the motion for costs 'fail[ed] to set out with sufficient particularity [the expenditures] in order for the Court to determine the reasonableness' of the costs."). Indeed, failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts, etc.) can be grounds for denial of costs. *See Johnson v. Mortham,* 173 F.R.D. 313, 318 (N.D. Fla. 1997).

The Court retains discretion to decline to award some or all of the prevailing party's costs. *Campbell v. Rainbow City, Alabama,* 209 Fed. Appx. 873, 875 (11th Cir. 2006). But, "a 'persuasive reason'" is required. *Friends of Everglades v. S. Florida Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1165 (S.D. Fla. 2011) (J. Altonaga) (citing 10 Charles Alan Wright, et al., Federal Practice and Procedure § 2668 (3d ed. 1998)).

## DISCUSSION

Defendant's motion seeks $1,480.80 in costs. ECF No. 65. The Bill of Costs form attached to Defendant's motion lumps this amount into one category, "Other Costs." ECF No. 65-1 at 1. But, Defendant's motion categorizes the costs as follows:

| | |
|---|---|
| Filing Fees | $ 200.00 |
| Deposition Fees | $1,280.80 |

Defendant's motion does not provide any explanation or justification for the $200 filing fee. A footnote appended to the category "Filing Fees" says "*See* Ex. D." ECF No. 65 at 2, n.3. An unmarked exhibit attached to the motion is a receipt from the Clerk of the Court for $200 on August 1, 2023. The receipt does not provide any description or reason the fee was paid. A search of the docket reveals that Defendant paid filing fees of $200 for each of the two attorneys for whom it sought *pro hac vice* admission, one of which was paid on August 1, 2023. ECF Nos. 16, 45. Assuming this is the filing fee Defendant seeks to recover, it is well settled that fees for temporary admission to the bar of the court "are not recoverable under Section 1920 as 'Fees of the clerk.'" *Bridgehead Container Servs. Ltd. v. Dones*, No. 17-23941-CIV, 2020 WL 11421219, at *2 (S.D. Fla. June 26, 2020) (citing *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459–60 (M.D. Ala. 1997), aff'd sub nom. *Eagle Ins. v. Johnson*, 162 F.3d 98 (11th Cir. 1998). *See also Wreal, LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2019 WL 12278758, at *3 (S.D. Fla. Dec. 26, 2019), report and recommendation adopted, No. 14-21385-CIV, 2020 WL 9551978 (S.D. Fla. Jan. 15, 2020). Therefore, Defendant's request for reimbursement of a $200 filing fee should be denied.

In support of the deposition fees sought, Defendant's motion attaches two invoices from the same company which indicate that Mr. Hutchins failed to appear for a deposition on August 3, 2023.  ECF No. 65-2, 65-3.  The first invoice charges $571.80 and includes three entries as follows:

| | |
|---|---|
| Channing Hutchins – No Show | $311.80 |
| Certificate of Nonappearance | $255.00 |
| Shipping and Handling | $ 35.00 |

The second invoice charges $709.00 and states "Channing Hutchins – Video – No Show."  It also includes an entry which states "3.00 hours @ $75.00/hour."  The two invoices bear different invoice numbers, but reflect the same invoice date and job number.

"Certificates of non-appearance are taxable so long as the deposition in question was necessary." *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL 8402872, at *6 (S.D. Fla. July 29, 2019), report and recommendation adopted, No. 9:17-CV-80286, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019), aff'd, 823 F. App'x 923 (11th Cir. 2020).  Here, I find that Mr. Hutchins's deposition was necessary and so the court reporter's fee for preparing the certificate of non-appearance is compensable. *See Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013).  However, Defendant offers no explanation for the remaining charges associated with Mr. Hutchins's non-appearance, and therefore, I find that Defendant's recovery should be limited to the $255.00 fee for the stenographer's preparation of the certificate. *See Maranon v. Scottsdale Ins. Co.*, No. 1:21-CV-21785-

KMM, 2022 WL 18401952, at *3 (S.D. Fla. Nov. 21, 2022) (awarding $135.00 per certificate of non-appearance), report and recommendation adopted, No. 1:21-CV-21785-KMM, 2023 WL 356159 (S.D. Fla. Jan. 23, 2023).[1]

## RECOMMENDATION

Accordingly, I **RECOMMEND** that Defendant's Motion for Costs (ECF No. 65) be **GRANTED IN PART AND DENIED IN PART** and that the District Court tax $255.00 in costs pursuant to 28 U.S.C. § 1920.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

---

[1] In particular, Defendant does not explain why it was necessary to obtain both a transcript and a videotape of Mr. Hutchins's deposition and so costs associated with the video component should be denied. *See Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176-CIV, 2023 WL 2140476, at *4 (S.D. Fla. Feb. 2, 2023), report and recommendation adopted sub nom. *De Fernandez v. Seaboard Marine, Ltd.*, No. 20-CV-25176, 2023 WL 2137410 (S.D. Fla. Feb. 21, 2023).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers this 4th day of January, 2024, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE